UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FELIPE ROBLES VASQUEZ p/k/a RALDY
VASQUEZ and CAMPESINO ENTERTAINMENT        06 Civ.        (   )
GROUP,

                        Plaintiffs,

                                   Complaint
   -against-


FERNANDO TORRES NEGRON, TOMARA
SOSA-PASCUAL and JULIO DE LA
ROSA-RIVE,

                        Defendants.
------------------------------------X

    Felipe Robles Vasquez p/k/a Raldy Vasquez and Campesino Entertainment Group, Inc., as and for their Complaint, state and allege:

### The Parties

    1.  Felipe Robles Vasquez p/k/a Raldy Vasquez ("Vasquez") is an individual residing in Santo Domingo, Dominican Republic.

    2.  Campesino Entertainment Group, Inc. ("Campesino") is a corporation organized and existing under the laws of the State of New York with offices in Pomona, New York and is engaged in the business of exploiting sound recordings and musical compositions.

    3.  Fernando Torres Negron ("Torres") is an individual residing in Aibonito, Puerto Rico.

1

4. Tamara Sosa Pascual ("Pascual") is an individual residing in Puerto Rico and an attorney admitted to practice law in Puerto Rico.

5. Julio A. De la Rosa-Rive ("Rive") is an individual residing in Puerto Rico and an attorney admitted to practice law in Puerto Rico.

### Jurisdiction and Venue

6. Jurisdiction of this action is founded upon 28 U.S.C. §1331 and §1338(a).

7. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

8. Venue of the claims in this action is founded upon 28 U.S.C. §1391(b) and §1400(a).

### Count I

9. Plaintiff Vasquez composed the words and music to a musical composition entitled "Nena Linda" in 1992.

10. Nena Linda was released commercially on the phonorecord entitled "Comercial" in 1993.

11. Comercial was sold and distributed in the Dominican Republic and Puerto Rico.

12. Plaintiff Vasquez has properly registered words and music of the musical composition entitled "Nena Linda" ("Nena Linda") with the United States Copyright Office.

13. Plaintiff Vasquez has complied in all respects with the registration and deposit requirements of the United States Copyright Act with respect to "Nena Linda".

14. Plaintiff Vasquez has been issued United States Certificate of Registration of Copyright PA 1-267-305 which includes the musical composition entitled "Nena Linda".

15. Plaintiff Vasquez did not grant any rights, title or interest in and to "Nena Linda" to Defendants Torres, Pascual and/or Rive.

16. Plaintiff Vasquez did not grant any rights, title or interest to Defendants Torres, Pascual and/or Rive to exploit or use "Nena Linda" or any portion thereof in any manner or by any means.

17. Plaintiff Vasquez did not grant any rights, title or interest in and to "Nena Linda" to Defendants Torres, Pascual and/or Rive to administer "Nena Linda".

18. Plaintiff Vasquez did not grant any rights, title or interest to Defendants Torres, Pascual and/or Rive to collect any money or royalties due to or resulting from the use and/or exploitation of "Nena Linda" or any portion thereof.

19. Plaintiff Vasquez did not grant any rights, title or

interest to Defendants Torres, Pascual and/or Rive to license or grant licenses or authorizations to third parties to use or exploit "Nena Linda" or any portion thereof.

20. Defendant Torres alleges that he composed a song entitled "Noche de Fiesta" in two pending actions in the United States District Court for the District of Puerto Rico entitled: <u>Fernando Torres-Negron v. Antonio L. Rivera-Lopez, et. al.</u>, 02 Civ. 1728 (HL) (D. Puerto Rico) ("2002 Action") and <u>Fernando Torres-Negron v. J&N Publishing, et. al.</u>, 05 Civ. 1216 (JAG) (D. Puerto Rico) ("2005 Action") (collectively hereafter "Puerto Rican Actions").

21. In the Puerto Rican Actions, Defendant Torres alleges that he copyrighted "Noche de Fiesta" on January 31, 2002 and was issued Copyright Certificate of Registration No. Pau 2-624-261 covering "Noche de Fiesta" ("Noche de Fiesta").

22. According to discovery in the 2002 Action, Pascual prepared and filed Torres' application for copyright registration of "Noche de Fiesta".

23. According to discovery in the 2002 Action, the Copyright Certificate covering "Noche de Fiesta" lists Torres as the sole author of the words and music.

24. Torres and Pascual did not notify or advise the Copyright Office that the rhythm and music of "Noche de Fiesta" was based upon "Nena Linda" and that Torres did not have the

4

authority, consent or permission of the author of "Nena Linda" to use any portion of "Nena Linda".

25. In the Puerto Rican Actions, Defendant Torres seeks damages and equitable relief as alleged author and copyright owner of "Noche de Fiesta".

26. During his oral deposition in the 2002 Action, Defendant Torres testified that prior to writing the words to "Noche de Fiesta", Ruben Canuelas, a neighbor, provided him with a cassette of a musical group of a recording of a musical composition ("Cassette") and that Ruben Canuelas told him to write the words that would carry the tune and the same rhythm of the song on the Cassette.

27. During that oral deposition in the 2002 Action, Defendant Torres testified that he listened to the Cassette prior to writing "Noche de Fiesta".

28. To date, during the course of the Puerto Rican Actions, Defendant Torres has not identified or disclosed the title of the song he listened to prior to allegedly writing "Noche de Fiesta".

29. To date, during the course of the Puerto Rican Actions, Defendant Torres has not identified or disclosed the name of the author of the song he listened to prior to allegedly writing "Noche de Fiesta".

30. Based upon discovery in the 2002 Action, "Noche de Fiesta" was commercially released by Centro Records in 1993 and

distributed and sold by Luis Rivera Distributors in Puerto Rico on a record entitled Bailando y Gozando con...Gozadera ("Bailando y Gozando").

31. Defendant Torres was credited as the sole author of "Noche de Fiesta" on Bailando y Gozando.

32. In the 2002 Action, Defendant Torres testified in his deposition that he obtained a copy of Bailando y Gozando shortly after it was released.

33. In the 2002 Action, Defendant Torres alleges that in 1994 he became a member of the American Society of Composers, Artists and Publishers ("ASCAP"), a performing rights society, that collects and pays royalties to composers and music publishers from public performances of musical compositions.

34. ASCAP is located in New York City, New York.

35. In discovery in the 2002 Action, Defendant Torres produced ASCAP statements showing that he was paid performance royalties by ASCAP on "Noche de Fiesta".

36. In his oral deposition in the 2002 Action, Defendant Torres testified that he received two checks for royalties in the sum of $450.

37. The copies of these checks produced in discovery in the 2002 Action indicate that the checks are for "Noche de Fiesta".

38. Upon information and belief, in 2005, Defendant Torres settled his claims against EMI-Latin in the 2002 Action for

6

allegedly using or exploiting "Noche de Fiesta" on a recording entitled "Merenhits '94" for a sum of money that exceeds $75,000.

39. In 2005, by written agreement with Vasquez, Campesino became the exclusive world wide administrator of the musical composition and sound recording of "Nena Linda" ("Nena Linda Agreement").

40. Under the Nena Linda Agreement, Campesino is authorized exclusively to license "Nena Linda" and to collect all money and royalties earned, generated or produced by the use and exploitation of "Nena Linda" in return for a fee.

41. Under the Nena Linda Agreement, Campesino is authorized to commence and maintain legal actions and proceedings to enforce the copyright in "Nena Linda" and to collect money and royalties from the use or exploitation of "Nena Linda".

42. Pascual and Rive are Torres' attorneys of record in the Puerto Rican Actions.

43. Upon information and belief, the music and rhythm of "Noche de Fiesta" contained on the recordings entitled Bailando y Gozando and Merenhits '94 is taken from and based upon "Nena Linda".

44. Upon information and belief, "Noche de Fiesta" infringes on "Nena Linda".

45. Upon information and belief, Defendant Torres' exploitation of "Noche de Fiesta" infringes upon and violates

7

Vasquez's rights as a copyright owner in and to "Nena Linda".

46. Upon information and belief, Defendant Torres' registration of United States Copyright in and to "Noche de Fiesta" infringes and violates Vasquez's rights as a copyright owner in and to "Nena Linda".

47. Upon information and belief, Defendant Torres' Puerto Rican Actions seeking to collect damages for copyright infringement of "Noche de Fiesta" violate Vasquez's rights as a copyright owner in and to "Nena Linda".

48. Upon information and belief, all sums obtained or received by or paid to Defendant Torres' based upon the use or exploitation of "Noche de Fiesta" infringe upon and violate Vasquez's rights as a copyright owner in and to "Nena Linda".

49. Upon information and belief, Pascual and Rive, have contributed to Torres' alleged infringements of "Nena Linda" by causing or materially contributing to Torres' infringing conduct.

50. Upon information and belief, Pascual and Rive have profited by Torres' alleged infringements while declining to exercise any right to stop or limit such alleged infringements.

51. Prior to commencement of this action, Plaintiff Vasquez has notified Defendants of his rights in "Nena Linda" and provided Defendants with a copy of his United States copyright registration covering "Nena Linda" and a copy of a recording containing "Nena Linda".

52. After such notice, Defendants have continued to infringe upon Vasquez's copyright in and to "Nena Linda".

53. Upon information and belief, Defendants' acts were and are intentional and willful acts of copyright infringement.

54. As a result of the foregoing, Plaintiffs have suffered and will continue to suffer irreparable injury and damages.

55. By reason of the foregoing, Plaintiffs are entitled to declaratory judgment invalidating and cancelling Torres's copyright registration of "Noche de Fiesta", equitable relief and damages.

WHEREFORE, Plaintiffs demand judgment against all Defendants jointly and severally as follows:

(a) Declaring United States Copyright Registration Pau 2-624-261 ineffective, invalid, annulled, cancelled and void with respect to the work entitled "Noche de Fiesta".

(b) Ordering and directing the Register of Copyrights and Copyright Office to annul and cancel United States Copyright Registration Pau 2-624-261 with respect to the work entitled "Noche de Fiesta".

(c) Declaring that Torres is not the author of the work entitled "Noche de Fiesta".

(d) Permanently enjoining Defendants, their agents,

representatives, servants, employees, attorneys, attorneys in fact and all persons and entities of any nature acting or purporting to act on their individual or collective behalf from infringing Plaintiff Vasquez's copyright in and to "Nena Linda" in any manner.

(e) Permanently enjoining Defendants, their agents, representatives, servants, employees, attorneys, attorneys in fact and all persons and entities of any nature acting or purporting to act on their individual or collective behalf from instituting, maintaining, continuing and/or prosecuting any action or proceeding of any nature in any court and/or tribunal to allege, assert, claim, defend and/or enforce any rights, title or interest in and to "Noche de Fiesta" in any manner.

(f) Permanently enjoining Torres, his agents, representatives, servants, employees, attorneys, attorneys in fact and all persons and entities of any nature acting or purporting to act on his behalf from alleging, asserting and/or claiming credit or acknowledgment as author and/or composer of "Noche de Fiesta" in any manner.

(g) Awarding Plaintiffs the actual damages and all profits attributable to Defendants' infringements in "Nena Linda" pursuant to 17 U.S.C. §504(b).

(h) Awarding Plaintiffs statutory damages pursuant to 17 U.S.C. §504(c), including damages for wilful infringement, based

upon Defendants' infringements of "Nena Linda".

(i) Ordering and directing each of the Defendants to account to Plaintiffs for all gains and profits derived by Defendants from the infringements of Plaintiff Vazquez's copyright in "Nena Linda".

(j) Awarding punitive damages according to proof as a result of Defendants' intentional and wilfull infringements of Plaintiff Vasquez's copyright in and to "Nena Linda".

(k) Awarding the costs and disbursements of this action.

(l) Awarding attorney's fees.

(m) Awarding and granting such other and further relief as may be just and proper.

Dated: New York, New York

January 25 2006

Borstein & Sheinbaum
Attorneys For Plaintiffs

By: /s/ James B. Sheinbaum
James B. Sheinbaum (JS 0291)

420 Lexington Avenue
Suite 2920
New York, New York 10170
(212) 687-1600

11