**Bennett, Giuliano, McDonnell & Perrone, LLP**
**Attorneys for Defendants**
**225 West 34th Street, Suite 402**
**New York, New York 10122**
**Telephone:     (646) 328-0120**
**Fax:             (646) 328-0121**
**William R. Bennett, III (WB 1383)**


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
FELIPE ROBLES VÁSQUEZ p/k/a RALDY
VÁSQUEZ and CAMPESINO MUSIC
ENTERTAINMENT GROUP, INC.,

                          Plaintiffs,                                    NO. 06 CV 0619 (Mc Mahon)

            -against-

FERNANDO TORRES NEGRÓN,
TAMARA SOSA-PASCUAL and
JULIO DE LA ROSA-RIVE,

                          Defendants.
--------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
**THE COMPLAINT ON THE GROUNDS THAT (1) THE COURT LACKS**
**PERSONAL JURISDICTION OVER THE REMAINING DEFENDANT PURSUANT**
**TO FED. R. CIV. P. RULE 12(b)(2); (2) THAT VENUE IS IMPROPER PURSUANT TO**
**FED. R. CIV. P. RULE 12(b)(3); AND, (3) FOR FAILURE TO STATE A CLAIM UPON**
**WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. RULE 12 (b)(6)**


        Plaintiffs voluntarily dismissed the claim brought against defendants Tamara Sosa-

Pascual and Julio De La Rosa Rivé.  This motion is being made by the remaining defendant, Mr.

Fernando Torres- Negrón.

        Fernando Torres-Negrón, through his undersigned counsel, submit this Memorandum of

Law in support of his motion to dismiss the Complaint on the grounds that: (1) pursuant to Fed.

1

R. Civ. P Rule 12 (b)(2) the Court lacks jurisdiction over him; (2) pursuant to Fed. R. Civ. P Rule 12 (b)(3) venue is improper; and, (3) pursuant to Fed. R. Civ. P Rule 12 (b)(6) the Complaint fails to state a cause of action upon which relief can be granted.

### Preliminary Statement

The action at bar is a copyright infringement suit intimately related to two copyright infringement actions that were commenced by Mr. Torres-Negrón in 2002 in the District Court for the District of Puerto Rico (*"the Puerto Rico Actions"*). This action, however, was filed nearly 4 years later in New York. The defendant is not a resident of New York and has no contacts with this forum that would justify jurisdiction over him, and none of the events alleged in the Complaint occurred in New York. In addition, the issues raised by the instant action have already been decided in *the Puerto Rico Actions*. In fact, on February 21, 2006 a jury returned a verdict in favor of Mr. Torres- Negrón.

### Facts

Defendant Fernando Torres-Negrón is a lifetime resident of Puerto Rico. (See accompanying Affidavit of Fernando Torres- Negrón ¶ 1 and 2 hereinafter referred to as Torres-Negrón Aff.) He does not, and never did, maintain an office, residence, bank account, or P.O. Box in the State of New York. (Torres- Negrón Aff. at ¶ 3.) He does not, and never did, own any real estate in New York. (Torres- Negrón Aff. at ¶ 4.) He has never had any asset in New York. (Torres- Negrón Aff. at ¶ 5.) He does not, and never did, transact any business in New York. (Torres- Negrón Aff. at ¶ 6.)

### 1. The Puerto Rico Actions

In 2002, Defendant Fernando Torres-Negrón commenced an action in the United States District Court for the District of Puerto Rico against Antonio Rivera and others for copyright

infringement in a matter entitled <u>Fernando Torres- Negrón v. Antonio Rivera, et al, Civ No. 02-1728 (HL) Civ. No. 02-1729(HL)</u>( the "*Puerto Rico Action*"). That matter was tried to a jury for seven (7) days, and on February 21, 2006, the jury returned a verdict in favor of Mr. Torres-Negrón.  (Negrón Aff. ¶ 7.)  (See accompanying Affirmation of William R. Bennett, Exhibit A hereinafter referred to as "Bennett Aff.".)

On January 25, 2006, after four years of extremely contentious copyright litigation and a week before trial in *the Puerto Rico Actions*, the defendants in *the Puerto Rico Actions* filed the instant action.

On February 2, 2006, during the second day of trial in *the Puerto Rico Actions,* plaintiff in this action Mr. Vásquez, testified that he composed versions of the song "Nena Linda." Mr. Vásquez further testified that Mr. Torres-Negrón copied significant elements of the underlying melody of "Nena Linda" when he composed the song at issue in *the Puerto Rico Actions*. Mr. Vásquez brought the same contention before the Court and the jury in *the Puerto Rico Actions* with no success. The trial in *the Puerto Rico Actions* ended on February 22, 2006 in favor of Mr. Torres-Negrón. (Bennett Aff. Exh. A). Specifically, the jury decided on the issue of originality of the words and music of the song "Noche de Fiesta" in Mr. Torres-Negrón's favor and awarded him a significant award. (Bennett Aff. Exhs. B and C.)  Accordingly, the issues raised by plaintiffs here are barred by collateral estoppel.

## DISCUSSION

## POINT I

**THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED.R.CIV.P. RULE 12 (b)(2) BECAUSE THE COURT LACKS JURISDICTION OVER THE DEFENDANTS**

The test for determining the constitutionality of the exercise of jurisdiction under the Fourteenth Amendment's Due Process Clause was established by the Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945). The Supreme Court held that to be subject to in personam jurisdiction, the foreign defendant must have "minimum contacts" in the forum state to the extent that the "maintenance of the suit does not offend" traditional notions of fair play and substantial justice.'" Id. at 316, 66 S. Ct. at 158. 90 L. Ed. At 102 (quoting Milliken v Meyer, 311 U.S. 457, 463, 61 S. Ct. 339, 343, 85 L. Ed. 278, 283 (1940)). The Supreme Court declared that the Due Process Clause "does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations. The International Shoe test "focuses on fairness and reasonableness."

In World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980), plaintiffs, residents of New York who had purchased an automobile from a retailer in New York, were injured in an automobile accident in Oklahoma. In holding that Oklahoma could not, consistent with due process, exercise in personam jurisdiction over the New York retailer and wholesale distributor the United States Supreme Court reaffirmed that there must be "minimum contacts" between the defendant and the forum state. Id. at 290, 100 S. Ct. at 563, 62 L. Ed. 2d at 498 (citing International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). The Court found that the only connection between the retailer and wholesale distributor and Oklahoma was the fortuitous circumstance that the automobile, sold by

4

defendants in New York to New York residents, happened to be involved in an accident while passing through Oklahoma. <u>World-Wide Volkswagen</u>, supra, 444 U.S. at 295, 100 S. Ct. at 566, 62 L. Ed. 2d at 500. The Court explained:

> Petitioners carry on no activity whatsoever in Oklahoma. They close no sales and perform no services there. They avail themselves of none of the privileges and benefits of Oklahoma law. They solicit no business there either through salespersons or through advertising reasonably calculated to reach the State. Nor does the record show that they regularly sell cars at wholesale or retail to Oklahoma customers or residents or that they indirectly, through others, serve or seek to serve the Oklahoma market. In short, respondents seek to base jurisdiction on one, isolated occurrence and whatever inferences can be drawn therefrom: the fortuitous circumstance that a single Audi automobile, sold in New York to New York residents, happened to suffer an accident while passing through Oklahoma.

Here, defendant Mr. Torres-Negrón carries on no activity whatsoever in New York, he performs no services in New York, he solicits no business in New York, and he reaps no benefits from the State of New York.

Fairness requires that there be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." <u>Hanson v. Denckla</u>, 357 U. S. 235, 253, 78 S. Ct. 1228, 1240, 2 L. Ed. 2d 1283, 1298 (1958). Defendant's connection with the state must be such that it "should reasonably anticipate being haled into court there." <u>World-Wide Volkswagen Corp. v. Woodson</u>, supra, 444 U. S. at 292, 100 S. Ct. at 567, 62 L. Ed. 2d at 501.

When the basis of federal subject matter jurisdiction involve a non-resident of the forum state, federal courts should apply the forum state's personal jurisdiction rules. Under New York's long-arm statute, a court may exercise personal jurisdiction over any non-domiciliary who "in

person or through an agent ... transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y.C.P.L.R. § 302(a) (McKinney 1999).

New York C.P.L.R. § 302(a)(1) provides that a party is subject to personal jurisdiction in New York if it transacts business within the state. A single transaction will support the exercise of jurisdiction, but only when the cause of action arises out of the defendant's contact with New York. Here, there is no connection to New York. "Neither Defendant transacts business in New York, and, accordingly, neither have purposefully availed themselves of the privilege of conducting activities within New York." Turbana, 2003 WL 22852742 at *4 (citing CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir.1986) (internal quotations omitted)).

In order to determine whether a party has "transact[ed] business" in New York, a court must look to the totality of circumstances concerning the party's connections to the state. See, e.g., Peekskill Community Hospital v. Graphic Media Inc., 198 A.D.2d 337, 338, 604 N.Y.S.2d 120, 121, 2d Dep't (1993). Even if the exercise of jurisdiction under a state's long-arm statute is permissible as a matter of state law, "the court then must decide whether such exercise comports with the requisites of due process." Bensusan Restaurant Corp. v. King, 126 F.3d 25, 27 (2d Cir.1997).

In determining whether minimum contacts exist, a court looks to "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). The court's focus should be whether the exercise of jurisdiction "is reasonable under the circumstances of [the] particular case." Chew v. Dietrich, 143 F.3d 24, 28 (2d Cir.) (internal quotation marks omitted), cert. denied, 525 U.S. 948, 119 S.Ct. 373, 142 L.Ed.2d 308 (1998).

Here, fairness dictates that the matter be dismissed against Torres-Negrón for lack of personal jurisdiction. Plaintiffs fail to raise allegations in the Complaint that would support a finding of jurisdiction under CPLR § 302. They simply have failed to meet their burden of establishing a prima facie case for this court to exercise long-arm jurisdiction over defendants.

This Court had the opportunity to consider the issue of dismissal for lack of personal jurisdiction in a copyright infringement claim in Fort Knox Music Inc. v. Baptiste , 47 F.Supp.2d 481 (S.D.N.Y. 1999), 203 F.3d 193 C.A. (N.Y.) 2000 remanded, 139 F. Supp. 2nd 505 (S.D.N.Y. 2001), 257 F. 3d. 108 C.A. (N.Y. 2001). There, plaintiffs were Fort Knox Music Inc. ("Fort Knox"), a New York corporation headquartered in New York, and Trio Music Company Inc. ("Trio Music"), a California corporation headquartered in California. Plaintiffs were successors in interest to Kamar Publishing Company ("Kamar") with respect to the publishing rights to "Sea of Love," a song to which Mr. Baptiste claimed sole authorship. Mr. Baptiste was a Louisiana resident who had signed a song publishing agreement with Kamar, which was then located in Louisiana. Fort Knox sued Mr. Baptiste in the District Court for the Southern District of New York seeking a declaratory judgment that they where the owners of the copyrights to "Sea of Love". The Court held that under New York law a songwriter does not transact business in a state, for purpose of establishing jurisdiction over the songwriter in declaratory judgment action by publishing company, merely by sending multiple cease and desist letters to publishers.

Mr. Torres-Negrón, who has resided all of his life in the small town of Aibonito, Puerto Rico has never conducted business or even visited New York. Plaintiffs' offer only a weak and misleading reference to defendant Mr. Torres-Negrón connection to New York in paragraphs 34 to 37 of the Complaint. The statements made therein purposely misstate the facts in an apparent attempt to mislead this Honorable Court. Mr. Torres-Negrón became a member of ASCAP

7

through its Puerto Rico offices in the year 1994 and received some small amount of radio airplay for "Noche de Fiesta". ASCAP's statements and checks were sent to his home in Aibonito, Puerto Rico. The two checks referred to in paragraph numbers 36 and 37 of the complaint, were checks paid in 1995 by a small distributor (Luis Rivera Distributors, Inc.) in Santurce, Puerto Rico for two phonorecords that were only distributed in Puerto Rico. Neither ASCAP nor Luis Rivera Distributors are parties to the present action.

For the reasons stated above, defendant moves to dismiss the complaint because the Court lacks personal jurisdiction over him pursuant to Fed.R.Civ.P. 12(b)(2).


## POINT II

### VENUE IN THIS COURT IS IMPROPER UNDER FED.R.CIV.P. RULE 12(B)(3)

Plaintiff has not offered any basis under 28 U.S.C. § 1391(b) why venue is proper in the Southern District of New York.

Section 1391(b) of Title 28 of the United States Code provides that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

For venue purposes, defendant resides in the District of Puerto Rico. See *Procario v. Ambach*, 466 F. Supp. 452, 454 (S.D.N.Y. 1979); see also *Cain v. New York State Board of*

*Elections,* 630 F. Supp. 221, 225 (E.D.N.Y. 1986); *Andrew H. v. Ambach,* 579 F. Supp. 85, 88 (S.D.N.Y. 1984). Furthermore, the events giving rise to this claim occurred in Puerto Rico.

Accordingly, under Section 1391(b) of Title 28, venue is improper, and thus, the matter should be dismissed.

## POINT III

### THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED.R.CIV.P. RULE 12(b)(6) FOR PARTIES TO STATE A CAUSE OF ACTION

Dismissal of a complaint for failure to state a claim pursuant to Fed. R.Civ. P. 12(b)(6) is proper "where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Harris v. City of New York, 186 F.3d 243, 247 (2d Cir.1999). The test is not whether plaintiff is ultimately likely to prevail, but whether he is entitled to offer evidence to support his claims. Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir.1998). The court assumes that all factual allegations in the complaint are true, and draws all reasonable inferences in Plaintiff's favor. EEOC v. Staten Island Sav. Bank, 207 F.3d 144 (2d Cir.2000). Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. The Court must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Stewart v. Jackson & Nash, 976 F.2d 86, 87 (2d Cir.1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Here, the District of Puerto Rico has already determined that plaintiff has no claim. (Exhs. A, B and C.)

## CONCLUSION

For all of the reasons stated herein, this matter should be dismissed.

Dated: New York, New York
April 6, 2006

Bennett, Giuliano, McDonnell & Perrone, LLP

William R. Bennett, III
225 West 34th Street, Suite 402
New York, New York 10122
Telephone:    (646) 328-0120

I HEREBY CERTIFY that I filed electronically the foregoing with the ECM/EF system of the Court

who should turn notify electronically and exact copy of this document to James Scheinbaum, Esq.

WILLIAM BENNETT III (WB 1383)
Tel.    (646) 328-0120
Fax.    (646) 328-0121

Z:\Documents\All Files\D492 Campesino Ent\Pleadings\MotionToDismiss-031706.doc