**Bennett, Giuliano, McDonnell & Perrone, LLP**
**Attorneys for Defendants**
**225 West 34th Street, Suite 402**
**New York, New York 10122**
**Telephone:    (646) 328-0120**
**Fax:              (646) 328-0121**
**William R. Bennett, III (WB 1383)**


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
FELIPE ROBLES VÁSQUEZ p/k/a RALDY
VÁSQUEZ and CAMPESINO MUSIC
ENTERTAINMENT GROUP, INC.,

                              Plaintiffs,

                                                                      NO. 06 CV 0619 (Mc Mahon)

              -against-

FERNANDO TORRES NEGRÓN,
TAMARA SOSA-PASCUAL and
JULIO DE LA ROSA-RIVE,

                              Defendants
-------------------------------------------------------------X

## AFFIRMATION OF WILLIAM R. BENNETT, III

            William R. Bennett, III, hereby affirms under penalty of perjury under the laws of

the United States of America that the foregoing is true and correct:

1.          I am a partner with the firm of Bennett, Giuliano, McDonnell & Perrone, LLP,

            counsel for the defendants and submit this affirmation in support of defendant

            Fernando Torres-Negron's motion to dismiss the complaint agisnt him pursuant to

            Federal Rules of Civil Procedure Rule 12(b)(2), (3) and (6).

2.          In support of the motion I attach the following exhibits which are true and correct

            copies:

Exhibit A     Judgment entered in the Puerto Rico Actions.

Exhibit B     Minutes of proceedings in the Puerto Rico Actions.

Exhibit C     Verdict Form.


Dated: New York, New York
     April 5, 2006


_____
       WILLIAM R. BENNETT, III



Z:\Documents\All Files\D492 Campesino Ent\Pleadings\WRBAffm-040506.doc

AO450 (Rev. 5/85)   Judgement in a Civil Case

# UNITED STATES DISTRICT COURT

FOR THE JUDICIAL                 DISTRICT OF                 PUERTO RICO

FERNANDO TORRES-NEGRON                    **JUDGMENT IN A CIVIL CASE**

V.

ANTONIO L. RIVERA AND J & N RECORDS          Case Number:     02-1728 (HL)

                                                              02-1729 (HL)

X **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☐ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

that plaintiff Fernando Torres-Negron recover damages as follows:

$100,00.00 from codefendant Antonio L. Rivera for the claim as to the Song "Noche de Fiesta".

$100,00.00 from codefendant Antonio L. Rivera for the claim as to the Song "Bebo por Ti" and

$400,000.00 from codefendant J & N Records for the claim as to the Song "Noche de Fiesta.

March 3, 2006                                    FRANCES RIOS DE MORAN
Date                                             Clerk

                                                 s/Minerva Figueroa
                                                 (By) Deputy Clerk

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

MINUTES OF PROCEEDINGS

HONORABLE Hector M. Laffitte

COURTROOM DEPUTY: Nivea L. Ocasio          Date:    February 21, 2006

COURT REPORTER: Patricia Garshak           Civil No. 02-1728 (HL)
                                           Civil No. 02-1729 (HL)

=================================================================

FERNANDO TORRES NEGRON              Attorneys for Plaintiffs:
                                    Tamara Sosa-Pascual
                                    Carlos Dalmau
                                    Manuel Quilichini-García

         vs.

Antonio Rivera, et al.              Attorneys for Defendants:
                                    José Hernández-Mayoral
                                    James B. Steinbaum

=================================================================

Case called for Seventh Day of further Jury Trial. Further conference is held in chambers. Arguments were heard as to new jury instructions and a new jury verdict form presented by Attorney Steinbaum on behalf of J & N Records.

Jury was thereafter brought into Court and the Court read another jury instruction. At 10:50 the jury resumes deliberation. At 11:41 A.M. the jury announced they had reached a verdict. A verdict in favor of the plaintiff is read and is ordered to be filed. Jurors are excused from further participation in this action.

Out of the presence of the jury, Counsel Hernández-Mayoral on behalf of codefendant, Antonio Rivera, renews his motion for judgment as a matter of law under Rule 50(b). Same is denied. Judgment shall be entered accordingly. Court rules that any additional motions under Rule 50 or Rule 59 shall be submitted in writing.

s/ *Nivea L. Ocasio*
Nivea L. Ocasio
Courtroom Deputy Clerk

Jury Note #8
e-mailed to Jury Clerk

# EXHIBIT B



**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

FERNANDO TORRES-NEGRON,
Plaintiff,

v.

J & N RECORDS,
Defendant.

Civil No. 02-1728 (HL)
Civil No. 02-1729 (HL)

### VERDICT FORM: J & N RECORDS

The Jury must unanimously agree on the answers to the following questions:

**Question 1:**

Do you find by a preponderance of the evidence that Plaintiff Fernando Torres-Negron was the original author of the lyrics and the music of the song "Noche de Fiesta"?

ANSWER:        YES ✗              NO ____

If you answered YES to Question 1, proceed to Question 2.
If you answered NO to Question 1, you should <u>not</u> answer any other questions, and the foreperson should sign and date this verdict form.

**Question 2:**

Do you find by a preponderance of the evidence that Plaintiff Fernando Torres-Negron's deposit of the recording of "Noche de Fiesta" with the Copyright Office was a bona fide copy or a reconstruction from memory without directly referring to the original?

ANSWER:        Bona Fide Copy ✗          Reconstruction from Memory ____

If you answered "*Bona Fide Copy*" to Question 2, proceed to Question 3.
If you answered "*Reconstruction from Memory*" to Question 2, you should <u>not</u> answer any other questions, and the foreperson should sign and date this verdict form.

**Question 3:**

Do you find that Defendant J & N Records has proven by a preponderance of the evidence that Plaintiff Fernando Torres-Negron granted an implied license to Defendant Antonio L.

1



Rivera to in turn grant Defendant J & N Records the rights to commercially exploit or distribute plaintiff's song "Noche de Fiesta"?

ANSWER:            YES_____            NO _✗_

If you answered YES to Question 3, you should not answer any other questions, and the foreperson should sign and date this verdict form.

If you answered NO to Question 3, proceed to Question 4.

## Question 4:

Do you find that Defendant J & N Records has proven by a preponderance of the evidence that Defendant Antonio L. Rivera had actual, implied, or apparent agency authority from Plaintiff Fernando Torres-Negron to grant Defendant J & N Records the rights to commercially exploit or distribute Plaintiff's song "Noche de Fiesta"?

ANSWER:            YES_____            NO_✗_

If you answered YES to Question 4, you should not answer any other questions, and the foreperson should sign and date this verdict form.

If you answered NO to Question 4, proceed to Question 5.

## Question 5:

Do you find that Defendant J & N Records has proven by a preponderance of the evidence that Plaintiff Fernando Torres-Negron knew, discovered, or by the exercise of reasonable care or diligence, could have or should have known or discovered *before* May 15, 1999 that his copyright in the song "Noche de Fiesta" was violated or infringed by J & N Records?

ANSWER:            YES_____            NO _✗_

If you answered YES to Question 5, you should not answer any other questions, and the foreperson should sign and date this verdict form.

If you answered NO to Question 5, proceed to Question 6.

## Question 6:

Do you find that Defendant J & N Records has proven by a preponderance of the evidence that Plaintiff Fernando Torres-Negron failed to exercise sufficient due diligence in filing the complaint and that the resulting delay resulted in prejudice to Defendant J & N Records?

ANSWER:            YES_____            NO _✗_

If you answered YES to Question 6, you should not answer any other questions, and the

2

foreperson should sign and date this verdict form.
If you answered NO to Question 6, proceed to Question 7.

**Question 7:**

Do you find that Defendant J & N Records has proven by a preponderance of the evidence that Plaintiff Fernando Torres-Negron knew of Defendant J & N Records infringing acts, and expressly or impliedly consented to such acts through inaction or acquiescence, with the intention that defendant act upon such acquiescence?

ANSWER:            YES____            NO _X_

If you answered YES to Question 7, you should not answer any other questions, and the foreperson should sign and date this verdict form.
If you answered NO to Question 7, proceed to Question 8.

**Question 8:**

Do you find that Defendant J & N Records has proven by a preponderance of the evidence that Defendant J & N Records rightly believed that Plaintiff Fernando Torres-Negron intention was to expressly or impliedly consent to Defendant J & N Record's commercial exploitation and that Defendant J & N Records relied upon Plaintiff Fernando Torres-Negron's conduct to his injury?

ANSWER:            YES____            NO _X_

If you answered YES to Question 8, you should not answer any other questions, and the foreperson should sign and date this verdict form.
If you answered NO to Question 8, proceed to Question 9.

**Question 9:**

If you have found for Plaintiff Fernando Torres-Negron on the aforesaid questions, what sum of money, if any, do you find to be the amount of actual damages suffered by Plaintiff Fernando Torres-Negron?

$ _400,000.00_

_2/17/06_
Date

Signature of Foreperson

3