UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FELIPE ROBLES VASQUEZ p/k/a RALDY
VASQUEZ and CAMPESINO ENTERTAINMENT         06 Civ. 0619(CM)
GROUP, INC.,


                          Plaintiffs,


        -against-


FERNANDO TORRES NEGRON, TOMARA
SOSA-PASCUAL and JULIO DE LA
ROSA-RIVE,


                          Defendants.
------------------------------------X




        Plaintiffs' Memorandum Of Law In Opposition
   To Defendant Torres-Negron's Pre-Answer Motion To
   Dismiss Pursuant To Fed.R.Civ.P. 12(b)(2), (3) and (6)




                    THE LAW FIRM OF
                  BORSTEIN & SHEINBAUM
                  Attorneys for Plaintiffs
              420 Lexington Avenue, Suite 2920
                  NEW YORK, N.Y. 10170-0002
                      (212) 687-1600
                    FAX (212) 687-8710

## TABLE OF CONTENTS

Page

Table of Contents ................................... i

Table of Authorities ............................... iii

The Parties ........................................ 1

The Complaint ...................................... 2

Torres' Motion...................................... 2

Facts and Background Relevant To Torres' Motion......... 3

    A.    Personal Jurisdiction And Venue Are Proper.... 3

    B.    The Judgment In The 2002 Action Is
        Is Not Binding On Nonparty Vaszquez........... 5

The Argument........................................ 63

    Point I    This Court Has Personal Jurisdiction
          Over Torres ............................ 6

    A.    The Applicable General Principles......... 6

        i.    New York's Long-Arm Statute.......... 7

        ii.   Federal Due Process................. 8

    B.    Torres Is Transacting Business In
        New York Through ASCAP.................... 9

    C.    Torres' Tortious Exploitation of
        "Noche de Fiesta" Further Supports
        The Exercise of Personal Jurisdiction
        Over Torres............................. 12

Page

D.   Torres Is Subject To Personal
Jurisdiction In New York Under
Federal Due Process Standards............    16

Point II  Torres' Motion Should Be Denied Because
Venue In New York Is Proper..............    18

Point III The Complaint Should Not be Dismissed
Because It States A Claim For
Copyright Infringement Against Torres.....    20

Conclusion      .......................................    21

TABLE OF AUTHORITIES

Page

Cases


Burger King Corp. v. Rudzewicz,
   471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). 9

Calder v. Jones,
   465 U.S. 783, 104 S.Ct. 1482, L.Ed. 2d 804 (1984)... 8, 16

Capital Records, Inc. v. Kuang Dyi Co. of RM,
   2004 WL 405961 at *2 (S.D.N.Y. March 4, 2004)....... 9, 16, 19

Editorial Musical Latino Americana v. Mar
   International Records, Inc.,
   829 F.Supp. 62 (S.D.N.Y. 1993)  .................... 12

Fernando Torres-Negron v. Antonio L. Rivera, et als,
   02 Civ. 1728 (HL) (D. Puerto Rico) ................ 2

Firma Melodiya ZYZ Music GMBH,
   1995 WL 284963 *3 (S.D.N.Y. Jan. 25, 1995).......... 9, 10, 13

Fort Knox Music, Inc. v. Baptiste,
   39 F.Supp.2d 505 (S.D.N.Y. 2001)................... 11, 12

Grand River Enterprises Six Nations Ltd v. Pryor.
   425 F.3d 158 (2d Cir. 2005)....................... 6

Greenkey v. Irving Music, Inc.,
   1981 WL 1370 (S.D.N.Y. July 13, 1981) ............. 10

Liebowitz v. Cornell University,
   -- F.3d --, 2006 Wl 1046212
   (2d Cir. April 21, 2006)  ........................ 21

Keeton v. Hustler Magazine, Inc.,
   465 U.S. 770, 104 S.Ct.1473, 79 L.Ed.2d 790 (1984).. 8

Meyer v. Sharron,
   1986 WL 8311 (S.D.N.Y. July 24, 1986).............. 10, 18

Newman & Schwartz v. Asplundk Tree Expert Co., Inc.,
   102 F.3d 660 (2d Cir. 1996)....................... 20

Twombly v. Bell Atlantic Corp.,
   425 F.3d 99 (2d Cir. 2005)  ...................... 22

                                                                  Page

Cases


Sunward Electronics, Inc. v. McDonald,
     362 F.3d 17 (2d Cir. 2004)  ..................... 7, 10, 17

World-Wide Volkswagen Corp. v. Woodson,
     444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).. 8, 9


Statutes and Rules

Fed.R.Civ.P 12 (b)(2) .............................. 2, 17, 23

Fed.R.Civ.P 12 (b)(3) .............................. 2, 19, 23

Fed.R.Civ.P 12 (b)(6) .............................. 2, 20,
                                                      21, 23

CPLR §302 .......................................... 9, 16

CPLR §302 (a)....................................... 7, 9, 12,
                                                      15

CPLR §302 (a)(1).................................... 10, 12,
                                                      17

CPLR §302 (a)(2).................................... 12

CPLR §302 (a)(3).................................... 13, 14

CPLR §302 (a)(3)(i)................................. 15

CPLR §302 (a)(3)(iii).............................. 13

28 U.S.C. §1391..................................... 18

28 U.S.C. §1400(a).................................. 11, 18


Treatises


This Business of Music,
     136 (9th Ed. Billboard Books 2003) ................. 11, 14

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FELIPE ROBLES VASQUEZ p/k/a RALDY
VASQUEZ and CAMPESINO ENTERTAINMENT       06 Civ. 0619(CM)
GROUP, INC.,


                        Plaintiffs,


        -against-


FERNANDO TORRES NEGRON, TOMARA
SOSA-PASCUAL and JULIO DE LA
ROSA-RIVE,


                    Defendants.
------------------------------------X


        Plaintiffs' Memorandum Of Law In Opposition
      To Defendant Torres-Negron's Pre-Answer Motion To
      Dismiss Pursuant To Fed.R.Civ.P. 12(b)(2), (3) and (6)


The Parties[1]

    Plaintiff Felipe Robles Vasquez p/k/a Raldy Vasquez

("Vasquez") is the composer of the copyrighted musical

composition entitled "Nena Linda".[2]   Dk. No. 1 at ¶¶ 9; 14.

_____

[1]

   Plaintiffs have agreed to dismiss the action without prejudice
against the remaining defendants Tomara Sosa-Pascual and Julio
Rosa-Rive.

[2]

   The facts and circumstances are taken from the Complaint, Dk.
No. 1, the Affidavit In Opposition of James B. Sheinbaum, sworn
to on April 28, 2006 and the exhibits attached thereto ("Pl. Opp.
Aff.") and Defendant Torres' papers submitted in support of his
motion, Dk. No. 6-9.

                            1

Plaintiff Campesino Entertainment Group, Inc. ("Campesino") is a New York corporation with offices in Pomona, New York. <u>Id.</u> at ¶2. Campesino is the exclusive worldwide administrator of "Nena Linda". <u>Id.</u> at ¶39. Campesino's administration includes the exclusive rights of exploitation and collection of revenue and royalties from exploitation of "Nena Linda". <u>Id.</u> at ¶40.

Defendant Fernando Torres-Negron ("Torres") is the alleged author of a words and rhythm of song entitled "Noche de Fiesta". <u>Id.</u> at ¶20.

## The Complaint

This action is for copyright infringement. Dk. No. 1. The Complaint alleges that "Noche de Fiesta" infringes on "Nena Linda", Torres has collected royalties for exploitation of "Noche de Fiesta" and, in addition, Torres collected money through settlement against certain defendants based upon the alleged infringing use of "Noche de Fiesta" in an action entitled <u>Fernando Torres-Negron v. Antonio L. Rivera-Lopez, et al.</u>, 02 Civ. 1728(HL) (D. Puerto Rico) ("2002 Action"). <u>Id.</u> at ¶¶ 35, 36, 38, 43-47.

## Torres' Motion

Torres seeks dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(2),(3) and (6) on the grounds of: (a) lack of

personal jurisdiction, (b) improper venue and (c) a judgment in another action in which Vasquez was not a party.  Dk. No. 6-9.

### Facts And Background Relevant To Torres' Motion

A.  Personal Jurisdiction
    And Venue Are Proper

   With respect to the motion to dismiss based upon lack of personal jurisdiction and venue, Torres bases his motion on his claim that he does not have any contacts with New York. Dk. No. at 7 at Point I; Dk. No. 9.

   However, it is alleged that Torres has transacted business and violated Plaintiffs' rights in New York through his agent ASCAP.  In pertinent part, the Complaint alleges:

>                33.  In the 2002 Action, Defendant
>                Torres alleges that in 1994 he
>                became a member of the American
>                Society of Composers, Artists and
>                Publishers ('ASCAP') a performing
>                rights society, that collects and
>                pays royalties to composers and
>                music publishers from public
>                performances of musical
>                compositions.
>
>                34.  ASCAP is located in New York
>                City, New York.
>
>                35.  In discovery in the 2002
>                Action, Defendant Torres produced
>                ASCAP statements showing that he
>                was paid performance royalties by
>                ASCAP on 'Noche de Fiesta'.

3

Dk. No. 1 at ¶¶ 33-35.  These allegations are not denied by
Torres.  Dk. No. 6-9.

Attached as an exhibit to Plaintiffs' opposition is a copy
of Torres' 1994 ASCAP Agreement and Membership Extension
Agreement (collectively "ASCAP Agreement").  Pl. Opp. Aff. Ex. 2.
The ASCAP Agreement states that ASCAP's address is "1 Lincoln
Plaza, New York, N.Y. 10023".  Id. at 1.  It provides that Torres
grants ASCAP "All rights and remedies for enforcing the
copyright" in "Noche de Fiesta" and "The non-exclusive right of
public performance by means of radio broadcasting, 'wired
wireless', all forms of synchronism with motion pictures" and "by
television broadcasting".  Id. at ¶¶ 1(a)-(d).  According to the
ASCAP website, Torres is still listed as an ASCAP member and
"Noche de Fiesta" is still registered in his name at ASCAP.  Pl.
Opp. Aff. Ex. 3.

In addition, Torres has committed tortious acts outside of
New York causing injury to Plaintiffs in New York.  The Complaint
alleges that:

> 38.  Upon information and belief,
> in 2005, Defendant Torres settled
> his claims against EMI-Latin in the
> 2002 Action for allegedly using or
> exploiting 'Noche de 'Fiesta' on a
> recording entitled 'Merenhits '94'
> for a sum of money that exceeds
> $75,000.

Dk. No. 1 at ¶38.  This allegation is not denied.  Dk. No. 6-9.

4

B.   The Judgment In The
     2002 Action Is Not
     <u>Binding On Nonparty Vasquez</u>

     Torres cites a judgment and verdict form in the 2002 Action
as the sole basis for arguing that this action fails to state a
claim because Plaintiff's copyright in "Noche de Fiesta" was
found to be valid in the 2002 Action.   Dk. No. 7 at Point III;
Dk. No. 8.

     Vasquez and Campesino were not parties to the 2002 Action.
Dk. No. 8 at Ex. A (2002 Action Dk. No. 460 Judgment with caption
of action showing the parties as Torres, Antonio L. Rivera and
J&N Records only).   The judgment and verdict form relied upon by
Torres do not make any finding or judgment with respect to "Nena
Linda" or in favor of Torres against Vasquez or Campesino based
upon "Noche de Fiesta".   Dk. No. 8, Ex. A; C (2002 Action Dk.
Nos. 450; 460).

The Argument:

## Point I

### This Court Has Personal
### Jurisdiction Over Torres

Torres' first argument is that this court lacks personal
jurisdiction over him because he does not have contacts with New
York and has not done any act in New York to purposefully avail
himself of the privilege of conducting activities in New York.
Dk. No. 7, Point I at 6-8. Torres is incorrect. He has done and
is doing business in New York since at least 1994 through ASCAP
and allegedly committed copyright infringement through his New
York agent ASCAP by granting licenses permitting the exploitation
of "Noche de Fiesta" and collecting ASCAP performance royalties.
Dk. No. 1 at ¶33-35; 48; Pl. Opp. Aff. Ex. 2.


A.   The Applicable General Principles


In this instance, personal jurisdiction is determined under
(i) New York's long-arm statute and then (ii) federal due process
standards.  Grand River Enterprises Six Nations Ltd v. Pryor, 425
F.3d 158, 165 (2d Cir. 2005) (district courts resolving issues of
personal jurisdiction must determine whether there is
jurisdiction under the laws of the forum state and then whether
an exercise of jurisdiction under those laws is consistent with

6

federal due process requirements); <u>Sunward Electronics, Inc. v. McDonald</u>, 362 F.3d 17, 22 (2d Cir. 2004)("In a federal question case, where the defendant resides outside the forum state, federal courts apply the forum state's personal jurisdiction rules if the applicable federal statute does not provide for national service of process.").

i. <u>New York's Long-Arm Statute</u>

With respect to New York law, §302(a) of the Civil Practice Act and Rules ("CPLR") applies to this case.  In relevant part, §302(a) provides:

> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

7

(i) regularly does or solicits
business, or engages in any other
persistent course of conduct, or
derives substantial revenue from
goods used or consumed or services
rendered, in the state, or

(ii) expects or should reasonably
expect the act to have consequences
in the state and derives
substantial revenue from interstate
or international commerce;....

### ii.  Federal Due Process

The due process clause of the Fourteenth Amendment permits a

state to exercise personal jurisdiction over a non-resident

defendant with whom it has "certain minimum contacts...such that

the maintenance of the suit does not offend 'traditional notions

of fair play and substantial justice.'" Calder v. Jones, 465

U.S. 783, 788, 104 S.Ct. 1482, 1487, 79 L.Ed.2d 804 (1984)

(citations omitted).  In determining whether minimum contacts

exist, the court considers "the relationship among the defendant,

the forum, and the litigation." Keeton v. Hustler Magazine, Inc.,

465 U.S. 770, 775, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984)

(citation omitted).

The plaintiff must also show that the defendant

"purposefully availed "[himself] of the privilege of doing

business in [the forum state] and that [the defendant] could

foresee being "haled into court" there.  See World-Wide

8

Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

"'Ordinarily ... if jurisdiction is proper under the CPLR, due process will be satisfied because *CPLR §302 does not reach as far as the constitution permits.*'" Capitol Records, Inc. v. Kuang Dyi Co. Of RM, 2004 WL 405961 at *2 (S.D.N.Y. March 4, 2004) (citation omitted). See Firma Melodiya ZYZ Music GMBH, 1995 WL 28493 at *3 (S.D.N.Y. Jan. 25, 1995) ("Accordingly, if a defendant is found to have engaged in one of the enumerated acts [in CPLR 302(a)], he is deemed to have purposefully availed himself of the benefits of doing business in New York, thereby subjecting himself to jurisdiction in New York.").

As explained below, under §302(a) of New York's long-arm statute and applying due process standards, this Court has personal jurisdiction over Torres. Therefore, Torres' motion to dismiss based upon lack of personal jurisdiction should be denied.


B.   Torres Is Transacting Business
     In New York Through ASCAP

The Complaint alleges that Torres is a member of ASCAP since 1994, ASCAP is located in New York City, New York and that Torres has been paid performance royalties by ASCAP on "Noche de

9

Fiesta". Dk. No. 1 at ¶¶ 33-35. He is exploiting "Noche de Fiesta" through ASCAP. Pl. Opp. Aff. Ex. 2-3. These allegations are not denied. Dk. No. 6-9.

CPLR §302(a)(1) applies to contracts and torts. <u>Sunward Electronics, Inc.</u>, <u>supra.</u>, 362 F.3d at 24 ("Although Section 302(a)(1) is typically invoked in breach of contract cases, ..., '"it applies as well to actions in tort when supported by a sufficient showing of facts."' and applying rule to Lanham Act violation which is a tort).

By authorizing ASCAP to license "Noche de Fiesta" and collecting ASCAP royalties for such exploitations which allegedly infringe on "Nena Linda", Torres is subject to personal jurisdiction in New York pursuant to CPLR §302(a)(1). <u>See</u> <u>Firma Melodiya</u>, <u>supra.</u> (in a copyright infringement action holding that granting a license to third party to exploit recording in the US and marketing of recordings in New York was sufficient basis of personal jurisdiction under §302(a)(1) even though defendants did not have any other contacts with New York); <u>Greenkey v. Irving Music, Inc.</u>, 1981 WL 1370 (S.D.N.Y. July 13, 1981) (in a copyright infringement action holding that agreement between BMI and nondomiciliary to license songs to radio stations, television networks and other uses of music was sufficient to establish personal jurisdiction under §302(a)(1)). <u>Cf.</u> <u>Meyer v. Sharron</u>, 1986 WL 8311 (S.D.N.Y. July 24, 1986) (holding that venue in

10

copyright action pursuant to 28 U.S.C. §1400(a) was proper in New York where defendants used ASCAP to licensed songs to radio stations and other users of music in New York and elsewhere and stating that for copyright venue purposes a defendant is subject to venue where he is subject to personal jurisdiction).

Torres cites only <u>Fort Knox Music, Inc. v. Baptiste</u>, 39 F.Supp.2d 505 (S.D.N.Y. 2001) in support of his position.  Dk. No. 7 at 7.  His reliance is misplaced.

<u>Baptiste</u> was an action for declaratory and injunctive relief based upon the defendant's attempts to assert sole ownership over a musical composition.  39 F.Supp.2d at 507.  Unlike this case, which is based upon copyright infringement, such a claim was not involved in <u>Baptiste</u>.  <u>Id.</u>

<u>Baptiste</u> found that a declaratory judgment action "based upon the sending of defendant's 'cease and desist' letters and defendant's relationship with BMI"[3] where none of BMI's actions were in issue was insufficient to confer personal jurisdiction under New York law.  39 F.Supp.2d at 510.  However, in this case, Plaintiffs do not base personal jurisdiction on "cease and desist" letters.  Dk. No. 1.  In addition, unlike in <u>Baptiste</u>, ASCAP's licensing of "Noche de Fiesta" is part of the alleged

_____

[3]

  BMI is a performing rights organization that issues the same type of licenses as ASCAP and "is a competitor of ASCAP".  <u>See</u> M.W. Krasilovsky and S. Shemel, <u>This Business of Music</u>, 136-137 (9th ed. Billboard Books 2003).

11

copyright infringement.  Dk. No. 1 at ¶¶ 33-35; 45; 48.
Therefore, <u>Baptiste</u> is totally distinguishable and does not
support Torres' argument.

Accordingly, based upon the acts of ASCAP, his New York
agent, Torres has transacted business in New York and is subject
to personal jurisdiction under CPLR §302(a)(1).

C.  Torres' Tortious Exploitation
    Of "Noche de Fiesta" Further
    Supports The Exercise Of
    <u>Personal Jurisdiction Over Torres</u>

Torres' alleged infringing exploitation of "Noche de Fiesta"
is a tort that provides an additional basis for exercise of
personal jurisdiction pursuant to CPLR §302(a).

CPLR §302(a)(2) provides that "a court may exercise personal
jurisdiction over any non-domiciliary...who in person or through
an agent...(a)...(2) commits a tortious act within [New
York]...".  In this instance, Torres' licensing and offering to
license "Noche de Fiesta" that allegedly infringes on "Nena
Linda" through ASCAP in New York, constitutes tortious conduct
through his "agent" in New York sufficient to support personal
jurisdiction over him pursuant to CPLR §302(a)(2).  <u>See Editorial
Musical Latino Americana v. Mar International Records, Inc.</u>, 829
F.Supp. 62, 64 (S.D.N.Y. 1993) ("Offering one copy of an
infringing work for sale in New York, even if there is no actual

12

sale, constitutes commission of a tortious act within the state
sufficient to imbue this Court with personal jurisdiction over
the infringers."). Cf. Firma Melodiya, supra., 1995 WL 28493 at
*3 - *4 (S.D.N.Y. Jan. 25, 1995) (holding license of infringing
trademark to exploit musical recordings inside US may constitute
a tort committed outside New York causing injury within New York
and since it was objectively reasonable to believe that the
recordings would be exploited in New York met requirements of
§302(a)(3)(iii) to sustain personal jurisdiction).

Torres may argue that his contacts with ASCAP were in Puerto
Rico. Dk. No. 7; 9. However, the ASCAP Agreement lists ASCAP's
address as "1 Lincoln Plaza, New York, NY 10023". Pl. Opp. Aff.
Ex. 2 at 1. That agreement authorizes ASCAP "the right to
license non-dramatic public performances" of "Noche de Fiesta"
throughout the world and to act as his lawful attorney to protect
and enforce the public performance rights in "Noche de Fiesta".
Id. at ¶1. In addition, "Noche de Fiesta" is currently available
for license through ASCAP. Id. Ex. 3. Thus, contrary to any
argument Torres may make, ASCAP is his lawful agent acting in New
York for licensing and protecting the performance rights for
"Noche de Fiesta".

Personal jurisdiction is also proper under CPLR §302(a)(3)
based upon Torres' alleged tortious infringing acts outside of
New York that are injuring Plaintiffs in New York.

13

Pursuant to CPLR Rule 302(a)(3), "a court may exercise personal jurisdiction over any non-domiciliary...who in person or through an agent... (a)(3)... commits a tortious act without the state causing injury to person or property within the state...". It is alleged that Torres' has infringed "Nena Linda" by exploiting "Noche de Fiesta" through ASCAP licenses (which are issued throughout the United States) and through the 2002 Action in Puerto Rico. Dk. No. 1 at ¶¶ 33-35; 38; 47-48; Pl. Opp. Aff. Ex. 2 at ¶1. <u>See</u> M.W. Krasilovsky and S. Shemel, <u>This Business of Music</u>, at 136 (9th ed. Billboard Books 2003) ("ASCAP is a membership organization...  It gets money by issuing a *blanket license* for its entire catalog to radio and television stations...")[4].

---

[4]

 In its Website (http://www.ascap.com/about/) ASCAP describes itself as follows:

What Is ASCAP?

ASCAP is a membership association of over 230,000 U.S. composers, songwriters, lyricists, and music publishers of every kind of music. Through agreements with affiliated international societies, ASCAP also represents hundreds of thousands of music creators worldwide. ASCAP is the only U.S. performing rights organization created and controlled by composers, songwriters and music publishers, with a Board of Directors elected by and from the membership.

ASCAP protects the rights of its members by licensing and distributing royalties for the non-dramatic public performances of their copyrighted works. ASCAP's licensees encompass all who want to perform copyrighted music publicly. ASCAP makes giving and obtaining permission to perform music simple for both creators and users of music.

14

Campesino, the exclusive worldwide administrator of "Nena Linda", is located in New York. Dk. No. 1 at ¶¶ 2; 35-36. Campesino is being prevented from enforcing its administration rights by Torres' alleged infringing actions. Id. at ¶¶ 2; 35-36; 38-41; 47-48. This conduct also effects Vasquez in New York because Campesino licenses and collects for Vasquez on "Nena Linda" in New York. Id. at ¶¶ 2; 35-36; 39-41.

Additionally, Torres' settlement for in excess of $75,000 a copyright infringement claim again EMI based upon "Noche de Fiesta" in the 2002 Action constitutes an infringing act outside of New York causing injury to Plaintiffs in New York. Dk. No. 1 at ¶¶ 38; 47-48. By collecting this money from EMI based upon the exploitation of "Noche de Fiesta", Torres has injured Plaintiffs in New York by preventing them from collecting all money and royalties earned, generated or produced by the use and exploitation of 'Nena Linda'" Dk. No. 1 at ¶¶ 2; 38-40; 48.

Under §302(a)(3)(i), Plaintiffs must also show that Torres "regularly does or solicits business, or engages in any other persistent course of conduct...in the state". Torres' blanket and unlimited licensing of "Noche de Fiesta" through ASCAP in New York since 1994 meets this requirement. Dk. No. 1 at ¶33-35. Pl. Opp. Aff. Ex. 2.

Accordingly, this Court has jurisdiction over Torres pursuant to CPLR §302(a) based upon his New York transaction of

15

business and alleged infringements through his agent ASCAP and

tortious conduct outside of New York injuring Plaintiffs in New

York.


D.   Torres Is Subject To
     Personal Jurisdiction
     In New York Under Federal
     Due Process Standards


     As explained above, personal jurisdiction under CPLR §302 is

proper.  Therefore, Plaintiffs have met their prima facie burden

to show that due process is satisfied.  Capitol Records, Inc.,

supra., 2004 WL 405961 at *2 ("'Ordinarily ... if jurisdiction is

proper under the CPLR, due process will be satisfied because *CPLR

§302 does not reach as far as the constitution permits.'*").

     Independently of jurisdiction under CPLR §302, due process

is satisfied because Torres has continuing New York contacts

pertaining to "Noche de Fiesta", the allegedly infringing work,

through ASCAP licenses.  Dk. No. 1 at ¶¶ 33-35; Pl. Opp. Aff. Ex.

2.  It is fair and reasonable to require Torres to defend in New

York where he is licensing "Noche de Fiesta".  He could

reasonably foresee or anticipate being haled into court in New

York if there was a dispute over his rights to exploit "Noche de

Fiesta" or over one of the ASCAP licenses.  See Calder, supra.,

465 U.S. at 789-90, 104 S.Ct. at 1486-87 (court may exercise

personal jurisdiction over defendant consistent with due process

16

when defendant is a primary participant in intentional wrongdoing-albeit extraterritorially-expressly directed at forum); Sunward Electronics, Inc., supra., 362 F.3d at 24 (holding that due process requirements met in addition to CPLR §302(a)(1) where defendant's contacts with New York were continuous and substantial).

Therefore, Torres' motion pursuant to Fed.R.Civ.P. 12(b)(2) based upon lack of personal jurisdiction should be denied.

17

Point II

Torres' Motion Should Be Denied
Because Venue In New York Is Proper

Torres further argues that even if this court has personal jurisdiction over him in this action, venue is improper pursuant to 28 U.S.C. §1391.  Dk. No.  Point II at 8-9.

However, in an action for copyright infringement, venue is controlled by 28 U.S.C. §1400(a), not by §1391 cited by Torres. Section 1400(a) provides:

> (a) Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights...may be instituted in the district in which the defendant or his agent may be found.

28 U.S.C. §1400(a).

As explained above in Point I, Torres' "agent" ASCAP may be found in New York.  Dk. No. 1 at ¶¶ 33 (Torres is a member of ASCAP); 34 ("ASCAP is located in New York City, New York."). Therefore, venue in New York is proper.  See Meyer v. Sharron, 1986 WL 8311 (S.D.N.Y. July 24, 1986) (holding that venue in copyright action pursuant to 28 U.S.C. §1400(a) was proper in New York where defendants used ASCAP to licensed songs to radio stations and other users of music in New York and elsewhere and stating that for copyright venue purposes a defendant is subject to venue where he is subject to personal jurisdiction).

18

As also explained above in Point I, Torres is subject to personal jurisdiction in New York.  "'It is well-established that a defendant 'may be found' in any district which he is amenable to personal jurisdiction; thus, venue and jurisdiction are coextensive.'".  <u>Capitol Records, Inc.</u>, <u>supra.</u>, 2004 WL 405961 at *1 (citations omitted).  Thus, venue is proper in New York.

Therefore, venue is proper and Torres' motion pursuant to Fed.R.Civ.P. 12(b)(3) based upon alleged improper venue should be denied.

Point III

The Complaint Should Not Be
Dismissed Because It States A Claim
For Copyright Infringement Against Torres

Torres' final argument is that the Complaint fails to state a claim.  Dk. No. 7 at Point III.  The sole basis for this portion of the motion is: "Here, the District of Puerto Rico has already determined that plaintiff has no claim.  (Exhs. A, B and C.)".  Id. at 10.

Torres bases his argument on three documents in the 2002 Action: "Judgment in a Civil Case", Minutes concerning jury instructions and Verdict Form: J&N Records.  Dk. No. 8 at Ex. A-C.  These documents may not be considered on Torres' pre-answer Rule 12(b)(6) motion.

> '"In considering a motion to
> dismiss for failure to state a
> claim under Fed.R.Civ.P. 12(b)6), a
> district court must limit itself to
> facts stated in the complaint or in
> documents attached to the complaint
> as exhibits or incorporated in the
> complaint by reference."'

Newman & Schwartz v. Asplundk Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996) (reversing district court grant of 12(b)(6) motion based upon material not in the pleadings).  Therefore, since these documents are the only basis for this portion of the motion, Torres' Rule 12(b)(6) motion should be denied.

Furthermore, even assuming arguendo that Torres' three exhibits from the 2002 Action may be considered, based upon those documents this portion of the motion is without merit and should be denied. The 2002 Action did <u>not</u> involve Plaintiffs. Dk. No. 8 at Ex. A-C. Torres does not claim or offer any evidence that Plaintiffs were in privity with any of the defendants in the 2002 Action. Dk. No. 6-9. Torres does not argue or cite or attach any document showing that Plaintiffs were parties to the 2002 Action. <u>Id.</u> The "Judgment in a Civil Case" and "Verdict Form: J&N Records" relied upon by Torres do not mention Vasquez or Campesino and do not make any finding of fact or award any judgment against them. Dk. No. 8 at Ex. A; C. In fact, the documents relied upon indicate that the judgment was based upon an alleged infringement of "Noche de Fiesta", <u>not</u> "Nena Linda", as used on a record entitled Merenhits '94. <u>Id.</u> at A; C. No claim of copyright infringement of "Noche de Fiesta" is in issue in this action. Dk. No. 1.

Under the circumstances, Torres' argument is unsupported by any facts or proof and is without a legal basis. Therefore, accepting the allegations as true and construing the Complaint most favorably to Plaintiffs, Torres' motion pursuant to Fed.R.Civ.P. 12(b)(6) must be denied. <u>See Liebowitz v. Cornell University</u>, -- F.3d -- , 2006 WL 1046212 at *5 (2d Cir. April 21, 2006) (on Rule 12(b)(6) motion court construes complaint

21

liberally, accepts all factual allegations as true and draws all inferences in favor of plaintiff and "A court may not dismiss an action 'unless is appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'");  <u>Twombly v. Bell Atlantic Corp.</u>, 425 F.3d 99, 106 (2d Cir. 2005) (same).

22

<u>Conclusion</u>

By reason of the foregoing, Torres' motion to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(2), (3) and (6) should be <u>denied</u>.

Dated: New York, New York

April 28, 2006

Borstein & Sheinbaum
Attorneys For Plaintiffs

By: _James B. Sheinbaum_

James B. Sheinbaum (JS 0291)

420 Lexington Avenue
Suite 2920
New York, New York 10170
(212) 687-1600

23

```
*********************
***  TX REPORT  ***
*********************

TRANSMISSION OK

TX/RX NO              1078
RECIPIENT ADDRESS     16463280121
DESTINATION ID
ST. TIME              04/28 15:21
TIME USE              04'20
PAGES SENT            51
RESULT               OK
```

THE LAW FIRM OF
# BORSTEIN & SHEINBAUM
420 LEXINGTON AVENUE, SUITE 2920
NEW YORK, N.Y. 10170-0002

LEON BAER BORSTEIN
JAMES B. SHEINBAUM*
*ALSO ADMITTED IN GEORGIA
FLORIDA AND CALIFORNIA

(212) 6
FAX (212)

April 28, 2006

**By Fax (914) 390-4152**

Hon. Collen McMahon
U.S. District Judge
United States Courthouse
200 Quarropas Street, Room 533
White Plains, New York 10601-4150

Re: Vasquez et al. v. Torres-Negron, 06 Civ. 619 (CM) (S.D.N.Y.)

Dear Judge McMahon:

I am enclosing a courtesy hard copy of Plaintiffs' Affidavit In Opposition with three exhibits and Memorandum of Law in opposition to Defendant Torres-Negron's Pre-answer Rule 12 (b) Motion in the above captioned action.

Respectfully submitted,

James B. Sheinbaum

cc: William R. Bennett, III, Esq.
Fax No. (646) 328-0121

```
**********************
***  TX REPORT  ***
**********************

TRANSMISSION OK

TX/RX NO              1077
RECIPIENT ADDRESS     19143904152
DESTINATION ID
ST. TIME              04/28 15:16
TIME USE              04'31
PAGES SENT              51
RESULT                OK
```

THE LAW FIRM OF

# BORSTEIN & SHEINBAUM

420 LEXINGTON AVENUE, SUITE 2920
NEW YORK, N.Y. 10170-0002

LEON BAER BORSTEIN
JAMES B. SHEINBAUM*

*ALSO ADMITTED IN GEORGIA
FLORIDA AND CALIFORNIA

(212) 6
FAX (212

April 28, 2006

**By Fax (914) 390-4152**

Hon. Collen McMahon
U.S. District Judge
United States Courthouse
200 Quarropas Street, Room 533
White Plains, New York 10601-4150

Re: <u>Vasquez et al. v. Torres-Negron, 06 Civ. 619 (CM)  (S.D.N.Y.)</u>

Dear Judge McMahon:

I am enclosing a courtesy hard copy of Plaintiffs' Affidavit In Opposition with three exhibits and Memorandum of Law in opposition to Defendant Torres-Negron's Pre-answer Rule 12 (b) Motion in the above captioned action.

Respectfully submitted,

James B. Sheinbaum

cc: William R. Bennett, III, Esq.
    Fax No. (646) 328-0121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIPE ROBLES VASQUEZ p/k/a RALDY      )
VASQUEZ and CAMPESINO ENTERTAINMENT    )
GROUP, INC.,                           )
                  Plaintiff,           )
                                       )      06 Civ. 0619(CM)
                                       )
                                       )
             v.                        )  **CERTIFICATE OF SERVICE**
                                       )
FERNANDO TORRES NEGRON, TOMARA         )
SOSA-PASCUAL and JULIO DE LA           )
ROSA-RIVE,                             )
                                       )
                  Defendants.          )
---------------------------------------  )

        I HEREBY CERTIFY that on April 28, 2006, a true and correct
copy of Plaintiffs' "Affidavit In Opposition" with three exhibits
and Plaintiffs' "Memorandum of Law In Opposition To Defendant
Torres-Negron's Pre-Answer Motion To Dismiss Pursuant To
Fed.R.Civ.P. 12(b) (2), (3) and (6)" was served on William R.
Bennett, III, Esq., Defendants' attorney in this action, by
facsimile to the following number:

                William R. Bennett, Esq.
                Fax No. (646) 328-0121


Dated: New York, New York
       April 28, 2006

                        By: James B. Sheinbaum
                            James B. Sheinbaum(JS 0291)

                            Borstein & Sheinbaum
                            Attorney for Plaintiffs
                            420 Lexington Avenue, Suite 2920
                            New York, NY 10170
                            Tel: (212) 687-1600