UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────x

FELIPE ROBLES VASQUEZ p/k/a
RALDY VASQUEZ and CAMPESINO MUSIC
ENTERTAINMENT GROUP, INC.,

               Plaintiffs,

    -against-                                          06 Civ. 619 (CM)

FERNANDO TORRES NEGRON,
TAMARA SOSA-PASCUAL and
JULIO DE LA ROSA-RIVE,

               Defendants.

───────────────────────────────────────────x

### DECISION AND ORDER DENYING MOTION TO DISMISS

**McMahon, J.:**

      The complaint in this action alleges that plaintiff Vasquez composed the words and music to a musical composition entitled *Nena Linda* in 1992; that Vasquez properly registered his copyright in Nena Linda with the United States Copyright Office and received Certificate of Registration of Copyright PA-1-267-305, which includes, inter alia, *Nena Linda*. He sues defendant Fernando Torres Negron for copyright infringement on that copyright via a song entitled *Noche de Fiesta*, which he composed and registered with the copyright office, and for which he received Certificate of Registration No. Pau 2-624-261. Specifically, plaintiff alleges that the rhythm and music of *Noche de Fiesta* was based on *Nena Linda*. Indeed, he alleges that Torres Negron was asked by someone named Ruben Canuclas to compose words to the tune and rhythm of a song on a cassette tape, which song plaintiff believes was *Nena Linda*. Vasquez and Campesino Music, the exclusive world wide administrator of the musical composition and sound recording of *Nena Linda*, have sued Torres Negron – a resident of Puerto Rico who has never left that island – for copyright infringement. He seeks to annul the certificate of copyright registration for *Noche de Fiesta*, and to recover royalties paid to Torres Negron for that song.

      Torres Negron seeks dismissal of the complaint on the grounds that the court lacks personal jurisdiction over him (Fed. R. Civ. P. 12(b)(2)), that venue in this district is improper (Fed. R. Civ. P. 12(b)(3)), and that the complaint fails to state a cause of action (Fed. R. Civ. P. 12(b)(6)).

      For the reasons stated below, the motion is denied on all grounds.

**1. Motion to Dismiss for Lack of Personal Jurisdiction (Rule 12(b)(2))**

Torres Negron avers that he has never been in New York and has no contacts with the state that whatever.

With one exception, plaintiff does not contend otherwise. The one exception, which is the subject of allegations in the pleadings, is this: plaintiff alleges that Torres Negron is doing business in New York through an agent. Torres Negron is a member of ASCAP, which is located in New York City, and uses ASCAP as its agent for the collection of royalties. Plaintiff attaches to his opposition to the motion to dismiss a copy of a 1994 agreement between Torres Negron and ASCAP, which relates specifically to *Noche de Fiesta*, and which grants ASCAP a non-exclusive right of public performance in *Noche de Fiesta*. This permits ASCAP to license performances of *Noche de Fiesta* and to collect royalties on those performances and remit them to Torres Negron.

The question is whether Torres Negron's use of ASCAP, in New York, to license performances of and collect royalties on his song is sufficient to subject him to the in personam jurisdiction of this court.

The governing statute, CPLR 302(a), is New York's long-arm statute. It provides:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

(1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or

(2) commits a tortious act within the state, except as to a cause of action for defamation or character arising from the act; or

(3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; . . .

This statute must be read against the Fourteenth Amendment's Due Process Clause, which permits a state to exercise personal jurisdiction over a non-resident defendant if that defendant has "certain minimum contacts [with the state]. . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Calder v. Jones, 465 U.S.

783 (1984) (internal citations and quotation marks omitted). The plaintiff must also show that the defendant purposefully availed himself of the privilege of doing business in the forum state, so that the defendant could foresee being haled into court in that state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  Because CPLR 302 does not reach as far as the constitution permits, if a defendant is amenable to long-arm jurisdiction in New York, the constitutional standard is satisfied. Firma Melodiya v. ZYX Music GMBH, No. 94 Civ. 6798, 1995 WL 28493, *3 (S.D.N.Y. Jan. 25, 1995).

To defeat the motion to dismiss for lack of personal jurisdiction, plaintiff need only make a prima facie showing that jurisdiction exists. Hoffritz for Cutlery, Inc, v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985).

Plaintiff alleges that Torres Negron is transacting business in New York by virtue of his exploitation of *Noche de Fiesta* through the medium of his contract partner, ASCAP. In the Firma Melodiya case cited above, Judge Chin of this court concluded that granting a license to a third party to exploit recordings in the US and marketing of recordings in New York was sufficient to confer *in personam* jurisdiction under the long-arm statute's "transacting business" test. Id. In fact, a quarter century ago, this court held in Greenky v. Irving Music, Inc., No. 80 Civ. 2776, 1981 WL 1370 (S.D.N.Y. July 13, 1981), that a music licensing agreement between BMI and a non-domiciliary was sufficient to establish personal jurisdiction in New York in a copyright infringement action, because the claim of copyright infringement arose out of the licensing contract. This is true regardless of where the license was executed. Firma Melodiya, *supra,* 1995 WL 28493 at 2.

The situation is no different here. Plaintiff alleges that Torres Negron has a contract with ASCAP, a New York entity, pursuant to which ASCAP licenses the very piece of music that allegedly infringes plaintiff's copyright. As plaintiff points out in his opposition to the motion to dismiss, ASCAP's licensing of *Noche de Fiesta* "is part of the alleged copyright infringement." Brief at 11-12. Therefore, New York will extend long-arm jurisdiction over Torres Negron in this particular lawsuit pursuant to C.P.L.R. 302(a)(1).

Additionally, by offering to license *Noche de Fiesta* through ASCAP in New York, Torres Negron has allegedly committed a tort in New York that confers long-arm jurisdiction under C.P.L.R. 302(a)(2). Editorial Musical Latino Americana v. Mar Int'l Records, Inc., 829 F. Supp. 62, 64 (S.D.N.Y. 1993).

Finally, the complaint alleges that plaintiff Campesino Entertainment Group, the entity that is the worldwide administrator of *Nena Linda*, is located in New York.  If Torres Negron is committing copyright infringement, he may be tortiously interfering with Campesino's contract, which would provide yet another basis for long-arm jurisdiction – C.P.L.R. 302(a)(3) – as long as Torres Negron reasonably expected that his conduct would have consequences in the state and that he would receive revenue from interstate or international commerce. As was held in Firma Melodiya, *supra.*, 1995 WL 28493 at *4, it is objectively reasonable to expect that ASCAP would exploit Torres Negron's song in New York.

Thus, under all three prongs of the New York long-arm statute, personal jurisdiction attaches.

### 2. Motion to Dismiss for Improper Venue (Fed. R. Civ. P. 12(b)(3))

For purposes of copyright litigation, venue is proper if *in personam* jurisdiction is proper. 28 U.S.C. § 1400(a); Meyer v. Sharron, No. 86 Civ. 9291, 1986 WL 8311 (S.D.N.Y. July 24, 1986). Since this court has personal jurisdiction over Torres Negron, venue is proper in this court.

### 3. Motion to Dismiss for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6))

Defendant seeks dismissal of the complaint for failure to state a cause of action, on the ground that the United States District Court in the District of Puerto Rico has already adjudicated the ownership of copyright in *Noche de Fiesta* in favor of defendant Torres Negron.

On its face, the complaint states a cause of action. It pleads that the plaintiff composed *Nena Linda*; that he holds a certificate of registration from the Copyright Office for that song; and that defendant Torres Negron infringed his copyright by writing new words to a melody and rhythm similar or identical to *Nena Linda*. There is no basis to grant a motion under Rule 12(b)(6).

What defendant is actually doing is moving for summary judgment on the ground of res judicata, not moving to dismiss for failure to state a claim. The basis for that application is a judgment entered by the United States District Court for the District of Puerto Rico in an action brought by Torres Negron against an enterprise called J&N Records. In two consolidated actions (Civ. No. 02-1728 anc 02-1729), a jury answered "yes" to the following question on the verdict form: "Do you find by a preponderance of the evidence that Plaintiff Fernando Torres-Negron was the original author of the lyrics and the music of the song 'Noche de Fiesta?'" (Notice of Motion, Ex. C).

Plaintiff is correct that this document cannot be considered on a Rule 12(b)(6) motion. Moreover, the court would decline to convert the motion to one for summary judgment, because it would inappropriate to do so in this case at this time. The caption of the Puerto Rican action does not list either of the plaintiffs in this case as a party. And as plaintiff correctly points out, the Puerto Rican actions only determined whether some other composition infringed *Noche de Fiesta* – not whether *Noche de Fiesta* infringed *Nena Linda*. It is possible, of course, that the parties defendant in the Puerto Rican actions are united in interest with plaintiff, or that *Nena Linda* was involved in the Puerto Rican lawsuit, but none of that is apparent on the record before this court.

The Rule 12(b)(6) motion is denied.

this court.

    The Rule 12(b)(6) motion is denied.

## Conclusion

    The Clerk of the Court is directed to mark the motion to dismiss "denied" and to remove it from the Court's calendar. The parties are directed to appear for a conference as previously scheduled, this Friday, May 19.

    This constitutes the decision and order of the court.

Dated: May 16, 2006

                                                     U.S.D.J.

BY FAX TO ALL COUNSEL