**Bennett, Giuliano, McDonnell & Perrone, LLP**
**Attorneys for Defendant Fernando Torres-Negrón**
225 West 34th Street, Suite 402
New York, New York 10122
Telephone: (646) 328-0120
Fax: (646) 328-0121
**William R. Bennett, III (WB 1383)**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
FELIPE ROBLES VÁSQUEZ p/k/a RALDY　　　　　NO. 06 CV 0619
VÁSQUEZ and CAMPESINO MUSIC　　　　　　　　(Mc Mahon)
ENTERTAINMENT GROUP, INC.,

　　　　　　　　　　　Plaintiffs,

　　　-against-

FERNANDO TORRES NEGRÓN,

　　　　　　　　　　　Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO CHANGE VENUE PURSUANT TO 28 U.S.C. § 1404**

　　　Defendant Fernando Torres-Negrón, through his attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, respectfully submits herein this Memorandum of Law in support of his motion pursuant to 28 U.S.C. § 1404 to change the venue of the action to the United States District Court for the District of Puerto Rico.

**Facts**

　　　The action at bar is a copyright infringement suit intimately related to an action tried before a jury in the District of Puerto Rico. Plaintiffs were familiar with the action in the District of Puerto Rico and should have intervened in that action, instead of pursuing their claims here.

In 2002, the defendant Fernando Torres-Negrón commenced an action in the United States District Court for the District of Puerto Rico against Antonio Rivera and others for copyright infringement in a matter entitled <u>Fernando Torres-Negrón v. Antonio Rivera, et al, Civ No. 02-1728 (HL) Civ. No. 02-1729(HL)</u>, ("the Puerto Rico Action"). On February 2, 2006, during the second day of trial in the Puerto Rico Action, plaintiff in this action, Mr. Vásquez, testified that he composed versions of the song "Nena Linda" and that Mr. Torres-Negrón copied significant elements of the underlying melody of "Nena Linda" when he composed "Noche de Fiesta"; the song at issue in the Puerto Rico Action.

The trial in the Puerto Rico Actions ended on February 22, 2006 in favor of Mr. Torres-Negrón. (Bennett Aff. Exh. B). Specifically, the jury decided on the issue of originality of the words and music of the song "Noche de Fiesta" in Mr. Torres-Negrón's favor. (Bennett Aff. Exhs. C and D.) Subsequently, on May 24, 2006, the District Court of Puerto Rico entered judgment as a matter of law in favor of defendants in the Puerto Rico Action, specifically holding that "Noche de Fiesta" was an unauthorized derivative work of "Nena Linda". (Bennett Aff .Exh. D.)

The only connection this matter has to New York is that plaintiff Campesino Music Entertainment Group, Inc.'s principal place of business is in New York. However, Campesino's standing in this matter is tenuous at best. It claims to be the "administrator" of plaintiff Vasquez's music composed in 1992; a right it allegedly acquired in late 2005. See Complaint.

The plaintiff composer resides in the Dominican Republic. The defendant is not a resident of New York. He is a lifetime resident of Puerto Rico. (Bennett Aff. Exh. A ¶ 1

2

and 2.)  He does not, and never did, maintain an office, residence, bank account, or P.O. Box in the State of New York.  (Bennett Aff. Exh. A at ¶ 3.)  He does not, and never did, own any real estate in New York.  (Bennett Aff. Exh. A at ¶ 4.)  He has never had any assets in New York.  (Bennett Aff. Exh. A at ¶ 5.)  He does not, and never did, transact business in New York.  (Bennett Aff. Exh. A at ¶ 6.)  It would be inconvenient and unjust to drag the defendant into this forum.  The events alleged in the Complaint have limited or no connection to New York and the issues raised by the instant action have already been decided in the Puerto Rico Action.

## Discussion

28 U.S.C. §1404(a) of the United States Code provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A "district or division where it might have been brought" is a district where venue might have been proper and where the defendant would have been subject to process. Hoffman v. Blaski, 363 U.S. 335, 344, 80 S.Ct. 1084, 1090, 4 L.Ed.2d 1254 (1960).  As the Court knows, in addressing a transfer motion, the first question is whether the action could have been brought in the proposed transferee district.  The answer to that question in this action is, yes.  The defendant resides in Puerto Rico.

"Motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." In re Cuyahoga Equipment Corp., 980 F.2d 110, 117 (2d Cir.1992) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988)). The purpose of section 1404(a) "is to prevent the waste 'of time, energy and money' and 'to

3

protect litigants, witnesses and the public against unnecessary inconvenience and expense····' " Hernandez v. Graebel Van Lines, 761 F.Supp. 983, 986 (E.D.N.Y.1991) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964)). Here, it would be a waste of time, energy, and money for this court to adjudicate this action when another district court is intimately familiar with the subject matter.

Relevant factors for the Court to consider in making this decision include: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the weight accorded to plaintiff's choice of forum; (6) a forums' familiarity with the governing law; (7) trial efficiency and (8) the interest of justice. See, e.g., Berry v. New York State Dept. of Correctional Services, 808 F.Supp. 1106, 1110 (S.D.N.Y.1992) (quoting Brierwood Shoe Corp. v. Sears Roebuck, 479 F.Supp. 563, 565 (S.D.N.Y.1979)); Gibbs & Hill, Inc. v. Harbert Int'l, Inc., 745 F.Supp. 993, 996 (S.D.N.Y.1990); Schieffelin & Co. v Jack Co. of Boca, Inc., 725 F.Supp. 1314, 1321 (S.D.N.Y. 1989); Turner v. Hudson Transit Lines, Inc., 724 F.Supp. 242, 243 (S.D.N.Y.1989); Schneider v. Sears, 265 F.Supp. 257, 263 (S.D.N.Y.1967).

Because of the prior relationship the issue in this case has had with the District of Puerto Rico, all of the factors a Court should consider when deciding to exercise its discretion and transfer a matter pursuant to 28 U.S.C. §1404 are present here. The District Court in Puerto Rico is fully familiar with the issues and applicable law, and, in fact, has made rulings that impact this matter. The parties and relevant witnesses have already appeared before the District Court of Puerto Rico, submitted evidence to the Court, and participated in a jury trial that is related to this action.

In addition, the second part of the jury trial in the Puerto Rico Action and a second related case filed prior to this matter, are presently pending in the District Court of Puerto Rico.

In Rodgers v. Northwest Airlines, Inc., 202 F.Supp. 309 (S.D.N.Y. 1962) the Court held that there is a strong policy favoring the litigation of related claims in the same tribunal. While such factors are not controlling, they are relevant and must be weighed in the balance. Rodgers v. Northwest Airlines, Inc., 202 F.Supp. at 312, citing Chicago, Rock Island and Pacific Railroad Co. v. Igoe, 220 F.2d 299, 303 (7 Cir. 1955), cert. den. 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735; United States v. General Motors Corp., 183 F.Supp. p. 860; Coffill v. Atlantic Coast Line Railroad Co., 180 F.Supp. 105, 107-108 (E.D.N.Y.1960); Sypert v. Bendix Aviation Corp., 172 F.Supp. 480, 486 (N.D.Ill.1958), petition for mandamus denied, 266 F.2d 196, cert. den. 361 U.S. 832, 80 S.Ct. 82, 4 L.Ed.2d 74; Peyser v. General Motors Corp., 158 F.Supp. 526, 530 (S.D.N.Y.1958); Cressman v. United Air Lines, 158 F.Supp. at 407; Winsor v. United Air Lines, 153 F.Supp. 244, 247 (E.D.N.Y.1957); United States v. E. I. DuPont De Nemours & Co., 83 F.Supp. 233, 235 (D.D.C.1949).

The benefits and advantages to all parties in having related actions considered in one jurisdiction under one judge are obvious. Because the District of Puerto Rico is familiar with the matter, pre-trial proceedings will be conducted more efficiently, duplication of time and effort will be avoided and the benefit to witnesses and to the parties is attending a familiar court is plain. Furthermore, to require defendants to relitigate the issue of liability in this forum would be vexatious and would not serve the ends of justice. The transfer of this case to the District Court of Puerto Rico is in the

interest of sound judicial administration and will result in a speedier and more efficient disposition of the litigation.

Considering all the factors mentioned above, it is plain that defendant Torres-Negrón has discharged his burden of showing that a transfer of this action to the District of Puerto Rico, would serve the convenience of parties and witnesses and would be in the interest of justice within the meaning of 28 U.S.C. § 1404.

## **CONCLUSION**

For the reasons stated herein above, the motion of defendant to transfer their actions to that district should be granted.

Dated: New York, New York
      June 20, 2006

                              Bennett, Giuliano, McDonnell & Perrone, LLP

                                             **/S/**
                              William R. Bennett, III
                              225 West 34th Street, Suite 402
                              New York, New York 10122
                              Telephone:    (646) 328-0120

I HEREBY CERTIFY that I filed electronically the foregoing with the ECM/EF system of the Court on June 20, 2006, which should notify, and provide an exact copy of same to, James Scheinbaum, Esq.

                                                                           _____/S/_____
                                                           WILLIAM BENNETT III (WB 1383)
                                                           Tel.   (646) 328-0120
                                                           Fax.  (646) 328-0121

Z:\Documents\All Files\D492 Campesino Ent\Pleadings\MemoLawTransfer-060806.doc