UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FELIPE ROBLES VASQUEZ p/k/a RALDY
VASQUEZ and CAMPESINO ENTERTAINMENT        06 Civ. 0619(CM)
GROUP, INC.,


                        Plaintiffs,


        -against-


FERNANDO TORRES NEGRON, TAMARA
SOSA-PASCUAL and JULIO DE LA
ROSA-RIVE,


                        Defendants.

------------------------------------X




            Plaintiffs' Memorandum Of Law In Opposition
               To Defendant's Motion To Change
               Venue Pursuant to 28 U.S.C. §1404(a)






                    **BORSTEIN & SHEINBAUM**
              **420 Lexington Avenue, Suite 2920**
                   **New York, New York 10170**
                     **Tel.: (212) 687-1600**
                     **Fax:  (212) 687-8710**

# TABLE OF CONTENTS

Page

Table of Contents ................................... i

Table of Authorities ............................... ii

Introduction ....................................... 1

The Parties ........................................ 2

The Relevant Background ............................ 3

    A.    The Complaint ............................. 3

    B.    Torres' Prior Unsuccessful
          Venue Motion In This Action ............... 4

    C.    The Rule 26 Initial Disclosures ........... 4

    D.    The Puerto Rican Actions .................. 5

The Argument ....................................... 7

    Point I    Torres' Motion Should Be Denied
              Because Torres Has Not Met His
              Burden To Show That Puerto Rico
              Is A More Convenient Forum ............. 7

              A.    The Applicable Statute And
                     Rules Governing 1404(a) Motions .... 7

              B.    Torres Has Not Met His Heavy Burden
                     To Demonstrate That Transfer Is
                     Appropriate ....................... 9

    Point II  Transfer Based Upon The 2002 Action
              Is Not Appropriate Because The 2002
               Action Is Not A Related Action or
              Based Upon A Related Claim ............. 14

Conclusion ......................................... 17

TABLE OF AUTHORITIES

Page

<u>Cases</u>

<u>Capitol Records, Inc. v. Kuang DYI Co. of RM</u>,
   2004 WL 405961 at *4 (S.D.N.Y. March 4, 2004)....... 12

<u>Cavu Releasing, LLC v. Fries</u>,
   419 F.Supp.2d 388 (S.D.N.Y. 2005).................. 10

<u>Dam Things from Denmark v. Russ Berrie & Co., Inc.</u>,
   290 F.3d 548 )3rd Cir. 2002)....................... 15

<u>Editorial Musical Latino Americana S.A. v.
   Mar International Records, Inc.</u>,
   829 F.Supp. 62, (S.D.N.Y. 1993).................. 7, 8

<u>Fernando Torres-Negron v. Antonio L. Rivera, et als</u>,
   02 Civ. 1728 (HL) (D. Puerto Rico) ............. 2, 3, 5

<u>Fernando Torres-Negron v. J&N Publishing, et als</u>,
   05 Civ. 1216 (JAG) (D. Puerto Rico) ............. 2, 5

<u>Filmline (Cross-Country) Productions, Inc. v.
   United Artists Corp.</u>,
   865 F.2D 513 (2d Cir. 1989) ...................... 7

<u>Linzer v. EMI Blackwood Music, Inc.</u>,
   904 F.Supp. 207 (S.D.N.Y. 1995) .................. 7

<u>Orb Factory, Ltd v. Design Science Toys, Ltd.</u>,
   6 F.Supp.2d 203 (S.D.N.Y. 1998) ................. 8, 10

<u>Statutes and Rules</u>

28 U.S.C. §1400(a)  ................................ 10

28 U.S.C. §1404(a)  ........................... 7, 11, 17

-ii-

Introduction

Defendant Fernando Torres-Negron ("Torres") moves to change venue from this Court to the Federal District Court in Puerto Rico. Dk. No. 16. The principal grounds for his motion are: Torres resides in Puerto Rico and a federal judge sitting in the Federal District Court in Puerto Rico is familiar with the issues concerning Torres' alleged copyright infringement of Vasquez's musical composition entitled Nena Linda based upon evidence given during a trial involving another song. Dk. No. 17 and Def. Memo. at 2, 5-6.

As explained below, the motion should be denied. Vasquez and Torres are not involved in any pending action in the Federal District Court in Puerto Rico. The Puerto Rican in which Vasquez testified as a witness concerning Nena Linda was dismissed on May 24, 2006. Dk. No. 18 and Bennett Aff. Ex. E at 23; Pl. Aff. Ex. 1. According to the parties' respective Rule 26 Initial Disclosures, except for Vasquez and Torres, the principal witnesses (including three nonparties who will testify concerning infringement and damages) are located in New York. Id. Ex. 2-3. One of the main acts of alleged infringement, Torres' licensing of the song Noche de Fiesta through ASCAP, occurred in New York. Dk. No. 1 at ¶¶ 33-35. The documents concerning ASCAP's agreement with Torres, licensing of Noche de Fiesta and royalty payments are in New York. Pl. Aff. Ex. 2. This Court is as

1

familiar with the Copyright Act and copyright infringement cases as the Federal District Court in Puerto Rico.  Accordingly, it would be inconvenient and not in the interest of justice to transfer this action to the Federal District Court in Puerto Rico.  Therefore, Torres' motion should be denied.

<u>The Parties</u>[1]

Plaintiff Felipe Robles Vasquez p/k/a Raldy Vasquez ("Vasquez") is the composer of the copyrighted musical composition entitled "Nena Linda".[2]  Dk. No. 1 at ¶¶ 9; 14.

Plaintiff Campesino Entertainment Group, Inc. ("Campesino")

---

[1]

  Plaintiffs have agreed to dismiss the action without prejudice against the remaining defendants Tomara Sosa-Pascual and Julio Rosa-Rive.

[2]

  The facts and circumstances are taken from the Complaint, Dk. No. 1, the Affidavit In Opposition of James B. Sheinbaum, sworn to on June 30, 2006 and the exhibits attached thereto ("Pl. Aff.") and Defendant Torres' papers submitted in support of his motion, Dk. Nos. 16-19.

  Plaintiffs request the Court to take judicial notice of the court filings in this action, the court filings in an action entitled <u>Fernando Torres-Negron v. Antonio L. Rivera-Lopez, et al.</u>, 02 Civ. 1728(HL) (D. Puerto Rico), and the court filings in an action entitled <u>Fernando Torres-Negron v. J&N Publishing et al.</u>, 05 Civ. 1216(JAG) (D. Puerto Rico).  Fed.R.Evid. 201(c) ("A court may take judicial notice, whether requested or not."); Fed.R.Evid. 201(d) ("A court shall take judicial noticeif requested by a party and supplied with the necessary information.").  The court filings referenced in this Memorandum are available on line through the federal electronic filing system.

2

is a New York corporation with offices in Pomona, New York.  Id. at ¶2.  Campesino is the exclusive worldwide administrator of "Nena Linda".  Id. at ¶39.  Campesino's administration includes the exclusive worldwide rights of exploitation and collection of revenue and royalties from exploitation of "Nena Linda".  Id. at ¶40.

Defendant Fernando Torres-Negron ("Torres") is the alleged author of a words and rhythm of song entitled "Noche de Fiesta". Id. at ¶20.


The Relevant Background And Circumstances


A.    The Complaint

This action is for copyright infringement.  Dk. No. 1.  The Complaint alleges that "Noche de Fiesta" infringes on "Nena Linda", Torres has collected royalties for exploitation of "Noche de Fiesta" through ASCAP licenses issued in New York and, in addition, Torres collected money through settlement against certain defendants based upon the alleged infringing use of "Noche de Fiesta" in an action entitled Fernando Torres-Negron v. Antonio L. Rivera-Lopez, et al., 02 Civ. 1728(HL) (D. Puerto Rico) ("2002 Action").  Id. at ¶¶ 35, 36, 38, 43-47.

3

B.   Torres' Prior Unsuccessful
     Venue Motion In This Action

     Torres already made a Rule 12(b) pre-answer motion to

dismiss this action based upon improper venue.  Dk. No. 6.  This

Court denied that motion and found that venue was proper.  Dk.

No. 13 (reported at 2006 WL 1378181 (S.D.N.Y. May 16, 2006).


C.   The Rule 26 Initial Disclosures


     On June 20, 2006, Torres served his Rule 26 initial

disclosures.  Pl. Aff. Ex. 3.  According to his disclosures, he

is the only witness in Puerto Rico and, except for Vasquez, all

of the other listed witnesses are located in New York.  Id.

Plaintiffs served their Rule 26 initial disclosures on June 7,

2006.  Id.  Ex. 2.  Torres is the only witness in Puerto Rico.

Id.  All of the other witnesses are in New York with the

exception of Vasquez who consents to this venue.  Id.

     With respect to documentary proof, according to the parties'

respective Rule 26 initial disclosures, the principal documents

appear to be publicly available records (pleadings and copyright

certificates) and a small amount of other documents (deposition

and trial transcripts in the 2002 Action), ASCAP contracts,

statements and checks, settlement agreements and accompanying

checks with SonyBMG and EMI-Latin that can be copied and

4

exchanged and compact disc or audio cassette copies of publicly distributed recordings containing Nena Linda and Noche de Fiesta. Id. Ex. 2-3.


D.    The Puerto Rican Actions

As alleged in the Complaint, Torres commenced two actions in Puerto Rico alleging that the song entitled Noche de Fiesta has been exploited without his permission: Torres-Negron v. Rivera, et al., 02 Civ. 1728(HL) (D. Puerto Rico) ("2002 Action") and Torres-Negron v. J&N Publishing, et al., 05 Civ. 1216 (JAG) (D. Puerto Rico) ("2005 Action").  Dk. No. 1 at ¶¶ 20-21.  Vasquez is not a party in those actions.

The 2002 Action went to trial in February 2002.  Dk. No. 18 and Bennett Aff. at Ex. A; Ex. E at 8.  Vasquez testified concerning authorship of Nena Linda at the trial.  Dk. No. 17 and Def. Memo. at 2.  After trial, as a matter of law, District Judge Hector Laffitte dismissed all of Torres' claims based upon Noche de Fiesta.  2002 Action Dk. Nos. 488; 489; Dk. No. 18 and Bennett Aff. Ex. E at 23; Pl. Aff. Ex. 1.  In pertinent part, Judge Laffitte ruled that Noche de Fiesta was an unauthorized derivative of Vasquez's Nena Linda.  Dk. No. 18 and Bennett Aff. Ex. E at 14-17.  Final judgment dismissing all of Torres' claims based on Noche de Fiesta was entered on May 24, 2006.  2002 Action Dk. No. 489; Pl. Aff. Ex. 1.

In the 2005 Action, Torres also alleged that he was the copyright owner of Noche de Fiesta and that the defendants in that action exploited that song without his permission.  Dk. No. 1 at ¶20.  At an initial scheduling conference held on February 3, 2006, Chief United States Magistrate Judge reported that many of the issues in the case will be addressed in the 2002 Action. Pl. Aff. Ex. 4.  Since that report and the trial in the 2002 Action, there has not been any further substantive activity in the 2005 Action.  Id. Ex. 5.

The Argument:

## Point I

Torres' Motion Should Be Denied
Because Torres Has Not Met His
Burden To Show That Puerto Rico
Is A More Convenient Forum

Torres moves to transfer this action to the Federal District Court in Puerto Rico pursuant to 28 U.S.C. §1404(a). He argues that his motion should be granted because he is a Puerto Rican resident and the Federal District of Puerto Rico is "intimately familiar with the subject matter" of this action based on the trial in 2002 Action. Dk. No. 17 and Def. Memo. at 2-4. As discussed below, Torres has not met his heavy burden to make out a strong case that transfer to the District of Puerto Rico will be more convenient for the parties or witnesses and that transfer is in the interest of justice. Therefore, Torres' motion should be denied.

A.   The Applicable Statute And
     Rules Governing 1404(a) Motions

28 U.S.C. §1404(a) provides:

**Change of Venue**

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

7

"The party seeking venue transfer bears the significant burden of making a clear and convincing showing that a case should be transferred." Editorial Musical Latino Americana S.A. v. Mar International Records, Inc., 829 F.Supp. 62, 66 (S.D.N.Y. 1993); Linzer v. EMI Blackwood Music, Inc., 904 F.Supp. 207, 217 (S.D.N.Y. 1995) ("A transfer should not be granted 'absent a clear cut and convincing showing by defendant that the balance of convenience weighs strongly in favor of the transferee court....'"). See Filmline (Cross-Country) Productions, Inc. v. United Artists Corp., 865 F.2d 513, 521 (2d Cir. 1989) (party seeking transfer has "burden of making out a strong case for a transfer.'"). "'[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" E.g., Editorial Musical Latino Americana S.A., supra., 829 F.Supp. at 66. "The movant 'must support the transfer application with an affidavit containing detailed factual statements relevant to the factors [to be considered by the court in its transfer decision], including the potential principal witness expected to be called and a general statement of the substance of their testimony.'" E.g., Orb Factory, Ltd v. Design Science Toys, Ltd., 6 F.Supp.2d 203, 208 (S.D.N.Y. 1998).

The inquiry on a motion to transfer is two part. The court must first determine whether the action sought to be transferred

8

is one that "might have been brought" in the transferee court.

Id.  If so, then the court must next determine whether,
considering the "convenience of the parties and witnesses" and
the "interests of justice", a transfer is appropriate.  Id.  In
making this determination, the courts consider the following
factors:

> (1) the convenience of witnesses,
> (2) the location of relevant
> documents and the relative ease of
> access to sources of proof, (3) the
> convenience of the parties, (4) the
> locus of operative facts, (5) the
> availability of process to compel
> the attendance of unwilling
> witnesses, (6) the relative means
> of the parties, (7) the forum's
> familiarity with the governing law,
> (8) the weight accorded the
> plaintiff's choice of forum, and
> (9) trial efficiency and the
> interest of justice, based on the
> totality of the circumstances.

Id.  Applying these rules, Torres has not met his burden and
therefore his motion should be denied.


B.  Torres Has Not Met His
    Heavy Burden To Demonstrate
    That Transfer Is Appropriate


     As explained above, the Court must first determine whether
the action could have been brought in Puerto Rico and, if so,

9

then determine whether transfer is appropriate considering the convenience of parties and witnesses and the interest of justice. E.g., Orb Factory, Ltd., supra., 6 F.Supp.2d at 208.

As to the first issue to be determined, it is not disputed that Plaintiffs could have brought this action in the Federal District of Puerto Rico since Torres resides there. 28 U.S.C. §1400(a) (copyright actions "may be instituted in the district in which defendant...resides or may be found.").

With respect to the second issue, the convenience of the parties and witnesses and interest of justice, Torres has not met his burden. Torres merely states that he resides in Puerto Rico and does not own any real property or maintain an office, residence or bank account in New York. Dk. No. 18 and Bennett Aff. Ex. A.

With respect to the other factors to be considered on this motion, Torres has not offered an affidavit containing any detailed factual statements supporting his requested transfer based upon any of the other factors. On this basis alone, Torres has not met his burden and therefore his motion should be denied. See Cavu Releasing, LLC v. Fries, 419 F.Supp.2d 388, 395 (S.D.N.Y. 2005) and cited cases (holding that court will not disturb plaintiff's venue choice where parties did not discuss proof or witnesses necessary to the litigation "since it is defendant's burden to establish the propriety of transferring the

10

action through specific factual statements.").

A review of the factors considered on 1404(a) motions demonstrates that transfer to Puerto Rico is not convenient to the parties and nonparty witnesses and not in the interest of justice.

With respect to the convenience of witnesses, based upon the parties' Rule 26 Initial Disclosures, except for Vasquez who consents to venue in this Court, and Torres, the other listed witnesses (Campesino and four non-parties) reside in New York. Pl. Aff. Ex. 2-3.

With regard to documents and access to documents, based upon the parties' Rule 26 Initial Disclosures, documents concerning the alleged infringing exploitation and royalty payments by ASCAP are in New York, documents concerning the settlements and payments under the settlements are in New York. Id. With respect to copyright certificates and pleadings, these are publicly available and also can be copied and exchanged by the parties. With respect to deposition and hearing transcripts, these can be copied and exchanged by the parties. Likewise, copies of the publicly distributed compact discs and audio cassettes containing Nena Linda and Noche de Fiesta can be produced by the parties and/or purchased.

With respect to operative facts, the Complaint alleges, and

11

Torres does not dispute, that he is a member of ASCAP located in New York City, New York and that ASCAP has licensed Noche de Fiesta and paid him performance royalties.  Dk. No. 1 at ¶¶ 33-35; Dk. No. 20 at ¶¶ 33-35.  Assuming arguendo that Noche de Fiesta infringes on Nena Linda, ASCAP's licensing on Torres' behalf as his agent constitutes copyright infringement in New York.  Dk. No. 18 and Bennett Aff. Ex. E at 14-17 (finding in decision in 2002 Action that Noche de Fiesta is an unauthorized derivative of Nena Linda).

With respect to governing law, the applicable law includes the United States Copyright Act.  Dk. No. 1.  There is no genuine argument that this Court is as familiar with the governing federal copyright law as the Federal District Court in Puerto Rico.  See Capitol Records, Inc. v. Kuang DYI Co. Of RM, 2004 WL 405961 at *4 (S.D.N.Y. March 4, 2004) ("Because this is a simple copyright infringement action, the courts of either forum are presumed to be equally familiar with the governing law.")

With respect to Plaintiffs' choice of New York as the forum, Campesino, the exclusive worldwide administrator of Nena Linda is located in New York.  Dk. No. 1 at ¶¶ 2; 39-40.

There is no evidence that litigation of this case in Puerto Rico will proceed any faster than in this Court.

Thus, Torres has not met his heavy burden to show that a

12

transfer to Puerto Rico is more convenient to witnesses or otherwise appropriate or just.  Indeed, transfer to Puerto Rico would be inconvenient to the majority of the witnesses who are in New York.  It would be unjust and unfair to compel Campesino, the exclusive administrator of Nena Linda who is located in New York, to litigate in Puerto Rico and thereby incur the additional expense to hire local counsel there to prosecute this action and to incur traveling and lodging expenses especially because it is alleged that Torres infringed by licensing Noche de Fiesta through ASCAP in New York.  Dk. No. 1 at ¶¶ 33-35.  Therefore, Torres' motion to change venue pursuant to 28 U.S.C. §1404(a) should be denied.

13

<u>Point II</u>

Transfer Based Upon The 2002 Action Is Not
Appropriate Because The 2002 Action Is Not
<u>A Related Action Or Based Upon A Related Claim</u>


Torres also argues that "[b]ecause of the prior relationship the issue in this case has had with the District of Puerto Rico" this action should be transferred to the Federal District Court in Puerto Rico.  Dk. No. 17 and Def. Memo. at 4.  This argument is without any merit.

The 2002 Action is not pending and was dismissed on May 24, 2006.  Dk. No. 18 and Bennett Aff. Ex. E at 24; Pl. Aff. at Ex. 1.  Thus, the dismissed 2002 Action action cannot be a "related" action to this action.

Moreover, there is no assurance that the case will be transferred to Judge Laffitte (who is on senior status), the Judge in the 2002 Action who Torres claims has familiarity with the issues.  Dk. No. 18 and Bennettt Aff. Ex. E.  If the case is not assigned to Judge Laffitte, but to another Judge in Puerto Rico, that other Judge would be in the same position as this Court, i.e., left with the same decision of Judge Laffitte and same transcripts of 2002 Action trial testimony and the litigation of the claims in this case.

Furthermore, in his pre-answer Rule 12(b) motion Torres

14

argued and sought dismissal of this case based upon his contention that the findings in the 2002 Action are binding on Vasquez. Dk. No. 7.  In this motion, Torres also argues that "the issues raised by the instant action have already been decided in the Puerto Rico Action."  Dk. No. 17 and Def. Memo. at 3.  Assuming arguendo that Torres is correct that the findings in the 2002 Action are binding in this action, then Judge Laffitte's ruling that Noche de Fiesta was an unauthorized derivative of Nena Linda binds Torres in this case and forecloses Torres from disputing that Noche de Fiesta infringes on Nena Linda.  See Dam Things from Denmark v. Russ Berrie & Co., Inc., 290 F.3d 548, 563 (3rd Cir. 2002) ("An author's right to protection of the derivative work only extends to the elements that he has added to the work, he cannot receive protection for the underlying work. Furthermore, if the underlying work is itself protected by copyright, then he will receive no protection at all; on the contrary, **he is a copyright infringer because in order to create his work he has copied from the underlying work.**" (Emphasis added)).  Thus, based on Judge Laffitte's decision that Torres has infringed on Nena Linda because Noche de Fiesta is an unauthorized derivative of Nena Linda, the only remaining issue is Vasquez's damages, an issue not heard or decided in the 2002 Action and not involved in the 2005 Action.  Id.; Dk. No. 18 and Bennett Aff. at Ex. B; D; E; Pl. Aff. Ex. 1.  This Court is able

15

to read and apply the ruling in the 2002 Action as well any Judge in the District of Puerto Rico.  There is no claim by made by Torres that Judge Laffitte or any Judge in the District of Puerto Rico is familiar with the damages alleged by Plaintiffs in this case.  Dk. No. 16-19.  Therefore, any Judge in Puerto Rico would be in the same position as this Court with respect to the alleged damages.[3]

Accordingly, Torres has not met his burden on this motion to show that transfer this case from New York to Puerto Rico is appropriate or just.  Therefore, Torres motion to change venue pursuant to 28 U.S.C. §1404(a) should be denied.

---

[3]  The Complaint alleges a second action in Puerto Rico brought by Torres in 2005 based upon alleged unauthorized exploitation of Noche de Fiesta.  Dk. No. 1 at ¶20.  That second case is assigned to Judge Jay Garcia-Gregory, not Judge Laffitte who presided over the 2002 Action and trial.  Pl. Aff. Ex. 5.  Vasquez is not a party to that action.  Id.  The 2005 Action has been in limbo and there has not been any substantive activity in that case since February 3, 2006 when the Chief Magistrate Judge issued a report indicating that the trial of the 2002 Action could resolve the issue in dispute in the 2005 Action.  Pl. Aff. Ex. 4; 5.  Therefore, there is no genuine basis to transfer this case to Puerto Rico based upon the unrelated 2005 Action pending before a different judge than the 2002 Action.  Moreover based upon Judge Laffitte's decision, assuming arguendo that Torres is correct that Judge Laffitte's decision is binding on him, applying the doctrine of collateral estoppel, the 2005 Action is subject to dismissal as a matter of law.

16

<u>Conclusion</u>

By reason of the foregoing, Torres' motion to transfer this action pursuant to 28 U.S.C. §1404(a) should be <u>denied</u>.

Dated: New York, New York

June 30, 2006

Borstein & Sheinbaum
Attorneys For Plaintiffs

By: _____
James B. Sheinbaum (JS 0291)

420 Lexington Avenue
Suite 2920
New York, New York 10170
(212) 687-1600

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIPE ROBLES VASQUEZ p/k/a RALDY    )
VASQUEZ and CAMPESINO ENTERTAINMENT   )
GROUP, INC.,                          )
                    Plaintiff,        )
                                      )        06 Civ. 0619(CM)
                                      )
                                      )
            v.                        )   **CERTIFICATE OF SERVICE**
                                      )
FERNANDO TORRES NEGRON, TOMARA        )
SOSA-PASCUAL and JULIO DE LA          )
ROSA-RIVE,                            )
                                      )
                    Defendants.       )
-------------------------------------- )

        I HEREBY CERTIFY that on June 30, 2006, a true and correct
copy of Plaintiffs' "Memorandum of Law in Opposition to
Defendant's Motion To Change Venue Pursuant to 28 U.S.C.
§1404(a)" was served on William R. Bennett, III, Esq.,
Defendants' attorney in this action, via facsimile:

            William R. Bennett, Esq.
            Bennett, Giuliano, McDonnell & Perrone, LLP
            225 West 34th Street, Suite 402
            New York, New York 10122
            Fax No. (646) 328-0121


Dated:  New York, New York
        June 30 , 2006

                        By: _James B. Sheinbaum_
                            James B. Sheinbaum(JS 0291)

                            Borstein & Sheinbaum
                            Attorney for Plaintiffs
                            420 Lexington Avenue, Suite 2920
                            New York, NY 10170
                            Tel: (212) 687-1600