**Bennett, Giuliano, McDonnell & Perrone, LLP**
**Attorneys for Defendant Fernando Torres-Negrón**
**225 West 34th Street, Suite 402**
**New York, New York 10122**
**Telephone:    (646) 328-0120**
**Fascimile:    (646) 328-0121**
**William R. Bennett, III (WB 1383)**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
FELIPE ROBLES VÁSQUEZ p/k/a RALDY           NO. 06 CV 0619
VÁSQUEZ and CAMPESINO ENTERTAINMENT            (Mc Mahon)
GROUP, INC.,

                               Plaintiffs,

       -against-

FERNANDO TORRES-NEGRÓN,

                               Defendant.
------------------------------------------------------------X

### DEFENDANT'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO CHANGE VENUE PURSUANT TO 28 U.S.C. § 1404(a)

The Defendant, Fernando Torres-Negrón, submits this reply in response to plaintiffs' opposition to defendant's motion to change venue pursuant to 28 U.S.C. § 1404(a). For the reasons stated hereinbelow, this matter should be transferred to the United States District Court for the District of Puerto Rico.

**The Puerto Rico Litigation**

Plaintiff opposes the venue change arguing that "Vasquez and Torres are not involved in any pending actions in the Federal District Court in Puerto Rico." That statement is misleading. Torres-Negrón filed two actions in the District of Puerto Rico to protect his copyright for the song "Noche de Fiesta." One action is presently pending in

the District Court of Puerto Rico, and the other was tried before a jury and is presently on appeal. Mr. Sheinbaum, counsel for the defendants in the Puerto Rico Actions and plaintiffs' counsel here, has filed an appeal from the decision of the United States District Court for the District of Puerto Rico. The defendants he represents in the Puerto Rico Actions are closely related and associated with the plaintiffs herein.

Ms. Cuevas, who Mr. Sheinbaum identified as the designated corporate witness for plaintiff Campesino Entertainment Group, was a witness is the Puerto Rico Actions. She was personally named as a defendant, and is the Vice President of Business and Legal Affairs for J&N the main defendant, in the Puerto Rico Actions. She testified in the Puerto Rico Actions on behalf of J&N as a fact and expert witness. In the Puerto Rico Actions, Plaintiff Vasquez testified as a non-party that Torres-Negrón infringed on his copyright of "Nena Linda" when Torres-Negrón recorded and distributed "Noche de Fiesta." The issue of whether Torres-Negrón infringed on Vasquez's copyright is an issue in the Puerto Rico Actions and should not be part of a separate lawsuit here.

Plaintiff argues that a principal witnesses, *i.e.*, ASCAP, is located in New York and documents are located in New York. ASCAP has an office in Puerto Rico. Mr. Torres-Negrón filed his application with that office, not with ASCAP's New York office. Mr. Sheinbaum was aware of this because of his involvement with the actions in Puerto Rico. Simply put, the New York office of ASCAP is not relevant here.

There are numerous witnesses in Puerto Rico aside from Mr. Torres-Negrón. Messrs. Antonio Rivera, Ruben Conuelas and Luis Rivera, all of whom have testified in the Puerto Rico Actions, will testify on behalf of Mr. Torres-Negrón in this action.

Plaintiff also argues that because the plaintiff Campesino Entertainment Group is a New York company venue is proper. The plaintiff argues that as "administrator" of the song "Nena Linda," Campesino has the right to commence an action in New York to protect the copyright. Neither the Court nor the defendant has been provided with a copy of the alleged "agreement" between Campesino and Vasquez, and accordingly, Campesino's standing in this case is questionable.

The Court should be mindful that the two Puerto Rico Actions, where Mr. Sheinbaum acted as defense counsel, were commenced in 2002. The present matter was not filed until late 2005. Coincidentally, Campesino became the "worldwide administrator" of "Nena Linda" in late 2005, at our about the time the lawsuit was filed. Campesino as "administrator," appears on its face to be a "sham" plaintiff added to create venue and jurisdiction in this District.

**DISCUSSION**

This Court is fully familiar with the caselaw and criteria that is analyzed when deciding whether to exercise its discretion to change venue or not and, accordingly, said caselaw need not be repeated herein. The plaintiffs admit that the action could have been brought in the District of Puerto Rico. Accordingly, the decision on whether or not to transfer the matter is based upon balancing the nine (9) factors Court's typically weigh. As noted below, the balance of the factors tip in favor of the matter being transferred to the United States District Court for the District of Puerto Rico.

**(1)    Convenience of witnesses:**

Numerous witnesses are located in Puerto Rico, including Messrs. Antonio Rivera, Ruben Conuelos and Luis Rivera. Some have already testified in the Puerto Rico

3

Actions. The plaintiff Vasquez resides in the Dominican Republic. The defendant Torres-Negrón resides in Puerto Rico. Accordingly, the District of Puerto Rico would be more convenient to the two principal witnesses in terms of travel time and expense.

**(2)     Location of relevant documents and ease to access to source of proof.**

As noted in the parties' Rule 26 disclosures, a majority of the relevant evidence is located in Puerto Rico as a result of the pending lawsuits. This factor tips toward Puerto Rico as the more convenient forum.

**(3)     The convenience of the parties**

As noted in (1) above, the parties live closer to the District of Puerto Rico. Campesino's residence should not be taken into account because its involvement in this matter is in all likelihood a sham.

**(4)     The locus of operative facts:**

The issue in this case is whether Torres-Negrón infringed on Vasquez's copyright of the song "Nena Linda". All relevant issues relating to the composition of the songs "Nena Linda" and "Noche de Fiesta," and its commercial release are located in Puerto Rico. This factor tips toward Puerto Rico as the more convenient forum.

**(5)     The availability of process to compel the attendance of unwilling witnesses.**

This factor is neutral.

**(6)     The relative means of the parties.**

This factor is neutral, or favors Puerto Rico because it is easier and less expensive for the parties to litigate there.

**(7)     The forum's familiarity with the governing law.**

With respect to familiarity with governing law, this factor is neutral, however, the District of Puerto Rico is intimately familiar with the relevant facts given the 4 years of litigation that has been conducted there so far relating to the songs "Noche de Fiesta" and "Nena Linda" and the respective copyrights.

**(8)   The weight accorded the plaintiff's claims of forum.**

Because Campesino is likely a "sham" plaintiff, or at best a nominal plaintiff with no real interest in the matter, its residence should not be given any weight. Accordingly, because the real party in interest, Vasquez, is from the Dominican Republic, his choice of forum should be given little or no weight. The factor is neutral.

**(9)   Trial efficiency, intent of justice, and totally of circumstances.**

This factor weighs heavily in favor of the District of Puerto Rico.

## CONCLUSION

Because the factors to be weighed by a Court when deciding whether to grant a motion to transfer tip in favor of this matter being litigated in the United States District Court for the District of Puerto Rico, defendants' motion should be granted.

Dated: New York, New York
July 7, 2006

Bennett, Giuliano, McDonnell & Perrone, LLP

/S/
William R. Bennett, III
225 West 34th Street, Suite 402
New York, New York 10122
Telephone:   (646) 328-0120

6

I HEREBY CERTIFY that I filed electronically the foregoing with the ECM/EF system of the Court who should turn notify electronically and exact copy of this document to James Sheinbaum, Esq.

__/S/_____
WILLIAM BENNETT III (WB 1383)
Tel.   (646) 328-0120
Fax.   (646) 328-0121

Z:\Documents\All Files\D492 Campesino Ent\Pleadings\MemoLawRplyPltOppDefMotChangeVenue-070506.doc

Case 1:06-cv-00619-CM-MDF   Document 24   Filed 07/07/2006   Page 6 of 6