UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――x

FELIPE ROBLES VASQUEZ p/k/a
RALDY VASQUEZ and CAMPESINO MUSIC
ENTERTAINMENT GROUP, INC.,

              Plaintiffs,

      -against-                                  06 Civ. 619 (CM)

FERNANDO TORRES NEGRON,
TAMARA SOSA-PASCUAL and
JULIO DE LA ROSA-RIVE,

              Defendants.

―――――――――――――――――――――――――――――x

### DECISION AND ORDER DENYING MOTION TO CHANGE VENUE

McMahon, J.:

      The complaint in this action alleges that plaintiff Vasquez composed the words and music to a musical composition entitled *Nena Linda* in 1992; that Vasquez properly registered his copyright in *Nena* Linda with the United States Copyright Office and received Certificate of Registration of Copyright PA-1-267-305, which includes, *inter alia*, *Nena Linda*. He sues defendant Fernando Torres Negron for copyright infringement on that copyright via a song entitled *Noche de Fiesta*, which he composed and registered with the copyright office, and for which he received Certificate of Registration No. Pau 2-624-261.

      Specifically, plaintiff alleges that the rhythm and music of *Noche de Fiesta* was based on *Nena Linda*. Indeed, he alleges that Torres Negron was asked by someone named Ruben Canuclas to compose words to the tune and rhythm of a song on a cassette tape, which song plaintiff believes was *Nena Linda*. Vasquez and Campesino Music, the exclusive world wide administrator of the musical composition and sound recording of *Nena Linda*, have sued Torres Negron – a resident of Puerto Rico who has never left that island – for copyright infringement. He seeks to annul the certificate of copyright registration for *Noche de Fiesta*, and to recover royalties paid to Torres Negron for that song.

      Torres Negron asks the Court to transfer venue of this matter to the United States District Court for the District of Puerto Rico. He argues that he is a Puerto Rican resident and that the Federal District Court in Puerto Rico is "intimately familiar with the subject matter" of this action, as a result of having presided over a 2002 action involving substantially the same parties and issues.

Defendant has already asked the Court to transfer venue of this matter to Puerto Rico as part of an earlier filed motion to dismiss. The Court denied that motion, ruling that venue was proper, inasmuch as the Southern District had personal jurisdiction over defendant. (Decision dated May 16, 2006). Plaintiffs oppose the instant change of venue motion as they did the previous motion.

For the reasons stated below, defendant's motion is denied

Standard for Change of Venue

Title 28, United States Code, Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. The inquiry on a motion to transfer is two part. In resolving a motion for a change of venue, the court must first determine whether the action sought to be transferred is one that "might have been brought" in the transferee court. *Orb Factory, Ltd v. Design Science Toys, Ltd.*, 6 F.Supp.2d 203, 208 (S.D.N.Y. 1998). A "district where it might have been brought" is a district where venue might have been proper and where the defendant would have been subject to process. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).

If the action is one that could have been brought in the transferee district, the court must next determine whether, considering the "convenience of the parties and witnessess" and the "interest of justice," a transfer is appropriate. *Orb Factory, Ltd, 6 F.Supp.2d at 208*. In making that determination, courts should consider the following factors: (1) the convenience of witnesses, (2) the location of relevant documents and the relative ease of access to sources of proof, (3) the convenience of the parties, (4) the locus of the operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances. *Id*.

Plaintiffs' choice of forum is entitled to significant consideration and should not be disturbed unless other factors weigh strongly in favor of transfer. *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 2006 WL 1233937 (S.D.N.Y. May 9, 2006). When inconvenience to the parties and witnesses are evenly balanced in a case in which defendant seeks transfer, plaintiff is entitled to his choice of forum. *Id*.

The party seeking transfer (here, the defendant) has the burden of making out a strong case for transfer. *See Filmline (Cross-Country) Productions, Inc. V. United Artists Corp.*, 865 F.2d 513, 521 (2d Cir. 1989).

Defendant has not met his Burden to Support a Change in Venue

There is no dispute that plaintiff's could have brought this action in the Federal District of Puerto Rico. Indeed, plaintiffs concede that Torres Negron resides in Puerto Rico and that copyright actions "may be instituted in the district in which defendant . . . resides or may be found." *See* 28 U.S.C. §1400(a). Therefore, resolution of defendant's venue motion requires weighing the section

1404(a) factors.

Defendant's central argument is that venue is proper in the District of Puerto Rico because he lives in Puerto Rico and that he does not own real property or maintain an office, residence or bank account in New York. While the fact that defendant is a resident of Puerto Rico and says he has limited contacts with New York supports his argument, the balance of the 1404(a) factors suggest that transferring the case to Puerto Rico would not be the most convenient for all concerned.

The Rule 26 discovery in this case (a portion of which is appended as exhibits to plaintiffs' opposition papers) and the submissions filed in connection with the instant motion reveal that as many witnesses in this case reside in New York as in Puerto Rico. The discovery also suggests that the documents concerning the alleged infringing exploitation and royalty payments by ASCAP, and the documents concerning the settlements and payments under the settlements, are all in New York. As for the other documents that are germane to this matter, such as, the copyright certificates and pleadings, previous deposition and hearing transcripts, the compact discs and audio cassettes containing *Nena Linda* and *Noche de Fiesta*, they are all capable of being produced, copied and exchanged by the parties, regardless of where this matter is litigated– New York, Puerto Rico, or anywhere else in the world.

The locus of the operative facts also appear to have taken place in New York. Notwithstanding the fact that the composition and commercial release of *Nena Linda* and *Noche de Fiesta* was in Puerto Rico, any copyright infringement would have had its genesis in New York. The complaint alleges, and Torres Negron does not dispute, that he is a member of ASCAP located in New York City and that ASCAP licensed *Noche de Fiesta* and paid him performance royalties. Assuming arguendo that plaintiff succeeds in showing that *Noche de Fiesta* infringes on *Nena Linda*, ASCAP's licensing on defendant's behalf as his agent constitutes copyright infringement in New York.

The applicable law here will be the United States Copyright Act. This Court is as well suited to interpret and apply the copyright law as my colleagues in the District of Puerto Rico. There really is no reason why litigation of this case would proceed any faster or more efficiently in Puerto Rico– including, the fact that there was once related litigation in Puerto Rico. This court is as capable as the Puerto Rican court of applying any relevant former adjudication principles emanating from the prior case to this case.

Plaintiffs chose New York to file their case, presumably, because plaintiff Campesino Entertainment Group, Inc. (the purported worldwide administrator of "Nina Linda") has its principal office in New York. Plaintiffs represents that it will be calling four non-party witnesses who reside in New York and that plaintiff Vasquez (a resident of the Dominican Republic) has consented to New York as the forum to litigate. Plaintiffs' choice of forum is entitled to significant consideration, especially since the factors in favor of venue in either Puerto Rico or New York are, at best, evenly divided. And when inconvenience to the parties and witnesses are evenly balanced, plaintiff is entitled to his choice of forum. *Beatie and Osborn LLP,* 2006 WL 1233937. Defendant has simply not made out a strong case for transfer. *See Filmline (Cross-Country) Productions, Inc.*, 865 F.2d

divided. And when inconvenience to the parties and witnesses are evenly balanced, plaintiff is entitled to his choice of forum. *Beatie and Osborn LLP,* 2006 WL 1233937. Defendant has simply not made out a strong case for transfer. *See Filmline (Cross-Country) Productions, Inc.,* 865 F.2d at 521.

Accordingly, defendant's motion to change venue is denied.

July 21, 2006

_____
U.S.D.J.

BY FAX TO ALL COUNSEL