Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Defendant Fernando Torres Negron
225 West 34th Street, Suite 402
New York, New York 10122
Telephone: (646) 328-0120
Fax: (646) 328-0121
William R. Bennett, III (WB 1383)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FELIPE ROBLES VÁSQUEZ p/k/a RALDY　　　　　NO. 06 CV 0619
VÁSQUEZ and CAMPESINO MUSIC　　　　　　　(Mc Mahon)
ENTERTAINMENT GROUP, INC.,

　　　　　　　　　　　Plaintiffs,
　　　　　　　　　　　　　　　　　　　　　　　　　DECLARATION OF
　　　-against-　　　　　　　　　　　　　　　　　TORRES-NEGRÓN

FERNANDO TORRES-NEGRÓN,

　　　　　　　　　　　Defendant.
-----------------------------------------------------------X

　　　I, FERNANDO TORRES-NEGRÓN, declare under the penalty of perjury under the laws of the United States of America that the following is true and correct:

　　　1.　　I am from a rural town called Aibonito, Puerto Rico.

　　　2.　　I developed an interest in music at an early age and began taking music classes when I was eight (8) years of age.

　　　3.　　In junior high school I began playing percussion instruments and was chosen to become a member of a band comprised of students selected from all schools in the district. At age fifteen, after five years of playing with the band, I began playing with different artists and orchestras as a freelance percussionist.

　　　4.　　By the time I was sixteen, I had begun writing lyrics.

5. In 1993, Rubén Cañuelas, a friend of mine who sang merengue music in a cover band named *Tempo Merenguero*, asked me to write some songs for the band.

6. Cañuelas gave me a cassette containing several songs played by *Tempo Merenguero* so that I could "get a feel for the style that they played." I was asked to write something in that style with a bit more faster pace and a more aggressive tune.

7. I wrote the lyrics *Noche de Fiesta* to be sung to a merengue bomba rhythm. After writing the lyrics on a piece of paper, I recorded myself singing *Noche de Fiesta* while clapping my hands to the rhythm on an audiocassette that Cañuelas took and played for *Tempo Merenguero*.

8. I never saw the audiocassette again, but allowed *Tempo Merengureo* to use *Noche de Fiesta* for their public presentations.

9. Israel Casado was the musical arranger for the original commercial release of *Noche de Fiesta*.

10. Cañuelas told me that a musical entrepreneur named Antonio Rivera heard *Tempo Merengureo* performing *Noche de Fiesta* and liked it.

11. Cañuelas asked me if I had more songs to submit to Rivera.

12. I wrote a second song, *Bebo por Ti* and sent a cassette to Rivera for consideration.

13. In 1993, without my consent, *Noche de Fiesta* and *Bebo por Ti* were included in the commercial phonorecord entitled "Bailando y Gozando con Gozadera." Gozadera was a band in Puerto Rico that Rivera created. I was given credit for the song *Noche de Fiesta* on the Gozadera album.

14. Rivera never sought my authorization to record and release *Noche de Fiesta* or *Bebo por Ti* nor did Rivera inform me that the phonorecord including my songs had been released.

15. In total, three of my songs have been released commercially - *Noche de Fiesta, Bebo por Ti* and *Triste Final*.

16. In 1994, I found out that my song *Noche de Fiesta* was included on the Gozadera phonorecord when I heard it played over the radio.

17. Shortly, thereafter, on January 19, 1994, I registered my songs with the American Society of Composers, Authors and Publishers (hereinafter "ASCAP").

18. I learned of ASCAP during a conversation I had with the plaintiff Raldy Vásquez in or about late 1993 when we met at a club in Puerto Rico. Vásquez advised me to register my songs with ASCAP to protect my copyrights.

19. While I was the author of *Noche de Fiesta, Bebop or Ti,* and *Triste Final,* I did not commercially release the songs, nor did I receive any money for their commercial releases. After 1994 I periodically received royalty checks from ASCAP for radio airplay, which to date, total less than $1,000.

20. After releasing the first phonorecord, Rivera, without my knowledge or authorization, sold the master to J&N (defendant in the Puerto Rico action) for $10,000.00. J&N proceeded to release another version of the phonorecord in the United States. J&N also released a compilation of merengue music hits, entitled Merenhits '94, which included *Noche de Fiesta*. A couple of years later, J&N included *Noche de Fiesta* in a re-release of a merengue compilation, distributed by what is now known as Sony BMG and also in a meringue mix phonorecord distributed by Universal Music.

3

21. I learned of the existence of the second, third and fourth phonorecords between 2001 and 2002.

22. All of the phonorecords released by J&N were published without my knowledge or authorization.

23. In 2002 I learned that I could register *Noche de Fiesta* along with my other songs in the U.S. Copyrights Office. A Copyright Certificate for *Noche de Fiesta*, #PAU2-624-261, was issued to me on January 31, 2002.

24. I did not copy or infringe upon the music of *Nena Linda*.

25. I believe the similarities of the two commercially released versions of the songs, if any, resulted from the unusual number of the same people, *i.e.*, musicians, arrangers and engineers, that worked the musical arrangements for both songs, which I had no control over.

26. Israel Casado was the musical arranger for both *Nena Linda* and *Noche de Fiesta*.

27. Ramon Martinez was the engineer/mixer for both *Commercial* and *Gozadera*.

28. *Gozadera* and *Commercial* had similar musicians, namely, Jose Diaz, Joel Sanchez, and Elias Lopez.

29. On May 15, 2002, I filed two complaints against Antonio Rivera and others before the United States District Court for the District of Puerto Rico. The cases are identified as Torres-Negrón v. Rivera, Civil No. 02-1728 (HL), and Torres-Negrón v. Musical Productions, Civil No. 02-1729 (DRD). In these cases, I raised claims for copyright infringement, moral rights violation and unjust enrichment related to, among

other things, the alleged unauthorized use, distribution and sale of sound recordings of my musical compositions "*Triste Final*," "*Noche de Fiesta*," and "*Bebo por Ti*." The cases were consolidated on March 11, 2003.

30. On July 18, 2003, I filed an amended complaint to, among other things, add a defendant.

31. On October 28, 2004, I settled my claims against Universal Music & Video Distribution Corp.

32. On May 31, 2005, I settled my claim against EMI LATIN, for copyright infringement of my song *Noche de Fiesta*.

33. On February 1, 2006, I settled my claims against Sony BMG Music Entertainment Latin LLC for copyright infringement of my songs *Noche de Fiesta* and *Triste Final*.

34. On September 6, 2006, I settled my claims against Nota Publishing, Inc., Antonio Moreno; Musical Productions, Inc. and Luis Rivera Record Distributors, Inc. Luis Rivera Mejias for copyright infringement relating to "*Triste Final*."

35. Also in September 2006, I settled my claims against Antonio Rivera, Sorymar Rivera, Sabrossos Publishing Inc., Yesenia Rivera and Solo Exito, Inc. for claims associated with the song "*Triste Final*."

Dated: January 18, 2007

_____
FERNANDO TORRES-NEGRÓN

musical compositions *"Triste Final,"* *"Noche de Fiesta,"* and *"Bebo por Ti."* The cases were consolidated on March 11, 2003.

30. On July 18, 2003, I filed an amended complaint to, among other things, add a defendant.

31. On October 28, 2004, I settled my claims against Universal Music & Video Distribution Corp.

32. On May 31, 2005, I settled my claim against EMI LATIN, for copyright infringement of my song *Noche de Fiesta*.

33. On February 1, 2006, I settled my claims against Sony BMG Music Entertainment Latin LLC for copyright infringement of my songs *Noche de Fiesta* and *Triste Final*.

34. On September 6, 2006, I settled my claims against Nota Publishing, Inc., Antonio Moreno; Musical Productions, Inc. and Luis Rivera Record Distributors, Inc. Luis Rivera Mejias for copyright infringement relating to *"Triste Final."*

35. Also in September 2006, I settled my claims against Antonio Rivera, Sorymar Rivera, Sabrossos Publishing Inc., Yesenia Rivera and Solo Exito, Inc. for claims associated with the song *"Triste Final."*

Dated: January 17, 2007

FERNANDO TORRES-NEGRÓN