**Bennett, Giuliano, McDonnell & Perrone, LLP**
**Attorneys for Defendant Fernando Torres Negron**
**225 West 34th Street, Suite 402**
**New York, New York 10122**
**Telephone:    (646) 328-0120**
**Fax:             (646) 328-0121**
**William R. Bennett, III (WB 1383)**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X

FELIPE ROBLES VÁSQUEZ p/k/a RALDY                NO. 06 CV 0619
VÁSQUEZ and CAMPESINO MUSIC                         (McMahon)
ENTERTAINMENT GROUP, INC.,

                                    Plaintiffs,

            -against-

FERNANDO TORRES-NEGRÓN,

                                    Defendant.
--------------------------------------------------------------X

### DEFENDANT'S RULE 56.1 STATEMENT

          Pursuant to Local Civil Rule 56.1, defendant states that there is no genuine issue

to be tried to the following material facts:

#### The Parties

1.        Plaintiff, Felipe Robles Vasquez, professionally known as Raldy Vasquez

("Vasquez"), is an individual residing in Santo Domingo, Dominican Republic and

alleges he composed the words and music to a musical composition entitled "*Nena*

*Linda*" in 1992.  (Complaint ¶ 1 and 9.)

2.        Campesino Music Entertainment Group, Inc. ("Campesino") is a corporation with

offices in Pomona, New York and is engaged in the business of exploiting sound

recordings and musical compositions and alleges it is the exclusive world-wide

administrator of the musical composition and sound recording of "*Nena Linda*" pursuant to a written agreement with Vásquez dated October 19, 2005.

3.    Defendant Fernando Torres-Negrón ("Torres") is an individual residing in Aibonito, Puerto Rico and wrote the lyrics to "*Noche de Fiesta.*" (Torres Dec. at ¶ 7.)

4.    On May 15, 2002, Torres filed two complaints against Antonio Rivera and others before the United States District Court for the District of Puerto Rico.  The cases are identified as <u>Torres-Negrón v. Rivera</u>, Civil No. 02-1728 (HL), and <u>Torres-Negrón v. Musical Productions</u>, Civil No. 02-1729 (DRD) (the "Puerto Rico Actions").  In these cases, I raised claims for copyright infringement, moral rights violation and unjust enrichment related to, among other things, the alleged unauthorized use, distribution and sale of sound recordings of my musical compositions "*Triste Final,*" "*Noche de Fiesta,*" and *Bebo por Ti.*"  The cases were consolidated on March 11, 2003.  On July 18, 2003, Torres filed an amended complaint to, among other things, add a defendant.  In 1995, Torres commenced <u>Torres-Negrón v. J&N Publishing, et al.</u> 05 Civ. 1216.  (Torres Dec. at ¶ 29.)

## The Complaint

5.    Plaintiffs commenced the instant action on or before January 25, 2006 against defendant Fernando Torres-Negrón and two of his lawyers in Puerto Rico handling his claims for copyright infringement against several parties.

6.    The filing of the Complaint was at or about the time the trial in the Puerto Rico Action was to commence.

7.    By stipulation, the plaintiffs agreed to dismiss the attorneys named herein as defendants.

8.    Count 1 of plaintiff's complaint alleges that (1) Torres' settlement of this copyright claim against EMI-LATIN for use of *Noche de Fiesta* in 2005 infringed on Vasquez's copyright of *Nena Linda*; (2) Torres' copyright of *Noche de Fiesta* infringes on Vasquez's copyright of *Nena Linda*; and (3) payments by ASCAP of royalties to Torres for the song *Noche de Fiesta* infringed on *Nena Linda*.

### The Facts

9.    Torres is from the rural town of Aibonito, Puerto Rico.  (Declaration of Fernando Torres-Negrón dated January 18, 2007 at ¶ 1; referred to hereinafter as "Torres Dec. at ¶__")[1].

10.    Torres developed an interest in music at an early age and began taking music classes when he was eight (8) years of age.  (Torres Dec. at ¶ 2.)

11.    By junior high school Torres began playing percussion instruments and was chosen to become a member of the town band comprised of students selected from all schools in the district.  (Torres Dec. at ¶ 3.)

12.    At age fifteen, after five years of playing with the town band, Torres began playing with different artists and orchestras as a freelance percussionist.  (Torres Dec. at ¶ 3.)  By the time he was sixteen, Torres began composing songs and has written lyrics to numerous songs.  (Torres Dec. at ¶ 4.)

13.    In 1993, Rubén Cañuelas, a friend of Torres who sang merengue music in a cover band named *Tempo Merenguero*, asked Torres to write some songs for the band.  (Torres Dec. at ¶ 5.)

---

[1] References to "TTR" herein are to the trial transcript of the trial conducted in Fernando Torres-Negrón v. Antonio Rivera, et al. 02 Civ. 1728, 02 Civ. 1729.

14.    Canuelas gave Torres a cassette containing several songs played by *Tempo Merenguero* so that he could "get a feel for the style that they [Tempo Merenguero] played." (Torres Dec. at ¶ 6.)

15.    Torres was asked to write something with "a bit more faster pace, a more aggressive tune." (Torres Dec. at ¶ 6.)

16.    After listening to the cassette, Torres wrote the lyrics *Noche de Fiesta* to be sung to a merengue bomba rhythm (Torres Dec. at ¶ 7.)

17.    After writing the lyrics on a piece of paper, Torres recorded himself singing *Noche de Fiesta* while clapping his hands. Canuelas took the tape and played it for *Tempo Merenguero*. (Torres Dec. at ¶ 7.)

18.    Torres never saw the audiocassette again, but allowed *Tempo Merengureo* to use *Noche de Fiesta* for their public presentations (Torres Dec. at ¶ 8.)

19.    Israel Casado was the musical arranger for the commercially released version of *Noche de Fiesta*. (Torres Dec. at ¶ 9.)

20.    Soon thereafter, Canuelas told Torres that a musical entrepreneur named Antonio Rivera ("Rivera") heard *Tempo Merengureo* performing *Noche de Fiesta* and liked it. (Torres Dec. at ¶ 10.)

21.    Canuelas asked Torres if he had more songs to submit to Rivera. (Torres Dec. at ¶ 11.) Torres wrote a second song, *Bebo por Ti* and sent a cassette to Rivera for consideration. (Torres Dec. at ¶ 12.)

22.    In 1993, without Torres' consent, *Noche de Fiesta* and *Bebo por Ti* were included in a commercial phonorecord entitled "Bailando y Gozando con Gozadera." (Torres Dec. at ¶ 13.) Gozadera was the name of a band in Puerto Rico managed by Rivera.

4

23.     Rivera never sought Torres' authorization to record and release *Noche de Fiesta* or *Bebo por Ti*, nor did Rivera inform Torres that the phonorecord including his songs had been released. (Torres Dec. at ¶ 14.)

24.     In 1994, Torres found out that his song *Noche de Fiesta* was included in this first phonorecord when he heard it played over the radio. (Torres Dec. at ¶ 16.)

25.     Shortly, thereafter, on January 19, 1994, Torres registered his songs with the American Society of Composers, Authors and Publishers (hereinafter "ASCAP") (Torres Dec. at ¶ 17.)

26.     Torres learned of ASCAP during a conversation he had with the plaintiff Raldy Vásquez in or about late 1993 when the two met at a club in Puerto Rico. (Torres Dec. at ¶ 18.)

27.     Although Torres was the author of *Noche de Fiesta, Bebo por Ti*, and *Triste Final*, Torres did not commercially release the songs, nor did Torres receive any money for their commercial release. Over the course of several years, periodically, he would receive extremely modest sums of money from ASCAP representing royalties for radio airplay. The total amount of royalties received from ASCAP is less than $1,000. (Torres Dec. at ¶ 19.)

28.     During trial in the Puerto Rico Actions and during his deposition in the case, Mr. Vásquez admitted to having heard *Noche de Fiesta* in 1993. (Vasquez Dep. Trans. at p. 38.)

29.     Mr. Vásquez did not think *Noche de Fiesta* was very good. In fact, as an ordinary listener, Vásquez did not recognize it as his song *Nena Linda*. (Vásquez Dep. Trans. at p. 38; Exh. A to Memo.)

30.    After releasing the first phonorecord, Rivera, without Torres' knowledge or authorization, sold the master to J&N (defendant in the Puerto Rico action represented by Mr. Sheinbaum, plaintiff's counsel herein) for $10,000.00.  (Torres Dec. at ¶ 20.)

31.    J&N proceeded to release another version of the phonorecord in the United States (hereinafter the "second phonorecord").  (Torres Dec. at ¶ 20.)

32.    J&N also released a compilation of merengue music hits, entitled Merenhits '94, which included *Noche de Fiesta* (hereinafter the "third phonorecord") (Torres Dec. at ¶ 20.)

33.    A couple of years later, J&N decided once again to include *Noche de Fiesta*, in a merengue compilation distributed by what is now known as Sony BMG (hereinafter the "fourth phonorecord") (Torres Dec. at ¶ 20.)

34.    Torres learned of the existence of the second, third and fourth phonorecords between 2001 and 2002. (Torres Dec. at ¶ 21.)

35.    All of the phonorecords released by J&N were published without Torres' knowledge or authorization.  (Torres Dec. at ¶ 22.)

36.    Torres registered *Noche de Fiesta* along with his other songs in the U.S. Copyrights Office.  (Torres Dec. at ¶ 23.)  A Copyright Certificate for *Noche de Fiesta*, #PAU2-624-261 was issued to Torres on January 31, 2002.  (Torres Dec. at ¶ 23.)

**The Related Actions**

37.    On May 15, 2002, Torres filed two complaints against Antonio Rivera and others before the United States District Court for the District of Puerto Rico.  The cases are identified as <u>Torres-Negrón v. Rivera</u>, Civil No. 02-1728 (HL), and <u>Torres-Negrón v. Musical Productions</u>, Civil No. 02-1729 (DRD) (the "Puerto Rico Actions").

38.    In these cases, I raised claims for copyright infringement, moral rights violation and unjust enrichment related to, among other things, the alleged unauthorized use, distribution and sale of sound recordings of his lyrical compositions "*Triste Final,*" "*Noche de Fiesta,*" and *Bebo por Ti.*" The cases were consolidated on March 11, 2003. On July 18, 2003, Torres filed an amended complaint to, among other things, add a defendant. In 1995, Torres commenced <u>Torres-Negrón v. J&N Publishing, et al.</u> 05 Civ. 1216.

39.    On October 28, 2004, Torres settled his claim against Universal Music & Video Distribution Corp.

40.    On May 31, 2005, Torres settled his claim against EMI LATIN.

41.    On February 1, 2006, Torres settled his claim against Sony BMG.

42.    On September 6, 2006, Torres settled his claim against NOTA Publishing, Inc., Antonio Moreno, Musical Productions, Inc. and Luis Rivera Record Distributor, Inc. Luis Rivera Mejias for copyright infringement relating to "*Triste Final.*"

43.    In September 2006, Torres also settled his claims against Antonio Rivera, Sorymar Rivera, Sabrossos Publishing Inc., Yesenia Rivera and Solo Exito, Inc.

44.    A trial in Puerto Rico on the remaining claims and defendants commenced on February 1, 2006.

45.    Plaintiff Vásquez, who claims that *Noche de Fiesta* infringed on *Nena Linda*, admitted at the trial to having heard *Noche de Fiesta* being performed by the group Gozodera in the year 1993. Upon cross-examination Mr. Vásquez testified as follows:

    Q:    Mr. Vásquez, your defense is that the song *Noche de Fiesta* copies *Nena Linda*; right?

7

A.    That is correct.

Q.    When did you learned about this copy?

A.    It's been years.

Q.    How many years?

A.    I heard it ever since it came out.

Q.    So it is fair to say that you heard *Noche de Fiesta* in 1993, when it came out?

A.    That is correct.

Q.    An your learned that, but you didn't do anything in 1993; Right?

A.    No.

Q.    In 1994?

A.    No.

Q.    '95?

A.    No.

Q.    Any year of the decade of the nineties.

A.    No.

Q.    And 2001 and 2002 and 2000 and three and 2005, did you do anything?

A.    No.

46.    Vásquez did not file a copyright for *Nena Linda* until November 3, 2005.  (Exh. B to Memo.)

47.    Torres-Negrón wrote the lyrics to *Noche de Fiesta*.  (Torres Dec. at ¶ 7.)

48.    Vásquez wrote the lyrics to *Nena Linda*.

49.    The lyrics to each song are different.  (Fernandez Dep. at p. 17, lines 3-5; Exh. C to Memo.)

50.    Vásquez cannot write music. (Vásquez Dep. at p. 13; Exh. A to Memo.)

51.    Vásquez cannot read music. (Vásquez Dep. at p. 16; Exh. A to Memo.)

52.    The song *Nena Linda* was first released in 1993 on a CD entitled *"Commercial"*.

53.    Torres-Negrón never commercially released the song *Noche de Fiesta*.  Torres was, however, given credit for the song *Noche de Fiesta* on the first release of Gozadera.

54.    The song *Noche de Fiesta* was commercially released by Antonio Rivera and J&N Publishing.  *Noche de Fiesta* was first commercially released by J&N on an Album entitled Bailando y Gozando con Gozadera.

55.    The following people were given credits on *Commercial* and Gozadera:

      i.    Elias Lopez

      ii.   Jose Diaz

      iii.  Joel Sanchez

      iv.   Israel Casado

      v.    Ramon Martinez

      vi.   Carlos Valasquez

(See Exhs. D & E to Memo.)

56.    Israel Casado was the musical arranger for both *Nena Linda* and *Noche de Fiesta,* and Ramon Martinez was the engineer/mixer for both *Commercial* and *Gozadera*.  (See Exhs. D & E to Memo.)

57.    James Sheinbaum represents the plaintiff Raldy Vásquez in this matter and represents J&N Publishing in the Puerto Rican Action.

Dated: January 18, 2007
     New York, New York

                Respectfully submitted,

                Bennett, Giuliano, McDonnell & Perrone, LLP
                Attorneys for Defendant
                Fernando Torres-Negrón

                William R. Bennett, III
                225 West 34th Street, Suite 402
                New York, New York 10122
                Telephone:    (646) 328-0120

**TO:**    James Sheinbaum, Esq.
         Bornstein & Sheinbaum
         420 Lexington Ave. Suite 2920
         New York, NY 10170

<u>**CERTIFICATE OF SERVICE**</u>

       I, WILLIAM R. BENNETT, III, an attorney duly admitted to practice in the Courts of the State of New York and in this District, hereby certify that on January 18, 2007, I personally caused a copy of the foregoing DEFENDANT'S RULE 56.1 STATEMENT to be served on plaintiffs FELIPE ROBLES VASQUEZ p/k/a RALDY VASQUEZ and CAMPESINO MUSIC ENTERTAINMENT GROUP, INC. via ECF and e-mail.

                William R. Bennett, III

Z:\Documents\All Files\D492 Campesino Ent\Pleadings\Rule56.1.doc