```
UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
FELIPE ROBLES VASQUEZ p/k/a RALDY
VASQUEZ and CAMPESINO ENTERTAINMENT        06 Civ. 0619(CM)
GROUP, INC.,


                         Plaintiffs,


        -against-



FERNANDO TORRES NEGRON, TOMARA
SOSA-PASCUAL and JULIO DE LA
ROSA-RIVE,



                         Defendants.
----------------------------------------X
```

Plaintiffs' Pretrial Statement Of Elements Of Claim


In accordance with the individual rules of Judge Colleen McMahon, Plaintiffs Felipe Robles Vasquez ("Vasquez") and Campesino Entertainment Group, Inc. ("Campesino") (collectively hereafter "Plaintiffs") file this Pretrial Statement of Elements of Claim.

This is an action for copyright infringement. Dk. No. 1. The Complaint alleges that the song entitled "Noche de Fiesta" claimed by Defendant Fernando Torres-Negron ("Torres") infringes upon the musical composition entitled "Nena Linda" authored by Plaintiff Vasquez in 1992 before "Noche de Fiesta" and that Torres has been paid money for the exploitation of "Noche de

1

Fiesta". Id.

In brief, Plaintiffs will show that Plaintiff Vasquez is the author of "Nena Linda", "Nena Linda" was written before "Noche de Fiesta", Plaintiff Vasquez properly registered and was issued a copyright registration for "Nena Linda", Plaintiffs never authorized Defendant Torres to use "Nena Linda" or any portion of it, that "Noche de Fiesta" incorporates and copies the melody of "Nena Linda" and Defendant Torres was paid over $150,000 for the use or exploitation "Noche de Fiesta".

Plaintiffs bear the burden of proving: (i) ownership of a valid copyright and (ii) copying of original portions of his work. Feist Pub. Inc. v. Rural Tel. Service Co., 499 U.S. 340, 349, 361, 111 S.Ct. 1282, 1289, 113 L.Ed.2d 358 (1991) ("To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.").

With respect to ownership of the copyright, Plaintiff Vasquez will testify about writing "Nena Linda" and present his United States Copyright Certificate for this musical composition. 17 U.S.C. § 201(a) (copyright ownership vests initially in the author of a work); Community for Creative Non-Violence v. Reid, 490 U.S. 730, 737, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989) ("the author is a party who actually creates the work, that is, the person who translates an idea into a fixed tangible expression

entitled to copyright protection."); <u>Burrows Giles Lithographic Co. v. Sarony</u>, 111 U.S. 53, 58, 4 S.Ct. 279, 281, 28 L.Ed. 349 (1884) (author is "originator" "creator"); 17 U.S.C. §410(c) (stating evidentiary weight of copyright certificate); <u>Jorgensen v. Epic/Sony Records</u>, 351 F.3d 46, 51 (2d Cir. 2003) ("A certificate of registration from the United States Register of Copyrights constitutes *prima facie* evidence of the valid ownership of a copyright.").

With respect to copying, Plaintiff Vasquez will show that "Noche de Fiesta" copies and incorporates the melody of "Nena Linda" through his own testimony and the testimony of Angel Fernandez, an expert witness, and through compact discs containing: (a) the commercially released versions of each song, (b) the words of each song sung by Vasquez and Torres, respectively, and (c) the melody of each song hummed by Vasquez and Torres, respectively.

In view of the striking similarity and the undisputed fact that "Nena Linda" was composed before "Noche de Fiesta", as will be shown by the testimony of Vasquez and Angel Fernandez together with the compact discs containing the two works and admissions of Defendant Torres, Plaintiffs are not required to prove copying by showing that Defendant Torres had access to "Nena Linda". <u>See</u> <u>Jorgensen</u>, <u>supra.</u>, 351 F.3d at 56. ("We have held that where the works in question are 'are so strikingly similar as to preclude

the possibility of independent creation, copying may be proved without a showing of access.'").

Plaintiffs will show that Defendant Torres had access to "Nena Linda" before he allegedly wrote "Noche de Fiesta". Testimony of Plaintiff Vasquez will show that prior to the date that "Noche de Fiesta" was allegedly written, "Nena Linda" was commercially released and sold on audio cassettes and compact discs in Puerto Rico and played on the radio where Defendant Torres lived at the time. In addition, Plaintiffs will present admissions in deposition and trial testimony of Defendant Torres that he wrote "Noche de Fiesta" while listening to another song and that he does not deny that the song he listened to could have been "Nena Linda".

Plaintiffs request this Court to take judicial notice of the decision after full trial in Torres- Negron v. Rivera, 433 F.Supp.2d 204 (D. Puerto Rico). Fed.R.Evid. 201(d) ("A court shall take judicial notice if requested by a party and supplied with the necessary information."). In that action, after a trial in which Plaintiff Vasquez and Defendant Torres testified, District Court Judge Hector Laffitte found that "*Noche de Fiesta* and *Nena Linda* have the same melody, tone, structure and key of A minor and differ only in their wording and rhythm.... the similarities between the songs are comprehensive and are not limited to certain portions or segments of the songs, but are

4

present throughout the entirety of the songs." Id. at 216. Judge Laffitte concluded that "Noche de Fiesta" was an unauthorized derivative work which included the melody of "Nena Linda" without permission or authorization and that therefore Defendant Torres's copyright was invalid. Id.

With respect to damages, the Copyright Act provides for either statutory damages or actual damages and nonduplicative profits at the election of the plaintiff. 17 U.S.C. 504(a) (infringer is liable for copyright owner's actual damages and additional profits of the infringer or statutory damages).

Statutory damages may be awarded for sums between $750 and $30,000 per infringement per work and may be increased to not more than $150,000 in the event the court finds that infringement is willful. 17 U.S.C. §504(c).

With respect to nonwillful statutory damages, the amount is discretionary with the Court. See 17 U.S.C. §504(c)(amount of award of statutory damages discretionary); F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 232, 73 S.Ct. 222, 225, 87 L.Ed. 276 (1952) (stating and holding under predecessor 1909 Copyright Act that an award of statutory copyright damages is within "the court's discretion and sense of justice").

Plaintiffs will show that Defendant Torres was paid in excess of $150,000 in connection with exploitation of "Noche de Fiesta". The proof will be royalty checks, ASCAP royalty statements and

agreements, and Defendant Torres's testimony as to money he was paid and continued to claim authorship and copyright ownership of "Noche de Fiesta" even after notice of Plaintiffs rights.

"To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendants's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." <u>Island Software and Computer Service v. Microsoft Corp.</u>, 413 F.3d 257, 263 (2d Cir. 2005).

Plaintiffs will show that Defendant Torres wilfully infringed "Nena Linda". Plaintiffs through Plaintiff Vasquez and Marti Cuevas of Plaintiff Campesino will show that between December 12, 2005, and commencement of this action on January 25, 2006, they notified Defendant Torres in writing of their rights and that Plaintiff Vasquez was the author and copyright owner of "Nena Linda" and provided a copy of Plaintiff Vasquez's copyright certificate in "Nena Linda" and a copy of a recording containing "Nena Linda". Plaintiffs will show that thereafter, in February 2006, Defendant Torres settled his claims based upon "Noche de Fiesta" with Sony Discos, Inc. ("Sony"), accepting payment, warranting and representing that he was the author of "Noche de Fiesta" and releasing his claims based upon exploitation of that song. Plaintiffs will further show that Defendant Torres has

not amended his ASCAP agreement to delete "Noche de Fiesta" or notify ASCAP to stop licensing "Noche de Fiesta" and that he did not amend his copyright registration covering "Noche de Fiesta". Plaintiffs will present the agreement with Sony, Defendant Torres's deposition and/or live testimony that he entered into the agreement in February 2006 and was paid, and Defendant Torres's testimony that he did not amend or alter either his ASCAP license or copyright registration with respect to "Noche de Fiesta".

Alternatively, 17 U.S.C. §504(b) permits Plaintiffs to recover actual damages suffered as a result of the infringement and profits attributable to the infringement which are not included in computing actual damages. 17 U.S.C. §504(b) ("The copyright owner is entitled to recover the actual damages suffered as a result of the infringements and any profits that are attributable to the infringement and are not taken into account in computing actual damages."). "In establishing infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue and the infringer is required to prove his deductible expenses and elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. §504(b).

Plaintiffs will establish that Defendant Torres was paid in excess of $150,000 by presenting royalty checks; ASCAP royalty

statements; and three separate written agreements in which Defendant Torres warranted and represented that he was the author of "Noche de Fiesta" and released his claims for alleged unlawful exploitation based upon "Noche de Fiesta" in exchange for a total of $150,000.00 and the deposition and/or live testimony of Defendant Torres admitting these facts.

17 U.S.C. §502 permits the court to grant permanent injunctions on such terms as are just to prevent or restrain infringement of copyright. 17 U.S.C. §502(a). Plaintiffs request a permanent injunction to enjoin Defendant Torres and those acting on his behalf from exploiting and profiting from "Noche de Fiesta".

17 U.S.C. §505 permits Plaintiffs to recover full costs and attorney's fees of this action. An award of attorney's fees under the Copyright Act, 17 U.S.C. §505 is justified based upon the finding of willfulness, the lack of merit of Defendant Torres's defenses, and in furtherance of the Copyright Act's goal of deterrence. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (stating award of attorney's fees under 17 U.S.C. §505 is discretionary and setting forth factors to be considered); Kepner-Tregoe, Inc. v. Vroom, 186 F.3d 283, 288 (2d Cir. 1999) (affirming district court's award of attorney fees under the Copyright Act 17 U.S.C. §505 "based on the court's finding of willfulness and it is in line

with the statutory goal of deterrence."). As explained above, the evidence will show Defendant Torres wilfully infringed on "Nena Linda", that he does not have a meritorious defense, and that he needs to be deterred from future claims.

"Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. §1961(a). Plaintiffs request an award of interest on a monetary judgment in their favor.

Dated: New York, New York
      January 19, 2007

                          Borstein & Sheinbaum
                          Attorneys For Plaintiffs

                          By: _____
                               James B. Sheinbaum (JS 0291)

                          420 Lexington Avenue
                          Suite 2920
                          New York, New York 10170
                          Tel. No. (212) 687-1600
                          Fax No. (212) 687-8710

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
FELIPE ROBLES VASQUEZ p/k/a RALDY   )
VASQUEZ and CAMPESINO ENTERTAINMENT )
GROUP, INC.,                        )
            Plaintiff,              )
                                    )   06 Civ. 0619(CM)
                                    )
                                    )
       v.                           )   CERTIFICATE OF SERVICE
                                    )
FERNANDO TORRES NEGRON, TOMARA      )
SOSA-PASCUAL and JULIO DE LA        )
ROSA-RIVE,                          )
                                    )
            Defendants.             )
------------------------------------)
```

   I HEREBY CERTIFY that on January 19, 2007, a true and correct copy of Plaintiffs' "Pretrial Statement of Elements of Claim" was served on William R. Bennett, III, Esq., Defendants' attorney in this action, via facsimile:

   William R. Bennett, Esq.
   Bennett, Giuliano, McDonnell & Perrone, LLP
   225 West 34th Street, Suite 402
   New York, New York 10122
   Fax No. (646) 328-0121


Dated:   New York, New York
         January 19, 2007

                         By: /s/ James B. Sheinbaum
                             James B. Sheinbaum (JS 0291)

                             Borstein & Sheinbaum
                             Attorney for Plaintiffs
                             420 Lexington Avenue, Suite 2920
                             New York, NY 10170
                             Tel: (212) 687-1600