UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FELIPE ROBLES VASQUEZ p/k/a RALDY
VASQUEZ and CAMPESINO ENTERTAINMENT        06 Civ. 0619(CM)
GROUP, INC.,


                            Plaintiffs,


          -against-


FERNANDO TORRES NEGRON, TOMARA
SOSA-PASCUAL and JULIO DE LA
ROSA-RIVE,


                       Defendants.
------------------------------------X


                 Plaintiffs' Rule 56.1 Statement


     Pursuant to Local Civil Rule 56.1, with respect to Defendant

Fernando Torres-Negron's Rule 56.1 Statement in support of his

motion for summary judgment (Dk. Nos. 33-36), as and for their

response and statement of Plaintiffs' additional undisputed

material facts, state:


     Defendant's 1.  Deny that it is only alleged that Vasquez

composed the words and music to "Nena Linda".  It is admitted

that Vasquez is the author of the words and music to "Nena

Linda".  Dk. No. 32 at ¶6.

     Defendant's 2.  Do not dispute that the Complaint, Dk. No.

                                1

1, alleges this but dispute and deny that it is only an allegation and state that it is a fact that Campesino is the exclusive administrator of "Nena Linda" pursuant to written agreement.

Defendant's 3.  Deny knowledge as to whether Negron wrote the lyrics to "Noche de Fiesta" but also that he has claimed in pleadings, under oath and in settlement agreements that he is the author of the entire "Noche de Fiesta".  Dk. No. 38 at Pl. Ex. 6, 7, 12.

Defendant's 4.  Do not dispute.

Defendant's 5.  Action was commenced on January 25, 2006. Dk. No. 1.

Defendant's 6.  Do not dispute that trial in Puerto Rico commenced in February 2006.

Defendant's 7.  Stipulation was without prejudice.

Defendant's 8.  Dispute to the extent that it does not quote Complaint in this action exactly and differs or misquotes or incorrectly paraphrases the Complaint.  Dk. No. 1.

Defendant's 9.  Do not have personal knowledge and do not dispute for purposes of this motion only.

Defendant's 10.  Do not have personal knowledge and do not dispute for purposes of this motion only.

Defendant's 11.  Do not have personal knowledge and do not dispute for purposes of this motion only.

Defendant's 12.  Do not have personal knowledge and do not dispute for purposes of this motion only except to the extent that Negron claims that one of the songs was "Noche de Fiesta" or any of the songs contained in the words he produced in discovery of this action because he was unable to provide any music for such songs and has stipulated that he did not write any other songs.

Defendant's 13.  Do not have personal knowledge and do not dispute for purposes of this motion only.  Dk. No. 32.

Defendant's 14.  Do not have personal knowledge and do not dispute that Canuelas gave Negron a cassette containing music performed by others to which Negron listen before and after writing words but dispute the rest to the extent that it contradicts the stipulated facts in Dk. No. 32 at ¶¶ 35-36, Judge Laffitte's decision Dk. No. 488 in <u>Torres-Negron v. Rivera</u>, 433 F.Supp.2d 204, 215-216 (D. Puerto Rico 2006); Dk. No. 38 at Pl. Ex. 7.

Defendant's 15.  Do not have personal knowledge.  Dispute and deny based upon Dk. No. 32 at ¶¶35-36, Judge Laffitte's decision Dk. No. 488 in <u>Torres-Negron v. Rivera</u>, 433 F.Supp.2d 204, 215-216 (D. Puerto Rico 2006) and Dk. No. 38 at Pl. Ex. 7.

Defendant's 16.  Do not have personal knowledge. Dispute and based upon Judge Laffitte's decision Dk. No. 488 in 2002 Action in Puerto Rico (decision in <u>Torres-Negron v. Rivera</u>, 433

3

F.Supp.2d 204, 215-216 (D. Puerto Rico 2006)) and Dk. No. 38 at Pl. Ex. 7 and 8.

Defendant's 16.  Do not have personal knowledge.  Do not dispute on this motion only.

Defendant's 17.  Do not have personal knowledge.  Do not dispute on this motion only.

Defendant's 18.  Do not have personal knowledge.  Do not dispute on this motion only.

Defendant's 19.  Dispute and deny.  The credits on Bailando y Gozando con Gozadera for "Noche de Fiesta" do not indicate that Israel Casado arranged that song.  Dk. No. 34, Ex. D.

Defendant's 20.  Do not have personal knowledge and do not dispute on this motion only.

Defendant's 21.  Do not have personal knowledge and do not dispute on this motion only.

Defendant's 22.  Dispute and deny.  The Jury and Judge Hector Laffitte in 2002 Action in Puerto Rico found that Negron granted Antonio Rivera and J&N an implied license to exploit "Noche de Fiesta".  2002 Action Dk. No. 488; <u>Torres-Negron v. Rivera</u>, 433 F.Supp.2d 204 (D. Puerto Rico 2006).

Defendant's 23.  Dispute and deny.  The Jury and Judge Hector Laffitte in 2002 Action in Puerto Rico found that Negron granted Antonio Rivera and J&N an implied license to exploit "Noche de Fiesta".  2002 Action Dk. No. 488; <u>Torres-Negron v. Rivera</u>, 433

4

F.Supp.2d 204 (D. Puerto Rico 2006).

Defendant's 24.  Do not have personal knowledge.  Do not dispute on this motion only.

Defendant's 25.  Do not dispute.

Defendant's 26.  Dispute and deny.  Raldy Vasquez testified in his oral deposition in this case that he did not know Negron prior trial of the 2002 Action in February 2006.  Vasquez Depo. 9/7/06 at 92, lines 7-8 ("I didn't know him [Negron] until I saw him in the case.").

Defendant's 27.  Dispute and deny.  Deny that Negron is the author of "Noche de Fiesta".  Dk. No. 1 and PR Action Dk. No. 488; Torres-Negron v. Rivera, 433 F.Supp.2d 204 (D. Puerto Rico 2006) (finding "Noche de Fiesta" an unauthorized deriveative work).  Do not have personal knowledge about Bebo por Ti and Triste Final, except that Antonio Rivera alleged in the 2002 Puerto Rican action that he was a co-author of Triste Final.  Do not deny that Negron received money from ASCAP for the exploitation of "Noche de Fiesta" since 1994 and within three years of the date of commencement of this action.  Dk. No. 38, Ex. 10.

Defendant's 28.  Do not dispute.

Defendant's 29.  Dispute the statement "In fact, as an ordinary listener, Vasquez did not recognize it as his song *Nena Linda*."  The quoted deposition testimony answer was "A.  I

5

listened to it. It was a group that didn't grab my attention."
Vasquez Depo. 9/7/06 at 38 lines 8-15.

Defendant's 30. Deny and dispute because the Jury and Judge Laffitte in the 2002 Puerto Rican action found that Negron granted Antonio Rivera an implied license and Rivera testified at trial that he told Negron about selling the rights to J&N in the United States but do not dispute that James Sheinbaum, Esq., represented J&N Records, LLC in the 2002 Puerto Rican action. PR Action Dk. No. 488; Torres-Negron v. Rivera, 433 F.Supp.2d 204 (D. Puerto Rico 2006).

Defendant's 31. Deny and dispute. Judge Laffitte in the 2002 Puerto Rican action dismissed the action against J&N because it did not release the "second version" (Negron's Appellate Brif 1st Circuit at fn. 3) and the credits on the record (Dk. No. 34 Ex. D) clearly indicate that the record is an HMS Records record distributed by J&N Records Dist., not J&N Records LLC.

Defendant's 32. Do not dispute only to the extent that "Noche de Fiesta" was included in Merenhits '94 which was released by EMI-Latin, a licensee of J&N Records. Credits on Merenhits '94 (EMI-Latin version); 2002 Action Trial testimony of Juan Hidalgo on February 8, 2006.

Defendant's 33. Do not dispute only to the extent that "Noche de Fiesta was included in Merenhits '94 which was released by Sony Discos, a agent of J&N Records. Credits on Merenhits '94

6

(Sony Discos version); 2002 Action Trial testimony of Juan
Hidalgo on February 8, 2006.

Defendant's 34.  Do not have personal knowledge.  Do not
dispute for this motion only.

Defendant's 35.  Dispute and deny.  Judge Laffitte found
that J&N had an implied license.  2002 Action Dk. No. 488;
Torres-Negron v. Rivera, 433 F.Supp.2d 204 (D. Puerto Rico 2006).

Defendant's 36.  Dispute and deny except to the extent that
do not dispute that Negron was issued a copyright certificate
effective as of January 31, 2002 covering "Noche de Fiesta".
This has been invalidated by Judge Laffitte in PR Action Dk. No.
488; Torres-Negron v. Rivera, 433 F.Supp.2d 204 (D. Puerto Rico
2006).

Defendant's 37.  Do not dispute.

Defendant's 38.  Do not dispute except dispute and deny as
to the date Negron commenced Torres-Negron v. J&N Pub. et al., 05
Civ. 1216 was 2005, not 1995.  Dk. No. 1 in that action.

Defendant's 39.  Do not dispute.

Defendant's 40.  Do not dispute.

Defendant's 41.  Do not dispute.

Defendant's 42.  Do not dispute.

Defendant's 43.  Do not dispute.

Defendant's 44.  Do not dispute except dispute and deny to
extent that statement does not state that case was ultimately a

7

trial of only  claims limited to "Noche de Fiesta". 2002 Action

Trial Transcript and decisions dismissing various claims Dk. Nos.

336, 423, 488.

Defendant's 45.  Do not dispute that Vasquez heard "Noche de

Fiesta" in 1993 and that he did not commence any action

concerning "Noche de Fiesta" prior to this action.  Dispute cited

testimony because no citation is provided for a comparison to

determine the accuracy of the quotation.

Defendant's 45.  Dispute and deny.  Vasquez applied for

copyright before November 3, 2005 and was issued a copyright

certificate with an effective date of November 5, 2005.

Copyright Certificate; Dk. No. 38, Pl. Ex. 3.

Defendant's 47.  Do not have personal knowledge.  Do not

dispute for this motion only.

Defendant's 48.  Do not dispute.

Defendant's 49.  Do not dispute.

Defendant's 50.  Deny and dispute.  Vasquez wrote the words

and music to "Nena Linda" as well as over 150 commercially

exploited musical compositions.  Vasquez Dep. 9/7/06 at 29, 48

(at music school "I learned some reading"); 2002 Action Vasquez

Trial Testimony on February 8, 2006 at 25 (composed over 300

songs, over 150 commercially exploited); Vasquez Copyright

Certificate; Dk. No. 32 at ¶6.

Defendant's 51.  Deny and dispute.  Vasquez wrote the words

and music to "Nena Linda" as well as over 150 commercially
exploited musical compositions.  Vasquez Dep. 9/7/06 at 29, 48
(at music school "I learned some reading"); 2002 Action Vasquez
Trial Testimony on February 8, 2006 at 25 (composed over 300
songs, over 150 commercially exploited); Vasquez Copyright
Certificate; Dk. No. 32 at ¶6.

Defendant's 52.  Deny and dispute.  "Nena Linda" was
commercially released in Puerto Rico in an audio cassette in
1992.  Dk. No. 32 at ¶7.

Defendant's 53.  Deny and dispute.  After trial in the 2002
Action in Puerto Rico, Negron was found to have granted an
implied license authorizing exploitation of "Noche de Fiesta" on
two records entitled "Bailando y Gozando con...Gozadera". Dk. 38,
Pl. Ex. 5; Dk. No. 488 in 2002 Action; Torres-Negron v. Rivera,
433 F.Supp.2d 204 (D. Puerto Rico 2006).

Defendant's 54.  Deny and dispute.  The credits on the two
records entitled Bailando y Gozando con...Gozadera credit Centro
Records and HMS Records, respectively, as record companies, J&N
Record Dist. as distributor of HMS version and Antonio Rivera is
listed as "Producer Musical".  2002 Action Dk. No. 81 alleging
Luis Rivera Record Distributors distributed Centro Records
version; Dk. No. 38, Pl. Ex. 5; Luis Rivera Testimony at 2002
Action February 2006 trial was that Luis Rivera Record
Distributors distributed the Centro Records version in Puerto

Rico.  Do not dispute that the Jury and Judge Laffitte found that Antonio Rivera had an implied license from Negron to grant the rights to use "Noche de Fiesta" on these records.  <u>Torres-Negron v. Rivera</u>, 433 F.Supp.2d 204 (D. Puerto Rico 2006).

Defendant's 55. Dispute and deny to extent that credits on Bailando y Gozando con...Gozadera (HMS version) attached in cited Exhibits D and E to Negron's summary judgment motion do not list Carlos Valasquez in the credits on both records.

Defendant's 56.  Deny and dispute.  Dk. No. 36, Ex. D and E (credits on records); Dk. No. 38, Pl. Ex. 5 (credits on records); Vasquez Depo. 9/7/06 at 99-100 (Casado did not arrange or play on "Nena Linda" on Comercial).  The credits on Negron's Exhibit D do not state that Israel Casado arranged "Noche de Fiesta".

Defendant's 57.  Deny and dispute except do not dispute or deny to the extent that the statement is that James Sheinbaum represents J&N Publishing in the Puerto Rican Action since J&N Publishing was not a party to the 2002 Action.  2002 Action Dk. Nos. 1; 81.


### Plaintiffs' Statement Of Additional <u>Undisputed Material Facts</u>

1. After trial, Judge Hector Laffitte made the following factual determination and legal conclusions:

> ...it is clear that Torres had access to the song *Nena Linda* before he wrote *Noche de*

*Fiesta* in 1993. *Nena Linda* had been commercially released in Puerto Rico on cassette tape in 1992. Additionally, *Nena Linda* was released on compact disc and played on the radio in Puerto Rico throughout 1993. The cassette tape that Torres listened to in creating *Noche de Fiesta* included recordings of the group Tempo Merenguero playing live. Tempo Merenguero was a cover band that performed songs by other artists, and thus could have been playing *Nena Linda* on the recording. Further, although Torres does not remember whether the song that he listened to from the tape to write *Noche de Fiesta* was *Nena Linda*, he admitted at trial that it might have been *Nena Linda*....

It is uncontested that *Noche de Fiesta* and *Nena Linda* have the same melody, tone, structure, and key of A minor and differ only in their wording and rhythm. The similarities between the songs are not slight or trivial and go straight to the copyrightable elements of the song, namely the melody. The similarities between the songs are comprehensive and are not limited to certain portions or segments of the songs, but are present throughout the entirety of the songs. An ordinary person of reasonable attentiveness would, upon listening to both songs, conclude that the songs were identical except for differences in tempo and lyrics... The similarities are to such a degree as to preclude the possibility of coincidence or independent creation. This is particularly salient since Torres failed to proffer any evidence of independent creation. The songs are simply so strikingly similar that an average lay observer would be obliged to come to the inescapable conclusion that *Noche de Fiesta* and *Nena Linda* are the same song with different words.

11

Torres-Negron v. Rivera, 433 F.Supp.2d 204, 215-216 (D. Puerto Rico 2006).

2.  Plaintiff Vasquez composed the words and music to a musical composition entitled "Nena Linda" in 1992.  Dk. No. 32 at ¶6; Dk. No. 38 Pl. Ex. 3, 4.

3.  In 1992, "Nena Linda" was released as one of the selections on a commercially released audio cassette recording entitled Comercial.  Dk. No. 32 at ¶7.

4.  In 1992 and 1993, "Nena Linda" was played on the radio in Puerto Rico.  Dk. No. 32 at ¶8.

5.  In 1993, the album entitled Comercial, containing "Nena Linda", was re-released and commercially distributed and sold in compact disc format.  Dk. No. 32 at ¶9; Dk. No. 38 Pl. Ex. 3.

6.  In 1992 and 1993, Comercial was distributed and sold commercially in the Dominican Republic and Puerto Rico.  Dk. No. 32 at ¶10.

7.  Plaintiff Vasquez has complied in all respects with the registration and deposit requirements of the United States Copyright Act with respect to "Nena Linda".  Dk. No. 32 at ¶12; Dk. No. 38 Pl. Ex. 3.

8.  Plaintiff Vasquez has been issued United States Certificate of Registration of Copyright PA 1-267-305 which includes and covers the musical composition entitled "Nena Linda".  Dk. No. 32 at ¶13; Dk. No. 38 Pl. Ex. 3.

12

9.   Plaintiff Vasquez did not grant any rights, title or interest in and to "Nena Linda" to Defendant Torres or anyone acting on his behalf or for his benefit.  Dk. No. 1 (Complaint) at ¶¶ 15-18 (no grant or rights or authorization);  Dk. No. 20 (Answer) at ¶¶ 15-18 (admitting allegations); Dk. No. 32 at ¶¶ 14-15.

10.   Plaintiff Vasquez did not grant any rights, title or interest to Defendant Torres or anyone acting on his behalf or for his benefit to exploit or use "Nena Linda" or any portion thereof in any manner or by any means at any time.  Id.

11.   Defendant Torres did not write all or any part of "Noche de Fiesta" before "Nena Linda" was authored.  Dk. No. 32 at ¶34.

12.   Ruben Canuelas, a neighbor and friend of Defendant Torres, played a cassette of a musical group performing a musical composition ("Cassette") prior to Defendant Torres's writing the words to "Noche de Fiesta".  Dk. No. 32 at ¶35; Dk. No. 35 at ¶5, 6.

13.   Defendant Torres listened to the Cassette prior to and during the writing of "Noche de Fiesta" furnished by his friend and neighbor Ruben Canuelas.  Dk. No. 32 at ¶36; Dk. No. 35 at ¶¶ 5-7; Dk. No. 38 Pl. Ex. 7 Negron Depo. 9/8/06 at 54, lines 19-25 ("Q. At the time that you filled this out [application for copyright registration] you were aware that when you wrote 'Noche

13

de Fiesta' you listened to an audio cassette of another group playing music and singing, correct?... A.  Several songs."); at 92, lines 15-25 (Negron listened to the Cassette "first and after also" working on lyrics to "Noche de Fiesta").

14.  One of the songs on the Cassette could have been "Nena Linda".  Dk. No. 38 Pl. Ex.7 Negron Depo. 9/8/06 at 93 ("Q.  An it is possible that one of those songs was 'Nena Linda,', correct?...  A.  It could be....").

15.  Angel Fernandez, Plaintiffs' expert, has listened to and analyzed both "Nena Linda" and "Noche de Fiesta" and rendered a report concluding that the melodies in the two songs is "virtually identical" and that the melody of "Noche de Fiesta" "was copied and taken from "Nena Linda"" and testified in his deposition that the two melodies are "virtually identical".  Dk. No. 34, Ex. C at 25; Dk. No. 38 Pl. Ex. 8, Expert Report at 5, Fernandez Depo. 11/22/06 at 23, line 25, 24, lines 1-14 ("They are virtually identical").

16.  Negron licensed "Noche de Fiesta" through ASCAP and was paid royalties by ASCAP on that song within three years of the commencement of this action.  Dk. Nos. 32; 36 (Negron Declaration) at ¶¶ 25, 27 (Negron registered "Noche de Fiesta" with ASCAP on January 19, 1994 and thereafter received ASCAP royalties); Dk. No. 38 Pl. Ex. 10 (ASCAP payment); Pl. Ex. 16 (ASCAP Title Registration).

14

17.  In the action captioned <u>Torres-Negron v. Rivera</u>, Nos. 02-21728 and 02-1729 (HL) (D. Puerto Rico), Negron alleged in his amended complaint (Dk. No. 81) that he was "3.1 ...the author of the composition...'Noche de Fiesta'" and "3.3 ...currently and at all relevant times has been the <u>sole proprietor</u> of all rights, titles and interest in and to the copyright in [Noche de Fiesta]".  Dk. No. 38 Pl. Ex. 15 at ¶¶ 3.1; 3.3,  Pl. Ex. 7 Negron Depo. 9/8/06 at 74, lines 22-25 (Q.  An you claim that you're the sole composer of 'Noche de Fiesta,', correct, in this [Puerto Rican] action?  A.  Correct.").

18.  In the action captioned <u>Torres-Negron v. Rivera</u>, Nos. 02-21728 and 02-1729 (HL) (D. Puerto Rico), Negron gave a Sworn Statement, under penalty of perjury, dated August 24, 2002, (Dk. No. 228-10) that "2.  I am the sole composer of the song[] entitled...'Noche de Fiesta'".  Dk. No. 38 Pl. Ex. 12 at ¶2; Pl. Ex. 7, Negron Depo. 9/8/06 at 66, lines 2-25, 67, lines 2-16 ("A. 'I am the sole composer of the song entitled...'Noche de Fiesta'... Q.  You swore to that statement in August of 2002?  A. Yes.  Q.  That statement is untrue, correct?...  A.  It's true.").

19.  Negron entered into written confidential settlement agreements releasing claims based on his warranty and representation that he was the author and owner of "Noche de Fiesta" in exchange for payment to him.  Dk. No. 32 at ¶¶ 42-43,

45-49, 50, 54; Dk. No. 35 at ¶¶ 31-33; Pl. Dk. No. 38 Pl. Ex. 6

Universal Settlement at ¶¶ 1, 3-4, 11; 15; EMI Settlement at ¶¶

8-9, 10, 13; Sony Settlement at ¶¶8-9, 12, 14 16.

20.  Negron has received money based upon the exploitation of
the song entitled "Noche de Fiesta". Dk. No. 32 at ¶24.

21.  Negron has never paid Plaintiffs Vasquez or Campesino
all or any portion of the money he received from ASCAP,
Universal, EMI-Latin or Sony. Dk. No. 32 at ¶50.

22.  Prior to commencement of this action, Plaintiff Vasquez
notified Defendant Negron of his rights in "Nena Linda" in
writing. Dk. No. 32 at ¶19.

23.  Prior to commencement of this action, Plaintiff Vasquez
provided Defendant Negron with a copy of his United States
copyright registration covering "Nena Linda" and a copy of a
recording containing "Nena Linda". Dk. No. 32 at ¶20.

24.  In October 2005, by written agreement with Vasquez,
Campesino became the exclusive world wide administrator of the
musical composition and sound recording of "Nena Linda" ("Nena
Linda Agreement"). Dk. No. 32 at ¶21.

25.  Under the Nena Linda Agreement, Campesino is authorized
exclusively to license "Nena Linda" and to collect all money and
royalties earned, generated or produced by the use and
exploitation of "Nena Linda" in return for a fee. Dk. No. 32 at
¶22.

26.    Campesino is authorized by the Nena Linda Agreement to commence and maintain legal actions and proceedings to enforce the copyright in "Nena Linda" and to collect money and royalties from the use or exploitation of "Nena Linda".  Dk. No. 32 at ¶23.

27.    Negron has not requested or demanded that ASCAP to cease or discontinue granting ASCAP licenses covering "Noche de Fiesta".

28.    Negron has received money based upon the exploitation of the song entitled "Noche de Fiesta".  Dk. No. 32 at ¶30.

29.    In May 2005, EMI-Latin paid Defendant Negron $80,000 in settlement and for release of his claims based upon "Noche de Fiesta" in the 2002 Action.  Dk. No. 32 at ¶42.

30.    In the settlement agreement between Defendant Negron and EMI Latin, Defendant Negron warranted and represented that he owned all right, title and interest in and to the musical composition "Noche de Fiesta" and released his claims against EMI-Latin.   Dk. No. 32 at ¶43.

31.    In February 2006, Sony BMG Music Entertainment US Latin LLC, formerly known as Sony Discos Inc. ("Sony") paid Defendant Negron $55,000 in settlement and for release of his claims in the 2002 Action.  Dk. No. 32 at ¶46.

32.    In the settlement agreement between Defendant Negron and Sony, Defendant Torres warranted and represented that he was the sole author of "Noche de Fiesta" and released his claims against

17

Sony. Dk. No. 32 at ¶47.

33.   In October 2004, Universal Music & Video Distribution
Corp. ("Universal") paid Defendant Negron $15,000 in settlement
and for release of his claims in the 2002 Action and all claims
concerning the recording entitled "Jomami: Merenhouse Mix"
containing "Noche de Fiesta". Dk. No. 32 at ¶48; Dk. No. 35
(Negron Declaration) at ¶31.

34.   In the settlement agreement between Defendant Negron and
Universal, Defendant Negron warranted and represented that he was
the sole and lawful owner of all rights, titles and interests in
"Noche de Fiesta" and released his claims against Universal. Dk.
No. 32 at ¶49.

35.   The settlements with Universal, EMI-Latin and Sony were
confidential and the terms of these settlements were not publicly
disclosed prior to the commencement of this action. Dk. No. 32
at ¶54.

36.   Israel Casados was not a musician or arranger on "Nena
Linda" contained on the recording entitled Comercial. Dk. No. 36
Ex. E, Dk. No. 38 Pl. Ex. 4, Pl. Ex. 11, Vasquez Depo. 9/7/06 at
99 lines 13-15 (Casado worked on "Just One Night, Una Noche Nada
Mas; just that one. Just that one."); at 100, lines 9-14, 23-24.

37.   Vasquez is the author and composer of over 150
commercially released musical compositions. 2002 Action Vasquez
Trial Testimony February 8, 2006 at 25, lines 17-23 (composed

18

"more than 300 songs" and "approximately 150 recorded").

38.  Vasquez has been awarded two Latin Grammy Awards and four ASCAP Awards.  2002 Action Vasquez Trial Testimony on February 8, 2006 at 26 lines 10-19 (five Grammy nominations "two of which...have won" and "The ASCAP award... Four or five times.").

39.  Negron does not have any personal knowledge of the writing or composing of "Nena Linda".   Dk. No. 38 Pl. Ex. 7, Negron Dep. 9/8/06 at 95, lines 5-12 ("Q.  Were you present when 'Nena Linda' was composed?  A.  No.  Q. So you don't know anything about how it was written... A.  Correct.").

40.  Negron was not present at the recording of "Nena Linda" contained on the phonorecord entitled Comercial.  Vasquez personal knowledge and credits on Commercial, Dk. No. 36 Ex. E.

41.  Negron was not present at the recording of "Noche de Fiesta" contained on the phonorecords entitled "Bailando y Gozando...con Gozadera (Centro Records and HMS versions).  Negron February 2006 trial testimony and his deposition testimony in 2002 Action in Puerto Rico.

42.  Negron did not personally witness Israel Casados author or compose any music for "Noche de Fiesta".  Dk. No. 35 (Negron Declaration) at ¶¶ 13-14, 16, 20, 21 (never authorized use of and only learned of record containing "Noche de Fiesta" in 1994 after commercially released).

Dated: New York, New York

      February 1, 2007

                                  Borstein & Sheinbaum,
                                  Attorneys For Plaintiffs

By: _____
                                  James B. Sheinbaum (JS 0291)

                                  420 Lexington Avenue
                                  Suite 2920
                                  New York, New York 10170
                                  Tel. No. (212) 687-1600
                                  Fax No. (212) 687-8710
                                  E-mail jshein2000@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIPE ROBLES VASQUEZ p/k/a RALDY )
VASQUEZ and CAMPESINO ENTERTAINMENT )
GROUP, INC., )
              Plaintiff, )
   )   06 Civ. 0619(CM)
   )
   )
       v. )  **CERTIFICATE OF SERVICE**
   )
FERNANDO TORRES NEGRON, TOMARA )
SOSA-PASCUAL and JULIO DE LA )
ROSA-RIVE, )
   )
          Defendants. )
-------------------------------------- )

    I HEREBY CERTIFY that on February 1, 2007, a true and correct copy of the within "Rule 56.1 Statement" was served on William R. Bennett, III, Esq., Defendants' attorney in this action, <u>by hand</u>:

                William R. Bennett, Esq.
                Bennett, Giuliano, McDonnell & Perrone, LLP
                225 West 34th Street, Suite 402
                New York, New York 10122


Dated:  New York, New York
        February 1, 2007

              By: _James B. Sheinbaum_
                  James B. Sheinbaum(JS 0291)

                  Borstein & Sheinbaum
                  Attorney for Plaintiffs
                  420 Lexington Avenue, Suite 2920
                  New York, NY 10170
                  Tel: (212) 687-1600

Index No.    0619    Year 2006

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

FELIPE ROBLES-VASQUEZ p/k/a RALDY
VASQUEZ and CAMPESINO ENTERTAINMENT
GROUP, INC.

Plaintiffs,

-against-

FERNANDO TORRES-NEGRON, TOMARA
SOSA-PASCUAL and JULIO DE LA
ROSA-RIVE,

Defendants.

Rule 56.1 Statement

Signature (Rule 130-1.1-a)

Print name beneath    James B. Sheinbaum

THE LAW FIRM OF
BORSTEIN & SHEINBAUM
Attorneys for    Plaintiffs
Office and Post Office Address, Telephone
420 Lexington Avenue, Suite 2920
NEW YORK, N.Y. 10170-0002
(212) 687-1600
FAX (212) 687-8710

To

Attorney(s) for

Service of a copy of the within is hereby admitted
Dated

Attorney(s) for:

---

PLEASE take notice that the within is a (certified)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.
THE LAW FIRM OF
BORSTEIN & SHEINBAUM
Attorneys for
Office and Post Office Address
420 Lexington Avenue, Suite 2920
NEW YORK, N.Y. 10170-0002

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at

on
at    M.
Dated,

Yours, etc.
THE LAW FIRM OF
BORSTEIN & SHEINBAUM
Attorneys for
Office and Post Office Address
420 Lexington Avenue, Suite 2920
NEW YORK, N.Y. 10170-0002

To

Attorney(s) for