UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
FELIPE ROBLES VASQUEZ p/k/a RALDY
VASQUEZ and CAMPESINO ENTERTAINMENT
GROUP, INC.,

            Plaintiffs,

                              06 Civ. 0619(CM)

       v.

FERNANDO TORRES NEGRON, TAMARA
SOSA-PASCUAL and JULIO DE LA
ROSA-RIVE,

            Defendants.
-------------------------------------------X


**Plaintiffs' Memorandum of Law In Opposition
To Defendant's Motion For Summary Judgment**


**BORSTEIN & SHEINBAUM
420 Lexington Avenue, Suite 2920
New York, New York 10170
Tel.: (212) 687-1600
Fax:  (212) 687-8710**

# TABLE OF CONTENTS

Page

Table of Contents ........................................ i

Table of Authorities  ................................... ii

Introduction ............................................ 1

Plaintiffs' Opposition Argument.......................... 2

Point I    This Action Is Timely And Plaintiffs May
           Recover For All Infringements After
           January 25, 2003........................... 2

    A.    The Copyright Act Statute of Limitations... 2

    B.    This Action Is Not Time Barred ............ 3


Point II   Negron's Motion Should Be Denied Because
           He Has Not Established As A Matter of Law
           That His Exploitation Of "Noche de Fiesta"
           Does Not Infringe "Nena Linda" ............ 8

    A.    Negron's Burden On His Summary
          Judgment Motion ........................... 9

    B.    Negron's Motion Should Be Denied .......... 10

          i.    Plaintiffs' Copyright Infringement
                Claims Are Meritorious And
                Supported By The Undisputed Evidence . 10

          ii.   Negron's Arguments Are Meritless And
                Are Unsupported By The Facts And
                Applicable Law ...................... 17

Conclusion .............................................. 24

TABLE OF AUTHORITIES

Page

Cases

American Casualty Co. V. Nordic Leasing, Inc.,
    42 F.3d 725 (2d Cir. 1994) ........................ 9

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242, 106 S.Ct. 2505,
    91 L.Ed.2d 202 (1986)............................. 9

Auscape Int'l v. National Geographic Soc'y,
    2004 WL 1798130 (S.D.N.Y. August 12, 2004) ........ 5

Bassett v. Mashantucket Pequot Tribe,
    204 F.3d 343 (2d Cir. 2000) ...................... 7

Dam Things from Denmark v. Russ Berrie & Co., Inc.,
    290 F.3d 548 (3d Cir. 2003) ...................... 19, 21

Filmvideo Releasing Corp. V. Hastings,
    668 F.2d 91 (2d Cir. 1981) ...................... 18

Jaegly v. Couch,
    439 F.3d 149 (2d Cir. 2006) ...................... 9

Jorgensen v. Epic/Sony Records,
    351 F.3d 46 (2d Cir. 2004) ...................... 9, 10, 16

Kregos v. Associated Press,
    3 F.3d 656 (2d Cir. 1993) ........................ 3, 4

Los Angeles News Serv. v. Reuters Television
    Int'l Ltd.,
    149 F.3d 987 (9th Cir. 1998) ...................... 5

Merchant v. Levy,
    92 F.3d 51, (2d Cir. 1996) ...................... 2, 4, 5

Pickett v. Prince,
    207 F.3d. 402 (7th Cir. 2000) .................... 19

Ritchie v. Williams,
    295 F.3d 283, (6th Cir. 2005) .................... 5

Page

Cases

Salton, Inc. V. Philips Domestic Appliances &
    Personal Care B.V.,
    131 U.S. 123, 9 S.Ct. 710, 33 L.Ed. 76 (1889) ..... 7

Tocker v. Philip Morris Cos, Inc.,
    470 F.3d 481 (2d Cir. 2006) ...................... 9

Torres-Negron v. Rivera,
    433 F.Supp.2d 204 (D. Puerto Rico 2006) .......... 1, 12,
                                                       15, 16

TRW, Inc. v. Andrews,
    534 U.S. 19, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001). 3

Zale v. Wadsworth, Div. Of Thompson Corp.,
    360 F.3d 243 (1st Cir. 2004) ..................... 18, 21

Statutes and Rules

17 U.S.C. §101 ..................................... 6

17 U.S.C. §103(a) .................................. 18, 21

17 U.S.C. §106(1) .................................. 18

17 U.S.C. §106(2) .................................. 18, 21

17 U.S.C. §106(3) .................................. 18

17 U.S.C. §501(a) .................................. 18

17 U.S.C. §507 ..................................... 2

17 U.S.C. §507(b) .................................. 1-5

Fed.R.Evid. 56 ..................................... 1

Fed.R.Evid. 56(c)................................... 9

Fed.R.Evid. 201..................................... 12

Plaintiffs' Memorandum Of Law In Opposition
To Defendant's Motion For Summary Judgment

Introduction

Defendant Fernando Torres-Negron ("Negron") moves pursuant to Fed.R.Civ.P. 56 for summary judgment dismissing the complaint for copyright infringement on the grounds that: (i) the action is time barred and (ii) Negron has not infringed Plaintiff Felipe Robles Vasequez's ("Vasquez") musical composition entitled "Nena Linda" through his exploitation of "Noche de Fiesta". Dk. Nos. 33-36.

This action was timely commenced on January 25, 2006, based on infringements occurring within the three years of commencement and continuing thereafter. Dk. No. 1. As a matter of law, under 17 U.S.C. §507(b), this defense should be dismissed.

Negron's "Noche de Fiesta" has already been found after trial to be an unauthorized derivative work using the music of "Nena Linda". Torres-Negron v. Rivera, 433 F.Supp.2d 204, 215-16 (D. Puerto Rico 2006). Negron's eleventh hour and red herring defense is that he did not write the music to "Noche de Fiesta" and therefore did not infringe by exploiting that song. His ASCAP royalties and settlement money paid to him, however, were based upon Negron's claim of authorship and ownership of the entire "Noche de Fiesta", including the music of "Nena Linda" as already found in the Puerto Rican action. Dk. No. 32.

1

As more fully explained hereafter, Negron's motion for summary judgment should be <u>denied</u>.

<u>Plaintiffs' Opposition Argument</u>

<u>Point I</u>

This Action Is Timely And
Plaintiffs May Recover For All
<u>Infringements After January 25, 2003</u>

Plaintiffs allege that since January 25, 2003, Negron has infringed "Nena Linda" through his unauthorized exploitation of "Noche de Fiesta" (which contains the music of "Nena Linda") and seek damages and relief based thereon under the Copyright Act. Dk. No. 1; Dk. No. 32.  This action was commenced on January 25, 2006.  Dk. No. 1.

A.   The Copyright Act
<u>Statute Of Limitations</u>

17 U.S.C. §507(b) provides "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."  When a "claim accrues" is not specifically defined.  17 U.S.C. §507(b). However, under governing case law interpreting this section, all claims for infringements or damages occurring within three years before commencement of the action are timely and not barred by §507.  <u>Merchant v. Levy</u>, 92 F.3d 51, 57, n.8 (2d Cir. 1996) ("'a copyright owner's suit for infringement is timely if instituted

2

within three years of each infringing act for which relief is sought, but recovery is barred for any infringing acts occurring more than three years prior to suit."'); <u>Kregos v. Associated Press</u>, 3 F.3d 656, 662 (2d Cir. 1993) ('[r]ecovery is allowed only for those acts occurring within three years of suit.'"). <u>See</u> <u>TRW, Inc. v. Andrews</u>, 534 U.S. 19, 28, 122 S.Ct. 441, 447, 151 L.Ed.2d 339 (2001) (Supreme Court has not adopted a "discovery" rule for federal statutes of limitations where Congress is silent and noting that the only "cases in which we have recognized a prevailing discovery rule, moreover, were decided in two contexts, latent disease and medical malpractice").

B.    <u>This Action Is Not Time Barred</u>

Based upon the following undisputed facts and §507(b), the infringement claims in issue are not time barred:

(a) Negron entered into three confidential written settlements releasing and settling his claims for unauthorized use of "Noche de Fiesta" made within three years of January 25, 2006, the date this action was commenced. Dk. No. 1; 32 at 54; Dk. No. 35 (Negron Declaration) at ¶¶ 31, 32, 33.

(b) in these settlement agreements, Negron warranted and represented that he was the author and owner of the rights in "Noche de Fiesta". Dk. No. 32 at ¶¶ 43, 47, 49.

(c) Negron registered "Noche de Fiesta" at ASCAP in 1994.

3

Dk. No. 35 at ¶17.

(d) Since that date, and continuing through the present, Negron has not cancelled his registration and has received ASCAP royalties, including within three years of the date of commencement of this action.  Dk. No. 32 at ¶¶ 29-30; Pl. Ex. 10.

(e) Plaintiffs based their infringement claims in this action on Negron's ASCAP exploitations since January 2003, and the settlement agreements and payments made *after* October 15, 2004. Dk. Nos. 1; 32; 35 at ¶¶ 43, 47, 49; Pl. Ex. 6; 10.

Based upon the foregoing undisputed facts, this action for infringements occurring after January 23, 2003 is timely.  17 U.S.C. §507(b); Merchant, supra.; Kregos, supra.

Negron contends that Vasquez could have discovered Negron's claims to be author of "Noche de Fiesta" more than three years before commencing this action and argues under a discovery theory that therefore Plaintiffs' claims for infringements occurring within three years of commencement are barred.  Dk. No. 34 (Def. Memo.) at Point I.

First, assuming arguendo that §507(b) contains an implied "discovery" component, the discovery rule relied upon by Negron is inapplicable in this case between Vasquez, the copyright owner of "Nena Linda" and Negron, the alleged infringer of "Nena Linda".  Negron erroneously relies upon inapposite cases involving "authorship" disputes between parties alleging

4

authorship or co-authorship in the same work. Dk. No. 34 (Def.
Memo.) at Point I.  Plaintiffs, however, do not claim to be
authors of "Noche de Fiesta". Dk. Nos. 1; 32.  Merchant, supra.,
cited above in the text, expressly reaffirmed the rule that in
copyright claims involving a copyright owner against a third
party recovery is barred only for infringing acts occurring more
than three years prior to suit.  92 F.3d. 57, fn. 8.  See Ritchie
v. Williams, 295 F.3d 283, 288, fn. 5 (6th Cir. 2005) ("...the
copyright principle that each new infringing act causes a new
three year statutory period to begin...does apply to causes of
action by an owner against an unknown third party..."); Los
Angeles News Service v. Reuters Television Inter. Ltd., 149 F.3d
987, 992 (9th Cir. 1998) ("A [copyright] claim accrues when act
of infringement occurs, not when consequent damage is
suffered....  A plaintiff's rights to [copyright] damages is
limited to those suffered during the statutory period [of three
years] for bringing claims...." (Citations omitted)); Auscape
Int'l v. National Geographic Society, 2004 WL 1798130 at *8
(S.D.N.Y. August 12, 2004) ("a claim for copyright infringement
accrues on the date of infringement", holding that there is no
discovery component to §507(b) and dismissing only claims more
than three years prior to commencement of the action).

Second, Negron claims now, and claimed in the Puerto Rican
actions, that all of the uses of "Noche de Fiesta" were

5

unauthorized and that he never commercially released this song.
Dk. No. 35 (Negron Declaration) at ¶¶ 13-14, 19, 20, 22, 29.
Thus, Plaintiffs did not, and do not, have a reason to sue Negron
for infringement based upon these uses of "Noche de Fiesta" by
record companies allegedly without Negron's knowledge or
authorization and for which he claims he was not paid.  Id. at ¶¶
19, 29-30.

Third, Negron's 2002 copyright certificate covering "Noche
de Fiesta" states that the work is "unpublished".  Pl. Ex. 14.
By designating "Noche de Fiesta" as "unpublished", Negron
notified the world in his copyright certificate that his "Noche
de Fiesta" was not being distributed to the public by sale or
other transfer of ownership.  See 17 U.S.C. 101 at "Publication"
("'Publication' is the distribution of copies or phonorecords of
a work to the public by sale or other transfer of ownership, or
by rental, lease, or lending.").  In reliance on Negron's
copyright certificate, Plaintiffs would have no reason to sue
Negron for allege unauthorized uses of "Noche de Fiesta" for
which he was not paid.

Fourth, it is undisputed that the settlements in issue are
executed after 2003 and "confidential", i.e., not public.  Dk.
No. 32 at ¶54; Pl. Ex. 6.  Thus, Plaintiffs could not have sued
for infringement based on these settlements before their
execution which in each case is within three years of

6

commencement of this action.  Dk. No. 34 at ¶¶ 43, 47, 49.

Fifth, since copyright infringers are jointly and severally liable, Plaintiffs are entitled to sue any or all infringers at their option without losing or waiving their rights against Negron for his infringing conduct.  E.g., Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 360 (2d Cir. 2000) (citations omitted) ("a plaintiff in a copyright action may choose her defendant(s), no single infringer being considered indispensable. There is also abundant authority to the effect that, in a tort case, an aggrieved party is not compelled to sue all joint tortfeasors, but may proceed against as few or as many as he wishes."); Salton, Inc. v. Philips Domestic Appliances and Personal Care B.V., 391 F.3d 871, 877 (7th Cir. 2004) ("the principle of joint and several liability, ...governs...the federal statutory tort of copyright infringement".).  Therefore, Plaintiffs did not forfeit their rights to sue Negron for his infringements by not suing other parties for their infringements.

Accordingly, Negron's motion based upon the statute of limitations should be denied and this defense should be dismissed as a matter of law because it is without a factual or legal basis.

<u>Point II</u>

Negron's Motion Should Be Denied
Because He Has Not Established As
A Matter Of Law That His Exploitation Of
<u>"Noche de Fiesta" Does Not Infringe "Nena Linda"</u>

Negron further argues that even if this action is not time barred, his exploitation of "Noche de Fiesta" does not infringe "Nena Linda". Dk. No. 35 (Def. Memo.) Point II.

More specifically, Negron argues that: (i) exploiting "Noche de Fiesta" through settlement agreements in which he released his claims for alleged "unauthorized" exploitations and accepted payment as sole author of that song does not constitute an infringing act, (ii) he did not write the music to "Noche de Fiesta" and therefore his exploitations through ASCAP and by settlements of the entire "Noche de Fiesta", including the music, are not infringements and (iii) Angel Fernandez, Plaintiffs' expert testified in his deposition that the melodies of the two songs are "virtually identical" but acknowledged that the lyrics (which are not in dispute) and introductions of the two songs are different and therefore the songs are not sufficiently similar to support an infringement. Dk. No. 34, Point II. As explained below, the melody of "Noche de Fiesta" has already been found to have been copied from "Nena Linda" and these arguments are meritless desperate attempts to avoid judgment. Based upon the undisputed facts and applicable law, Negron's motion should be

8

denied.

### A.   Negron's Burden On His
### Summary Judgment Motion

Summary judgment is appropriate only when the submissions of

the parties, taken together, "show that there is no genuine issue

as to any material fact and that the moving party is entitled to

judgment as a matter of law."  Fed.R.Civ.P. 56(c).  In

determining whether a case presents triable issues of fact, the

court may not make credibility determinations or weigh the

evidence and must resolve all ambiguities and draw all

permissible inferences and construe all facts in favor of the

non-moving party.  See Tocker v. Philip Morris Companies, Inc.

470 F.3d 481, 486 (2d Cir. 2006); Jaegly v. Couch, 439 F.3d 149,

151 (2d Cir. 2006); Amer. Casualty Co. v. Nordic Leasing, Inc.,

42 F.3d 725, 728 (2d Cir. 1994).  In performing this task, the

Court must assume the truth of the non-movant's evidence.  See

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct.

2505, 2513-14, 91 L.Ed.2d 202 (1986).  In the context of a

copyright case, Negron must demonstrate the absence of material

evidence supporting an essential element of Plaintiffs' copyright

infringement claim.  See Jorgensen v. Epic/Sony Records, 351 F.3d

46, 50 (2d Cir. 2004) (discussing elements of copyright claim

involving a musical composition and stating "To prevail on a

motion for summary judgment, the defendants must demonstrate the

absence of material evidence supporting an essential element of [plaintiff's] copyright infringement claim."). As explained hereafter, Negron has not met his burden and therefore his motion should be denied.

### B.  Negron's Motion Should Be Denied

As discussed in the beginning of this Point, Negron makes three arguments in support of his motion. As explained hereafter, his arguments are without factual or legal basis and he has not met his burden to show the absence of a disputed material fact or entitlement to judgment as a matter of law.

#### i.  Plaintiffs' Copyright Infringement Claims Are Meritorious And Supported By The Undisputed Evidence

Based upon the undisputed evidence, Plaintiffs have established a prima facie case of copyright infringement which Negron has not rebutted on this motion. See Jorgensen, supra., 351 F.3d at 51-52 ("In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work.").

With respect to whether "Noche de Fiesta" infringes upon "Nena Linda", the undisputed evidence establishes that Vasquez wrote "Nena Linda", did not consent to Negron's use of "Nena Linda", Negron had access to "Nena Linda" before allegedly

writing the lyrics to "Noche de Fiesta", the melodies of the two
songs are virtually identical and Negron has exploited "Noche de
Fiesta" in its entirety, including the melody of "Nena Linda",
as his own song through ASCAP licenses and settlement agreements.

Negron admits that he brought federal actions in Puerto Rico
in which he "raised claims for copyright infringement, moral
rights violation and unjust enrichment related to...the alleged
unauthorized use, distribution and sale of sound recordings of my
musical compositions ..."*Noche de Fiesta"*.... Dk. No. 35 at ¶35.
The claims involving "Noche de Fiesta" went to trial in February
2006.  Dk. No. 32 at ¶44.  After trial, Judge Hector Laffitte
made the following factual determination and legal conclusions:

> ...it is clear that Torres had access to the
> song *Nena Linda* before he wrote *Noche de
> Fiesta* in 1993. *Nena Linda* had been
> commercially released in Puerto Rico on
> cassette tape in 1992. Additionally, *Nena
> Linda* was released on compact disc and played
> on the radio in Puerto Rico throughout 1993.
> The cassette tape that Torres listened to in
> creating *Noche de Fiesta* included recordings
> of the group Tempo Merenguero playing live.
> Tempo Merenguero was a cover band that
> performed songs by other artists, and thus
> could have been playing *Nena Linda* on the
> recording. Further, although Torres does not
> remember whether the song that he listened to
> from the tape to write *Noche de Fiesta* was
> *Nena Linda,* he admitted at trial that it
> might have been *Nena Linda*....
>
> It is uncontested that *Noche de Fiesta* and
> *Nena Linda* have the same melody, tone,
> structure, and key of A minor and differ only
> in their wording and rhythm. The similarities
> between the songs are not slight or trivial

11

and go straight to the copyrightable elements of the song, namely the melody. The similarities between the songs are comprehensive and are not limited to certain portions or segments of the songs, but are present throughout the entirety of the songs. An ordinary person of reasonable attentiveness would, upon listening to both songs, conclude that the songs were identical except for differences in tempo and lyrics... The similarities are to such a degree as to preclude the possibility of coincidence or independent creation. This is particularly salient since Torres failed to proffer any evidence of independent creation. The songs are simply so strikingly similar that an average lay observer would be obliged to come to the inescapable conclusion that *Noche de Fiesta* and *Nena Linda* are the same song with different words.

Torres-Negron v. Rivera, 433 F.Supp.2d 204, 215-216 (D. Puerto Rico 2006). See Fed.R.Evid. 201 (judical notice). Based upon the foregoing, Negron cannot demonstrate as a matter of law that Plaintiffs cannot establish that "Noche de Fiesta" does not infringe upon "Nena Linda".

Even independently of the foregoing decision, in this case, the evidence establishes the following:

(a) Plaintiff Vasquez composed the words and music to a musical composition entitled "Nena Linda" in 1992. Dk. No. 32 at ¶6; Pl. Ex. 3, 4.

(b) In 1992, "Nena Linda" was released as one of the selections on a commercially released audio cassette recording entitled Comercial. Dk. No. 32 at ¶7.

(c)   In 1992 and 1993, "Nena Linda" was played on the radio in Puerto Rico.  Dk. No. 32 at ¶8.

(d)   In 1993, the album entitled Comercial, containing "Nena Linda", was re-released and commercially distributed and sold in compact disc format.  Dk. No. 32 at ¶9; Pl. Ex. 3.

(e) In 1992 and 1993, Comercial was distributed and sold commercially in the Dominican Republic and Puerto Rico.  Dk. No. 32 at ¶10.

(f)  Plaintiff Vasquez has complied in all respects with the registration and deposit requirements of the United States Copyright Act with respect to "Nena Linda".  Dk. No. 32 at ¶12; Pl. Ex. 3.

(g)   Plaintiff Vasquez has been issued United States Certificate of Registration of Copyright PA 1-267-305 which includes and covers the musical composition entitled "Nena Linda".  Dk. No. 32 at ¶13; Pl. Ex. 3.

(h)   Plaintiff Vasquez did not grant any rights, title or interest in and to "Nena Linda" to Defendant Torres or anyone acting on his behalf or for his benefit.  Dk. No. 1 (Complaint) at ¶¶ 15-18 (no grant or rights or authorization);  Dk. No. 20 (Answer) at ¶¶ 15-18 (admitting allegations); Dk. No. 32 at ¶¶ 14-15.

(i)  Plaintiff Vasquez did not grant any rights, title or interest to Defendant Torres or anyone acting on his behalf or

13

for his benefit to exploit or use "Nena Linda" or any portion thereof in any manner or by any means at any time.  Id.

(j)  Defendant Torres did not write all or any part of "Noche de Fiesta" before "Nena Linda" was authored.  Dk. No. 32 at ¶34.

(k)  Ruben Canuelas, a neighbor and friend of Defendant Torres, played a cassette of a musical group performing a musical composition ("Cassette") prior to Defendant Torres's writing the words to "Noche de Fiesta".  Dk. Nos. 32 at ¶35; 35 at ¶5, 6.

(l)  Defendant Torres listened to the Cassette prior to and during the writing of "Noche de Fiesta" furnished by his friend and neighbor Ruben Canuelas.  Dk. No. 32 at ¶36; Dk. No. 35 at ¶¶ 5-7; Pl. Ex. 7 Negron Depo. 9/8/06 at 54, lines 19-25 ("Q. At the time that you filled this out [application for copyright registration] you were aware that when you wrote 'Noche de Fiesta' you listened to an audio cassette of another group playing music and singing, correct?... A.  Several songs."); 92, lines 15-25 (Negron listened to the Cassette "first and after also" working on lyrics to "Noche de Fiesta").

(m) One of the songs on the Cassette could have been "Nena Linda".  Pl. Ex.7 Negron Depo. 9/8/06 at 93 ("Q.  And it is possible that one of those songs was 'Nena Linda,', correct?... A.  It could be....").

(n) Angel Fernandez, Plaintiffs' expert, has listened to and

14

analyzed both "Nena Linda" and "Noche de Fiesta" and rendered a report concluding that the melodies in the two songs is "virtually identical" and that the melody of "Noche de Fiesta" "was copied and taken from "Nena Linda"" and testified in his deposition that the two melodies are "virtually identical". Dk. No. 34, Ex. C at 25; Pl. Ex. 8, Expert Report at 5, Fernandez Depo. 11/22/06 at 23, line 25, 24, lines 1-14 ("They are virtually identical").

(o) Negron licensed "Noche de Fiesta" through ASCAP and was paid royalties by ASCAP on that song within three years of the commencement of this action. Dk. Nos. 32; 36 (Negron Declaration) at ¶¶ 25, 27 (Negron registered "Noche de Fiesta" with ASCAP on January 19, 1994 and thereafter received ASCAP royalties); Pl. Ex. 10 (ASCAP payment).

(p) In the action captioned <u>Torres-Negron v. Rivera</u>, Nos. 02-21728 and 02-1729 (HL) (D. Puerto Rico), Negron alleged in his amended complaint (Dk. No. 81) that he was "3.1 ...the author of the composition...'Noche de Fiesta'" and "3.3 ...currently and at all relevant times has been the <u>sole proprietor</u> of all rights, titles and interest in and to the copyright in [Noche de Fiesta]". Pl. Ex. 15 at ¶¶ 3.1; 3.3, Pl. Ex. 7 Negron Depo. 9/8/06 at 74, lines 22-25 (Q. And you claim that you're the sole composer of 'Noche de Fiesta,', correct, in this [Puerto Rican] action? A. Correct.").

15

(q) In the action captioned <u>Torres-Negron v. Rivera</u>, Nos. 02-21728 and 02-1729 (HL) (D. Puerto Rico), gave a Sworn Statement, under penalty of perjury dated August 24, 2002, (Dk. No. 228-10) that "2.  I am the sole composer of the song[] entitled..."Noche de Fiesta".  Pl. Ex. 12 at ¶2; Pl. Ex. 7, Negron Depo. 9/8/06 at 66, lines 2-25, 67, lines 2-16 ("A. 'I am the sole composer of the song entitled...'Noche de Fiesa'... Q.  You swore to that statement in August of 2002?  A.  Yes.  Q.  That statement is untrue, correct?...  A.  It's true.").

(r) Negron entered into written confidential settlement agreements releasing claims based on his warranty and representation that he was the author and owner of "Noche de Fiesta" in exchange for payment to him.  Dk. No. 32 at ¶¶ 42-43, 45-49, 50, 54; Dk. No. 35 at ¶¶ 31-33; Pl. Ex. 6 Universal Settlement at ¶¶ 1, 3-4, 11; 15; EMI Settlement at ¶¶ 8-9, 10, 13; Sony Settlement at ¶¶8-9, 12, 14 16.

Accepting the foregoing as true and most favorably to Plaintiffs, Plaintiffs have established a prima facie case of copyright infringement.  <u>See</u> <u>Jorgensen</u>, <u>supra.</u>, 351 F.3d at 51-52 ("In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work.").  Therefore, Negron has not met his burden and this motion must be denied.

16

ii.  Negron's Arguments Are
Meritless And Are Unsupported By
<u>The Facts And Applicable Law</u>

In Point II of his Memorandum of Law, Negron makes three
conclusory and factually unsupported arguments in support of his
motion.

First, Negron argues that there is no case law supporting
Plaintiffs' claims that Negron's settlements constitute an
infringement of "Nena Linda".  Dk. No. 34 (Def. Memo.) at 10.
Apparently, he contends because a settlement per se is not an
actual use of the music or lyrics, it cannot constitute an
infringement.  <u>Id.</u>  Negron ignores the terms of the documents and
the fact that granting of an unauthorized license to exploit a
copyrighted work constitutes an infringement of that work.

An examination of the settlements demonstrates that these
documents are retroactive licenses authorizing and releasing
claims for Negron's claim of reproduction and distribution of
phonorecords containing "Noche de Fiesta" that he, as sole
author, did not authorize.  Pl. Ex. .  In each settlement, Negron
releases his claims of unauthorized sale of records containing
"Noche de Fiesta" and is paid for his release based upon his
warranty and representation that Negron is the author and owner
of "Noche de Fiesta".  Dk. No. 32 at ¶¶ 42-43; 46-49,; Pl. Ex. 6.
Indeed, in each settlement, Negron reserves specifically his
rights regarding future exploitations.  Pl. Ex. 6.

17

If, as explained above, and as must be assumed in Plaintiffs' favor on this motion, "Noche de Fiesta" incorporates the music of "Nena Linda" without Vasquez's permission, Negron's retroactive authorization of exploitation of "Noche de Fiesta" for payment violates Vasquez's exclusive rights as copyright owner to grant and authorize reproduction of the music in "Nena Linda" in phonorecords, prepare derivative works using that music and to distribute phonorecords containing the music of "Nena Linda" to the public by sale. 17 U.S.C. §103(a) ("protection...does not extend to any part of the work in which [preexisting material] has been used unlawfully."); 17 U.S.C. §106(1-3) (copyright owner has exclusive right to grant and authorize reproduction, derivative works and distribution of copyrighted work). These unauthorized acts constitute copyright infringement. 17 U.S.C. §501(a) ("Any one who violates any of the exclusive rights of the copyright owner as provided by sections 106...is an infringer of the copyright or the right of the author, as the case may be."); Filmvideo Releasing Corp. v. Hastings, 668 F.2d 91, 93 (2nd Cir. 1981) ("the proprietor of a derivative copyright cannot convey away that which he does not own"). See Zale v. Wadsworth, Div. Of Thompson Corp., 360 F.3d 243, 250 (1st Cir. 2004) ("Since the copyright owner's bundle of exclusive rights includes the right to prepare derivative works based upon the copyrighted work,...[the creator of the derivative

18

work] could not copyright them without permission to incorporate
the pre-existing material'".); Dam Things from Denmark v. Russ
Berrie & Co., Inc., 290 F.3d 548, 563 (3d Cir. 2002) ("An
author's right to protection of the derivative work only extends
to the elements that he has added to the work, he cannot receive
protection for the underlying work.  Furthermore, if the
underlying work is itself protected by copyright, then he will
receive no protection at all; on the contrary, he is a copyright
infringer because in order to create his work he has copied from
the underlying work."); Pickett v. Prince, 207 F.3d. 402, 405-406
(7th Cir. 2000) (plaintiff who added material to copyrighted work
without authorization of copyright owner could not sue copyright
owner even if added material was original).

Under the circumstances, and viewing the evidence most
favorably to Plaintiffs Negron's retroactive authorization and
release of claims as alleged author and owner of the entire song
"Noche de Fiesta" to record companies for their prior
unauthorized reproductions and distribution, is an infringement.

Second, Negron argues that "Plaintiffs' expert establishes
that the two works are sufficiently different so as to be
considered original works."  Dk. No. 34 (Def. Memo.) Point II at
14.  In support, Negron cites the testimony of Angel Fernandez,
Plaintiffs' expert.  Id.  The deposition testimony of Angel
Fernandez relied upon by Negron, however, contradicts and defeats

his argument and supports Plaintiffs' claim (and Judge Laffitte's finding and conclusion) that the melodies are virtually identical:

> Q.  So the melodies are not exactly identical, correct.
>
> A.  They are – they have differences.  They are based on the same – the same melody on the – there are differences that I – that are there to accommodate the lyrics, which were written in my opinion based on - on the Nena Linda, the lyrics of Noche de Fiesta.
>
> Q.  But are the melodies [of "Nena Linda" and "Noche de Fiesta"] idential or virtually identical?
>
> A.  They are – they are not identical.  The are virtually identical.  They are not note for note identical.

Dk. No. 34, Ex. C, Angel Fernandez Depo. 11/22/06 at 23, line 25, 24, lines 1-14; Pl. Ex. 9 same testimony.  This quoted testimony negates Negron's argument and confirms, as alleged by Plaintiffs and found by Judge Laffitte, that the melody, i.e., the music, of "Noche de Fiesta" is virtually identical to that of "Nena Linda" and further states Fernandez's opinion that the lyrics of "Noche de Fiesta" were written to the melody of "Nena Linda".  Accepting this testimony as true and all inferences therefrom most favorably to Plaintiffs, Negron has not met his burden on this motion to show that the melody of "Noche de Fiesta" does not copy

20

the melody of "Nena Linda".  Even if the lyrics and music are copyrightable independently as now claimed by Negron, this does not permit Negron to exploit both as a single song as he has done through ASCAP and in settlements without Vasquez's permission. 17 U.S.C. §§ 103(a); 106(2).  See Zale, supra; Dam Things from Denmark, supra.

Third and finally, in the fact section of Negron's Memorandum of Law, he states: "It is undisputed (i) that while both Vasquez nor Torres wrote the lyrics to both songs, neither wrote the music to either song at issue".  Dk. No. 34 at 7.  This claim is totally unsupported by the evidence.

First, the parties have already stipulated that Vasquez is the author of the words and music of "Nena Linda".  Dk. No. 32 at ¶6.  Second, the credits on the 1993 commercially released compact disc Comercial containing "Nena Linda" state: "Autor de todos Los Temas RALDY VASQUEZ", i.e., Author of all songs Raldy Vasquez.  Pl. Ex. 4; 5.  Third, Vasquez's copyright certificate states that Raldy Vasquez is the sole author of the words and music of "Nena Linda".  Pl. Ex. 3.  Fourth, Vasquez testified, without contradiction, in the 2006 trial of the Puerto Rican action that he wrote "Nena Linda" alone in 1992.  Rivera, 433 F.Supp.2d at 215.  Fifth, Negron does not claim or offer any evidence by anyone with personal knowledge to support his speculation.  Dk. Nos. 34-35.

21

Finally, despite the foregoing, Negron argues that "the music for both songs was created by Israel Cazado, not Vasquez or Torres.... Accordingly, Torres did not infringe on Vasquez's work." Dk. No. 34 at 11. In view of the foregoing undisputed facts and the credits on the two records, this is pure speculation without any factual or other evidentiary basis.

Negron admits that he does not have any personal knowledge concerning the writing of "Nena Linda". Pl. Ex. 7, Negron Dep. 9/8/06 at 95, lines 5-12 ("Q. Were you present when 'Nena Linda' was composed? A. No. Q. So you don't know anything about how it was written... A. Correct."). The credits of Bailando y Gozando con Gozadera containing "Noche de Fiesta" and Comercial containing "Nena Linda" do not support his desperate and wild claim. Pl. Ex. 4; 5. The credits on Bailando y Gozando con Gozadera (HMS version) state "Direccion Musical [Musical Direction] • Israel Casado" "Arreglos [Arrangements] • Israel Casado, Alfredo Velazquez". Dk. No. 34, Ex. D; Pl. Ex. 5. Casado is not even credited specifically as the arranger on "Noche de Fiesta". Id. The credits on that record list Negron as the sole author of "Noche de Fiesta" on track 2. Id. Negron does not now and never before claimed that this credit was incorrect or that somebody else should have been credited for the music. Apparently, since he worked on it, Israel Casado knew of this record since release in 1993 but never complained about or

22

sought correction of the credits. Pl. Ex. 5. Negron does not tender a copyright certificate of showing Israel Casado as author of the music for "Noche de Fiesta". Dk. Nos. 34-35.

Negron's actions confirm that his argument is without any substance. As explained above, he warranted and represented in settlements and swore in a filed sworn statement that he is the sole composer of "Noche de Fiesta". Pl. Ex. 6; 12. He also registered "Noche de Fiesta" with ASCAP in 1994 as entirely his own and kept all of the ASCAP royalties for that song. Dk. No. 35 at ¶¶ 17 (registered at ASCAP 1994); 19 (received ASCAP royalties); Pl. Ex. 10 (ASCAP royalty payment); 16 (ASCAP title registration 100% Negron). If, as Negron now argues, Casado wrote the music, Negron must have known this years before he registered for copyright in 2002. Dk. No. 35 at ¶¶ 16 (learned of record in 1994), 22 (learned of other records 2001-02); Pl. Ex. 5 (1993 and 1994 record credits), 14 (Negron copyright certificate). If Negron is correct, he was required to register "Noche de Fiesta" as a "derivative work" using the music composed by Casado with his consent. 17 U.S.C. §§ 101 (derivative work definition); 103(a) (derivative work copyright protection); 106(2) (author of work has exclusive rights to authorize derivatives of work). Negron's copyright certificate, however, states "n/a" and does not credit Casado in the derivative work section. Pl. Ex. 14.

Negron's reliance on the credits of Comercial further undermines his argument.  Israel Casado is credited on Comercial as arranger only on track 6 "Una Noche Mas".  Pl. Ex. 4.  Vasquez is credited as author of all songs on that record.  Id. Accepting the credits of each record which do not credit Israel Casado as an author of any of the works as true, Negron has not met his burden on this motion.  Moreover, Vasquez testified specifically at his deposition that Casado did not arrange "Nena Linda", but only worked on "Just One Night, Una Noche Nada Mas'; just that one. Just that one" on Comercial.  Pl. Ex. 11, Vasquez Depo. 9/7/06 at 99 lines 13-15 (Casado worked on "Just One Night, Una Noche Nada Mas; just that one. Just that one.").  Vasquez also testified that he never played "Nena Linda for Israel Casado and that "Nena Linda" was not arranged by Casado but by Vasquez and a person known as Alegria.  Id. at 100, lines 9-14, 23-24. Thus, Negron's argument without personal knowledge is unfounded and entirely speculative.

Accordingly, Negron's motion for summary judgment should be denied.

### Conclusion

Negron's defense of statute of limitations should be dismissed and his motion for summary judgment should be denied. Dated: New York, New York

February 1, 2007

24

Borstein & Sheinbaum
Attorneys For Plaintiffs

By: _James B. Sheinbaum_
James B. Sheinbaum (JS 0291)

420 Lexington Avenue
Suite 2920
New York, New York 10170
Tel. No. (212) 687-1600
Fax No. (212) 687-8710
E-mail jshein2000@aol.com

25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIPE ROBLES VASQUEZ p/k/a RALDY          )
VASQUEZ and CAMPESINO ENTERTAINMENT         )
GROUP, INC.,                                )
            Plaintiff,                  )
                                        )    06 Civ. 0619(CM)
                                        )
                                        )
            v.                          )    **CERTIFICATE OF SERVICE**
                                        )
FERNANDO TORRES NEGRON, TOMARA              )
SOSA-PASCUAL and JULIO DE LA                )
ROSA-RIVE,                                  )
                                        )
            Defendants.                 )
---------------------------------------- )

    I HEREBY CERTIFY that on February 1, 2007, a true and correct copy of "Plaintiffs' Memorandum of Law In Opposition To Defendant's Motion For Summary Judgment" was served on William R. Bennett, III, Esq., Defendants' attorney in this action, <u>by hand</u>:

        William R. Bennett, Esq.
        Bennett, Giuliano, McDonnell & Perrone, LLP
        225 West 34th Street, Suite 402
        New York, New York 10122


Dated:  New York, New York
        February 1, 2007


By: _James B. Sheinbaum_
        James B. Sheinbaum(JS 0291)

        Borstein & Sheinbaum
        Attorney for Plaintiffs
        420 Lexington Avenue, Suite 2920
        New York, NY 10170
        Tel: (212) 687-1600