UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FELIPE ROBLES VASQUEZ p/k/a RALDY
VASQUEZ and CAMPESINO ENTERTAINMENT          06 Civ. 0619(CM)
GROUP, INC.,


                        Plaintiffs,


        -against-                            Affidavit In
                                             Opposition

FERNANDO TORRES NEGRON, TOMARA
SOSA-PASCUAL and JULIO DE LA
ROSA-RIVE,


                        Defendants.
------------------------------------X


State of New York     )

County of New York    ) ss.:


        James B. Sheinbaum, being duly sworn, deposes and says:


        1.  I am a member of Borstein & Sheinbaum, attorneys for

Plaintiffs in the above captioned action, and am familiar with

the following facts and circumstances.

        2.  I submit this affidavit in opposition to the motion of

Defendant Fernando Torres-Negron seeking summary judgment

pursuant to Fed.R.Civ.P. 56.  Dk. Nos. 33-36.

        3.  The following documents, except for exhibit 6 (filed

separately under seal), are attached as Exhibits:

                              1

| Exhibit Number | Description |
|---|---|
| 1 | Complaint (Dk. No. 1) |
| 2 | Answer (Dk. No. 20) |
| 3 | Plaintiff's Copyright Certificate covering "Nena Linda" |
| 4 | Graphic art and credits of compact disc entitled Comercial containing "Nena Linda" |
| 5 | Graphic art and credits of compact discs entitled Bailando y Gozando con Gozadera containing "Noche de Fiesta" |
| 6 | Negron Settlement Agreements dated October 19, 2004, May 31, 2005 and February 1, 2006 filed separately and under seal in accordance with Confidentiality Order |
| 7 | Excerpts of Negron Deposition taken on 9/8/06 |
| 8 | Plaintiffs' Expert Report of Angel Fernandez dated 9/15/06 (without exhibits) |
| 9 | Excerpts of Fernandez Deposition taken on 11/22/06 |
| 10 | ASCAP Royalty Statement and Check dated August 19, 2004 |
| 11 | Excerpts of Vasquez Deposition taken on 9/7/06 |
| 12 | Sworn Statement of Negron dated 8/2402 filed by Negron in federal 2002 Action in Puerto Rico |

2

| Exhibit Number | Description |
|---|---|
| 13 | Excerpts of Harrap's Spanish and English Dictionary containing definitions of Spanish words arreglo, arreglista, autor, todo, tema |
| 14 | Negron's Copyright Certificate covering "Noche de Fiesta" effective date 1/31/02 |
| 15 | Negron's Amended Complaint (PR 2002 Action Dk. No. 81) 7/18/03 |
| 16 | Negron's ASCAP Title Registration Information "Noche de Fiesta" 2/4/1994 |

4.   The Court is requested to take judicial notice (Fed.R.Evid. 201) of the proceedings and docket filed documents in this action, including Dk. Nos. 1 (Complaint January 25, 2006), 20 (Answer June 21, 2006), 32 (Pre-trial Order January 19, 2006), and Dk. No. 35 (Negron Declaration January 17, 2007) and in the action captioned Fernando Torres-Negron v. Antonio L. Rivera-Lopez, et al., 02 Civ. 1728(HL) (D. Puerto Rico) ("2002 Action"), including Docket Nos. 1 (Complaint May 15, 2002), 81 (Amended Complaint July 18, 2003), 288-10 (Sworn Statement under penalties of perjury dated August 24, 2002) and 488 (Decision after trial dated May 24, 2006 also reported at 433 F.Supp.2d 204).

5.   The Court is respectfully referred to Plaintiffs' accompanying Memorandum Of Law In Opposition To Defendant Torres-

Negron's Motion for summary judgment pursuant to Fed.R.Civ.P. 56

for the facts, circumstances, arguments and legal authorities

supporting their opposition to Defendant Negron's motion.

James B. Sheinbaum

Sworn to before me this
1st day of February, 2007

Notary Public

TRACEY WHISNANT
Commissioner of Deeds
City of New York - No.4-5369
Certificate Filed in New York County
Commission Expires May 1, 2008

4

# Exhibit 1

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FELIPE ROBLES VASQUEZ p/k/a RALDY
VASQUEZ and CAMPESINO ENTERTAINMENT          06 Civ.          (   )
GROUP,

                              Plaintiffs,

                                                Complaint

        -against-


FERNANDO TORRES NEGRON, TOMARA
SOSA-PASCUAL and JULIO DE LA
ROSA-RIVE,                          **06 CV 0619**

                 Defendants.
------------------------------------X

        Felipe Robles Vasquez p/k/a Raldy Vasquez and Campesino

Entertainment Group, Inc., as and for their Complaint, state and

allege:

                        The Parties


        1.   Felipe Robles Vasquez p/k/a Raldy Vasquez ("Vasquez") is

an individual residing in Santo Domingo, Dominican Republic.

        2.   Campesino Entertainment Group, Inc. ("Campesino") is a

corporation organized and existing under the laws of the State of

New York with offices in Pomona, New York and is engaged in the

business of exploiting sound recordings and musical compositions.

        3.   Fernando Torres Negron ("Torres") is an individual

residing in Aibonito, Puerto Rico.

                              1

4.   Tamara Sosa Pascual ("Pascual") is an individual residing in Puerto Rico and an attorney admitted to practice law in Puerto Rico.

5.   Julio A. De la Rosa-Rive ("Rive") is an individual residing in Puerto Rico and an attorney admitted to practice law in Puerto Rico.

## Jurisdiction and Venue

6.   Jurisdiction of this action is founded upon 28 U.S.C. §1331 and §1338(a).

7.   The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

8.   Venue of the claims in this action is founded upon 28 U.S.C. §1391(b) and §1400(a).

## Count I

9.   Plaintiff Vasquez composed the words and music to a musical composition entitled "Nena Linda" in 1992.

10.   Nena Linda was released commercially on the phonorecord entitled "Comercial" in 1993.

11.   Comercial was sold and distributed in the Dominican Republic and Puerto Rico.

2

12.   Plaintiff Vasquez has properly registered words and music of the musical composition entitled "Nena Linda" ("Nena Linda") with the United States Copyright Office.

13.   Plaintiff Vasquez has complied in all respects with the registration and deposit requirements of the United States Copyright Act with respect to "Nena Linda".

14.   Plaintiff Vasquez has been issued United States Certificate of Registration of Copyright PA 1-267-305 which includes the musical composition entitled "Nena Linda".

15.   Plaintiff Vasquez did not grant any rights, title or interest in and to "Nena Linda" to Defendants Torres, Pascual and/or Rive.

16.   Plaintiff Vasquez did not grant any rights, title or interest to Defendants Torres, Pascual and/or Rive to exploit or use "Nena Linda" or any portion thereof in any manner or by any means.

17.   Plaintiff Vasquez did not grant any rights, title or interest in and to "Nena Linda" to Defendants Torres, Pascual and/or Rive to administer "Nena Linda".

18.   Plaintiff Vasquez did not grant any rights, title or interest to Defendants Torres, Pascual and/or Rive to collect any money or royalties due to or resulting from the use and/or exploitation of "Nena Linda" or any portion thereof.

19.   Plaintiff Vasquez did not grant any rights, title or

3

interest to Defendants Torres, Pascual and/or Rive to license or grant licenses or authorizations to third parties to use or exploit "Nena Linda" or any portion thereof.

20.   Defendant Torres alleges that he composed a song entitled "Noche de Fiesta" in two pending actions in the United States District Court for the District of Puerto Rico entitled: <u>Fernando Torres-Negron v. Antonio L. Rivera-Lopez, et. al.</u>, 02 Civ. 1728 (HL) (D. Puerto Rico) ("2002 Action") and <u>Fernando Torres-Negron v. J&N Publishing, et. al.</u>, 05 Civ. 1216 (JAG) (D. Puerto Rico) ("2005 Action") (collectively hereafter "Puerto Rican Actions").

21.   In the Puerto Rican Actions, Defendant Torres alleges that he copyrighted "Noche de Fiesta" on January 31, 2002 and was issued Copyright Certificate of Registration No. Pau 2-624-261 covering "Noche de Fiesta" ("Noche de Fiesta").

22.   According to discovery in the 2002 Action, Pascual prepared and filed Torres' application for copyright registration of "Noche de Fiesta".

23.   According to discovery in the 2002 Action, the Copyright Certificate covering "Noche de Fiesta" lists Torres as the sole author of the words and music.

24.   Torres and Pascual did not notify or advise the Copyright Office that the rhythm and music of "Noche de Fiesta" was based upon "Nena Linda" and that Torres did not have the

4

authority, consent or permission of the author of "Nena Linda" to use any portion of "Nena Linda".

25.   In the Puerto Rican Actions, Defendant Torres seeks damages and equitable relief as alleged author and copyright owner of "Noche de Fiesta".

26.   During his oral deposition in the 2002 Action, Defendant Torres testified that prior to writing the words to "Noche de Fiesta", Ruben Canuelas, a neighbor, provided him with a cassette of a musical group of a recording of a musical composition ("Cassette") and that Ruben Canuelas told him to write the words that would carry the tune and the same rhythm of the song on the Cassette.

27.   During that oral deposition in the 2002 Action, Defendant Torres testified that he listened to the Cassette prior to writing "Noche de Fiesta".

28.   To date, during the course of the Puerto Rican Actions, Defendant Torres has not identified or disclosed the title of the song he listened to prior to allegedly writing "Noche de Fiesta".

29.   To date, during the course of the Puerto Rican Actions, Defendant Torres has not identified or disclosed the name of the author of the song he listened to prior to allegedly writing "Noche de Fiesta".

30.   Based upon discovery in the 2002 Action, "Noche de Fiesta" was commercially released by Centro Records in 1993 and

5

distributed and sold by Luis Rivera Distributors in Puerto Rico on a record entitled Bailando y Gozando con...Gozadera ("Bailando y Gozando").

31.   Defendant Torres was credited as the sole author of "Noche de Fiesta" on Bailando y Gozando.

32.   In the 2002 Action, Defendant Torres testified in his deposition that he obtained a copy of Bailando y Gozando shortly after it was released.

33.   In the 2002 Action, Defendant Torres alleges that in 1994 he became a member of the American Society of Composers, Artists and Publishers ("ASCAP"), a performing rights society, that collects and pays royalties to composers and music publishers from public performances of musical compositions.

34.   ASCAP is located in New York City, New York.

35.   In discovery in the 2002 Action, Defendant Torres produced ASCAP statements showing that he was paid performance royalties by ASCAP on "Noche de Fiesta".

36.   In his oral deposition in the 2002 Action, Defendant Torres testified that he received two checks for royalties in the sum of $450.

37.   The copies of these checks produced in discovery in the 2002 Action indicate that the checks are for "Noche de Fiesta".

38.   Upon information and belief, in 2005, Defendant Torres settled his claims against EMI-Latin in the 2002 Action for

6

allegedly using or exploiting "Noche de Fiesta" on a recording entitled "Merenhits '94" for a sum of money that exceeds $75,000.

39.   In 2005, by written agreement with Vasquez, Campesino became the exclusive world wide administrator of the musical composition and sound recording of "Nena Linda" ("Nena Linda Agreement").

40.   Under the Nena Linda Agreement, Campesino is authorized exclusively to license "Nena Linda" and to collect all money and royalties earned, generated or produced by the use and exploitation of "Nena Linda" in return for a fee.

41.   Under the Nena Linda Agreement, Campesino is authorized to commence and maintain legal actions and proceedings to enforce the copyright in "Nena Linda" and to collect money and royalties from the use or exploitation of "Nena Linda".

42.   Pascual and Rive are Torres' attorneys of record in the Puerto Rican Actions.

43.   Upon information and belief, the music and rhythm of "Noche de Fiesta" contained on the recordings entitled Bailando y Gozando and Merenhits '94 is taken from and based upon "Nena Linda".

44.   Upon information and belief, "Noche de Fiesta" infringes on "Nena Linda".

45.   Upon information and belief, Defendant Torres' exploitation of "Noche de Fiesta" infringes upon and violates

7

Vasquez's rights as a copyright owner in and to "Nena Linda".

46.   Upon information and belief, Defendant Torres' registration of United States Copyright in and to "Noche de Fiesta" infringes and violates Vasquez's rights as a copyright owner in and to "Nena Linda".

47.   Upon information and belief, Defendant Torres' Puerto Rican Actions seeking to collect damages for copyright infringement of "Noche de Fiesta" violate Vasquez's rights as a copyright owner in and to "Nena Linda".

48.   Upon information and belief, all sums obtained or received by or paid to Defendant Torres' based upon the use or exploitation of "Noche de Fiesta" infringe upon and violate Vasquez's rights as a copyright owner in and to "Nena Linda".

49.   Upon information and belief, Pascual and Rive,have contributed to Torres' alleged infringements of "Nena Linda" by causing or materially contributing to Torres' infringing conduct.

50.   Upon information and belief, Pascual and Rive have profited by Torres' alleged infringements while declining to exercise any right to stop or limit such alleged infringements.

51.   Prior to commencement of this action, Plaintiff Vasquez has notified Defendants of his rights in "Nena Linda" and provided Defendants with a copy of his United States copyright registration covering "Nena Linda" and a copy of a recording containing "Nena Linda".

8

52.  After such notice, Defendants have continued to infringe upon Vasquez's copyright in and to "Nena Linda".

53.  Upon information and belief, Defendants' acts were and are intentional and willful acts of copyright infringement.

54.  As a result of the foregoing, Plaintiffs have suffered and will continue to suffer irreparable injury and damages.

55.  By reason of the foregoing, Plaintiffs are entitled to declaratory judgment invalidating and cancelling Torres's copyright registration of "Noche de Fiesta", equitable relief and damages.


WHEREFORE, Plaintiffs demand judgment against all Defendants jointly and severally as follows:


(a) Declaring United States Copyright Registration Pau 2-624-261 ineffective, invalid, annulled, cancelled and void with respect to the work entitled "Noche de Fiesta".

(b) Ordering and directing the Register of Copyrights and Copyright Office to annul and cancel United States Copyright Registration Pau 2-624-261 with respect to the work entitled "Noche de Fiesta".

(c) Declaring that Torres is not the author of the work entitled "Noche de Fiesta".

(d) Permanently enjoining Defendants, their agents,

9

representatives, servants, employees, attorneys, attorneys in fact and all persons and entities of any nature acting or purporting to act on their individual or collective behalf from infringing Plaintiff Vasquez's copyright in and to "Nena Linda" in any manner.

(e) Permanently enjoining Defendants, their agents, representatives, servants, employees, attorneys, attorneys in fact and all persons and entities of any nature acting or purporting to act on their individual or collective behalf from instituting, maintaining, continuing and/or prosecuting any action or proceeding of any nature in any court and/or tribunal to allege, assert, claim, defend and/or enforce any rights, title or interest in and to "Noche de Fiesta" in any manner.

(f)  Permanently enjoining Torres, his agents, representatives, servants, employees, attorneys, attorneys in fact and all persons and entities of any nature acting or purporting to act on his behalf from alleging, asserting and/or claiming credit or acknowledgment as author and/or composer of "Noche de Fiesta" in any manner.

(g) Awarding Plaintiffs the actual damages and all profits attributable to Defendants' infringements in "Nena Linda" pursuant to 17 U.S.C. §504(b).

(h) Awarding Plaintiffs statutory damages pursuant to 17 U.S.C. §504(c), including damages for wilful infringement, based

10

upon Defendants' infringements of "Nena Linda".

(i) Ordering and directing each of the Defendants to account to Plaintiffs for all gains and profits derived by Defendants from the infringements of Plaintiff Vazquez's copyright in "Nena Linda".

(j) Awarding punitive damages according to proof as a result of Defendants' intentional and wilfull infringements of Plaintiff Vasquez's copyright in and to "Nena Linda".

(k) Awarding the costs and disbursements of this action.

(l) Awarding attorney's fees.

(m) Awarding and granting such other and further relief as may be just and proper.

Dated: New York, New York

    January 25 2006

                              Borstein & Sheinbaum
                              Attorneys For Plaintiffs

                    By: _____
                         James B. Sheinbaum (JS 0291)

                         420 Lexington Avenue
                         Suite 2920
                         New York, New York 10170
                         (212) 687-1600

11

# Exhibit 2

**Bennett, Giuliano, McDonnell & Perrone, LLP**
**Attorneys for Defendant Fernando Torres-Negrón**
**225 West 34th Street, Suite 402**
**New York, New York 10122**
**Telephone:    (646) 328-0120**
**Fax:              (646) 328-0121**
**William R. Bennett, III (WB 1383)**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

FELIPE ROBLES VÁSQUEZ p/k/a RALDY                    NO. 06 CV 0619
VÁSQUEZ and CAMPESINO MUSIC                           (Mc Mahon)
ENTERTAINMENT GROUP, INC.,

                                             Plaintiffs,

                   -against-                                                **ANSWER**

FERNANDO TORRES-NEGRÓN,

                                             Defendants
------------------------------------------------------------X

        Defendant, Fernando Torres-Negrón, by and through his attorneys, Bennett,

Giuliano, McDonnell & Perrone, LLP, as and for his Answer to the Complaint, states as

follows:

        1.        Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 1 of the Complaint.

        2.        Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 2 of the Complaint.

        3.        Admits the allegations contained in paragraph 3 of the Complaint.

        4.        Pursuant to a stipulation by the parties, Tamara Sosa Pascual is no longer a

party to the litigation and, accordingly, no response to paragraph 4 of the Complaint is

required.

5.      Pursuant to a stipulation by the parties, Jose De LaRye-Rive is no longer a party to the litigation and, accordingly, no response to paragraph 5 of the Complaint is required.

## Jurisdiction and Venue

6.      There are no factual allegations contained in paragraph 6 of the Complaint.  Issues of law will be decided by the Court.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      There are no factual allegations contained in paragraph 8 of the Complaint.  Issues of law will be decided by the Court.

## COUNT I

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Admits the allegations contained in paragraph 15 of the Complaint.

16.     Admits the allegations contained in paragraph 16 of the Complaint.

17.     Admits the allegations contained in paragraph 17 of the Complaint.

18.     Admits the allegations contained in paragraph 18 of the Complaint.

19.     Admits the allegations contained in paragraph 19 of the Complaint.

20.     Admits the allegations contained in paragraph 20 of the Complaint.

21.     Admits the allegations contained in paragraph 21 of the Complaint.

22.     Admits the allegations contained in paragraph 22 of the Complaint.

23.     Admits the allegations contained in paragraph 23 of the Complaint.

24.     Denies the allegations contained in paragraph 24 of the Complaint.

25.     Admits the allegations contained in paragraph 25 of the Complaint.

26.     Admits the allegations contained in paragraph 26 of the Complaint.

27.     Admits the allegations contained in paragraph 27 of the Complaint.

28.     Admits the allegations contained in paragraph 28 of the Complaint.

29.     Admits the allegations contained in paragraph 29 of the Complaint.

30.     Admits the allegations contained in paragraph 30 of the Complaint.

31.     Admits the allegations contained in paragraph 31 of the Complaint.

32.     Admits the allegations contained in paragraph 32 of the Complaint.

33.     Admits the allegations contained in paragraph 33 of the Complaint.

34.     Admits the allegations contained in paragraph 34 of the Complaint.

35.     Admits the allegations contained in paragraph 35 of the Complaint.

36.     Admits the allegations contained in paragraph 36 of the Complaint.

37.     Admits the allegations contained in paragraph 37 of the Complaint.

38.    Denies the allegations contained in paragraph 38 of the Complaint.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42.    Admits the allegations contained in paragraph 42 of the Complaint.

43.    Denies each and every allegation contained in paragraph 43 of the Complaint.

44.    Denies each and every allegation contained in paragraph 44 of the Complaint.

45.    Denies each and every allegation contained in paragraph 45 of the Complaint.

46.    Denies each and every allegation contained in paragraph 46 of the Complaint.

47.    Denies each and every allegation contained in paragraph 47 of the Complaint.

48.    Denies each and every allegation contained in paragraph 48 of the Complaint.

49.    Denies each and every allegation contained in paragraph 49 of the Complaint.

50.    Denies each and every allegation contained in paragraph 50 of the Complaint.

51.    Admits the allegations contained in paragraph 51 of the Complaint.

52.    Denies each and every allegation contained in paragraph 52 of the Complaint.

53.    Denies each and every allegation contained in paragraph 53 of the Complaint.

54.    Denies each and every allegation contained in paragraph 54 of the Complaint.

55.    Denies each and every allegation contained in paragraph 55 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1.    The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.    Service of process of the Complaint was insufficient.

## THIRD AFFIRMATIVE DEFENSE

3.    Process was insufficient.

## FOURTH AFFIRMATIVE DEFENSE

4.    Venue of this action is improper.

## FIFTH AFFIRMATIVE DEFENSE

5.    The Court lacks in personam jurisdiction over the defendant.

### SIXTH AFFIRMATIVE DEFENSE

6.    Compansino Entertainment Group Inc. lacks standing.

### SEVENTH AFFIRMATIVE DEFENSE

7.    Plaintiffs' claims are time barred by applicable statute of limitations.

WHEREFORE, defendant Fernando Torres-Negrón requests that the action be

dismissed, and that he be awarded costs and fees and any such further relief the Court

deems just.

Dated: June 20, 2006
       New York, New York

                                Bennett, Giuliano, McDonnell & Perrone, LLP
                                Attorneys for Defendant, Fernando Torres-Negrón

                                William R. Bennett, III
                                225 West 34th Street, Suite 402
                                New York, New York 10122
                                Telephone:    (646) 328-0120

Z:\Documents\All Files\D492 Campesino Ent\Pleadings\Answer.061906doc.doc

Exhibit 3

LIBRARY OF CONGRESS

*Copyright Office*
*of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that on November 3, 2005, a claim to copyright a work identified as **TENGO UN PROBLEMA, ROMPIENDO BARRERAS, LA FIESTA, SE ACABO, NENA LINDA, UNA N CHE NADA MAS, EL PRECIO DE MI ERROR** was registered under number **PA 1-267-305.** This work was registered in accordance with provisions of the United States Copyright Law. (Title 17 United States Code)

**THIS IS TO CERTIFY FURTHER,** that the attached is an additional certificate for this work; it is identical to the original certificate which was issued in 2005.

**IN WITNESS WHEREOF,** the seal of this Office is affixed hereto on January 26, 2006.

Marybeth Peters
Register of Copyrights

By:   Tracie M. Coleman
      Head
      Certifications and Documents
      Section
      Information and Reference
      Division

Use of this material is governed by the U. S. Copyright law 17 U.S.C. 101 et seq.

RV/CE 0052



This Certificate issued under the seal of the Copyright Office under the provisions of title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form PA**
For a Work of Performing Arts
UNITED STATES COPYRIGHT OFFICE

PA 1-267-305

**EFFECTIVE DATE OF REGISTRATION**

11.3.05

Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**TITLE OF THIS WORK** ▼ Tengo un problema,

Rompiendo barreras, La fiesta, Se acabo, Nena linda, Una n che nada mas, El precio de mi error

**PREVIOUS OR ALTERNATIVE TITLES** ▼

n/a

**NATURE OF THIS WORK** ▼ See Instructions

Words and music/Songs contained on 1993 musical production entitled "COMERCIAL"Raldy Vasquez

---

**2**

**a**  **NAME OF AUTHOR** ▼  Felipe Vasquez Robles aka Raldy Vasquez

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1958    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of  USA
{ Domiciled in

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
words and music to all titles

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**  **NAME OF AUTHOR** ▼

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of
{ Domiciled in

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the creator is either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**  **NAME OF AUTHOR** ▼

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of
{ Domiciled in

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3**

**a**  **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1992 Year

**b**  **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month    Day 30    Year 1993
USA    Nation

---

**4**

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Raldy Vasquez dba Viorli Music C/o Campesino Ent. Group, Inc.
24 White Birch Drive, Pomona, NY 10970

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

By written agreement

**APPLICATION RECEIVED** NOV 03 2005
**ONE DEPOSIT RECEIVED** NOV 03 2005
**TWO DEPOSITS RECEIVED**
**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK** ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.  • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

RV/CE 0053

EXAMINED BY  LLC        FORM PA

CHECKED BY

| | CORRESPONDENCE | FOR COPYRIGHT OFFICE USE ONLY |
|---|---|---|
| ☐ | Yes | |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼ If your answer is No, do not check box A, B, or C.

**a.** ☐ This is the first published edition of a work previously registered in unpublished form.
**b.** ☐ This is the first application submitted by this author as copyright claimant.
**c.** ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼       **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
**Preexisting Material**  Identify any preexisting work or works that this work is based on or incorporates. ▼

**a**

**6**

See instructions before completing this space.

**Material Added to This Work**  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**DEPOSIT ACCOUNT**  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼       **Account Number** ▼

**THOMSON COMPUMARK**
**DA 061794**

**a**

**7**

**CORRESPONDENCE**  Give name and address to which correspondence about this application should be sent. Name / Address / Apt / City / State / ZIP ▼

Campesino Entertainment Group, Inc. Attn: Carlos Martin Carle- Copyright Administration
24 White Birch Drive, Pomona, NY 10970

**b**

Area code and daytime telephone number  ( 917 ) 771-7914      Fax number  (     )
Email  campesinomusic@aol.com

**CERTIFICATION\***  I, the undersigned, hereby certify that I am the

Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  Viorli Music
            Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Carlos Martin Carle       Date  11/2/2005

Handwritten signature (X) ▼

☞    x

| Certificate will be mailed in window envelope to this address: | **Name** ▼ |
|---|---|
| | Viorli Music C/o Campesino Entertainment Group - Administrator |
| | **Number/Street/Apt** ▼ |
| | 24 White Birch Drive |
| | **City/State/ZIP** ▼ |
| | Pomona, NY 10970 |

• Complete all necessary spaces
• Sign your application in space 8

1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

*MAIL TO:*
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

**9**

**\*17 U.S.C. § 506(e):** Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: June 2002—20,000   Web Rev: June 2002   ⊕ Printed on recycled paper       U.S. Government Printing Office: 2000-461-113/20,021

# Exhibit 4



1. ROMPIENDO BARRERAS*
2. LA FIESTA
3. SE ACABO****
4. SE QUE TE PERDI***
5. NENA LINDA*
6. UNA NOCHE NADA MAS**
7. EL PRECIO DE MI ERROR*
8. TENGO UN PROBLEMA*

Rally Vasquez
"COMERCIAL"

Blumberg No. 5114
DEFENDANT'S EXHIBIT D

Músicos Invitados:
ELIAS LOPEZ / Trompeta
JOSE DIAZ / Saxofones
JOEL SANCHEZ / Bajo*
ISRAEL CASADO / Piano*

Estudio de Grabación:
PLAYBACH STUDIO
Ingeniero: RAMON MARTINEZ
Ingeniero: CARLOS VELAZQUEZ
Fotografía: LUIS RUS

Autor De Todos Los Temas:
RALDY VASQUEZ

*Raldy Vásquez y Alegría
**Israel Casado
***Guillermo Torres
*****Raldy Vásquez y Juan Valoy

Quiero dedicar mi nueva producción con todo mi amor a mi madre, "María de los Ángeles Robles", a mi abuelita, "Ana Dilia Robles", porque gracias a su gran esfuerzo y dedicación puedo decir que nunca me faltó nada. ¡Que Dios las bendiga!

También a mis hijas Oriyn, Viviana, Linette, porque ellas son la fuente de inspiración que me da fuerza cada día para seguir adelante. ¡Las Amo!

PARA CONTRATACIONES
748-0611
Beeper 250-0140
Unidad 3855



Raldy Vasquez
"COMERCIAL"

RALDY VASQUEZ
AV01
℗© 1993
MADE IN USA
DIDX 017021
COMPACT DISC
DIGITAL AUDIO

1. XOFERIENIO DARRERAS
2. LA FIESTA
3. SE ACABO
4. SE QUE TE PIERDO
5. NENA LINDA
6. UNA NOCHE NADA MAS
7. EN EL PECHO DE MI HEROR
8. TENGO UN PROBLEMA

Exhibit 5



*GOZADERA*

■ *Bailando y Gozando con . . .*



1. FUE UN BIEN 4:32
(BEBTO ARIAS, ANTONIO)

2. NOCHE DE FIESTA 4:45
(FERNANDO TORRES)

3. MUEVE MUEVE 5:02
(HECTOR PENA, ANTONIO)

4. DINE QUE ME QUIERE 4:17
(PERDOMO)

5. GOZADERA 4:28
(SUFRIDO VAZQUEZ, ANTONIO)

6. MARCHATE 4:16
(HECTOR TORRES)

7. BEBO POR TI 4:39
(FERNANDO TORRES)

8. QUISIERA DETENER EL TIEMPO 4:45
(PERDOMO)

9. NOCHE DE FIESTA -REMIX (SUGAR KID) 6:22

DISTRIBUCION:
En U.S.A.: J&M Records Dist.
766 10th Ave, New York, NY 10019
Tel. (212) 265-1313
Fax (212) 265-1349

Ⓟ © Ⓒ 1994 J&M Records Dist.
766 10th Ave, New York, NY 10019
Tel. (212) 265-1313
Fax (212) 265-1349

Manufactured and printed by Disc Makers, Philadelphia, U.S.A.

ALL RIGHTS RESERVED
UNAUTHORIZED DUPLICATION
IS A VIOLATION OF APPLICABLE LAWS.

9  70010 59965  7

**EXHIBIT**



**PERSONAL**

ELY RAMOS
DIRECTOR, PIANO • HECTOR LUIS RAMOS
BAJO, DIRECTOR MUSICAL • DAVID RUIZ ROSARIO
PRIMERA TROMPETA • CARLOS JAVIER - ROSARIO
SEGUNDA TROMPETA • NELSON RODRIGUEZ ORTIZ
TROMBON • ELIZABETH RAMOS
SAX ALTO • HIRAM RIVAS
SAX TENOR • ANGEL RAFAEL ORTIZ
GUIRA • VICTOR RAFAEL CORDERO
CONGAS • JOSE A. MALDONADO
TAMBORA • RUBEN CANUELAS
CANTANTE Y CORO • JOHNNY SANTIAGO
CANTANTE Y CORO • MIOSOTY DE LEON
BAILARINA • MILLIE PABON

GOZADERA ES UNA CREACION EXCLUVIA DE ANTONIO RIVERA

PRODUCTOR MUSICAL • ANTONIO RIVERA
DIRECCION MUSICAL • ISRAEL CASADO
ARREGLOS • ISRAEL CASADO, ALFREDO VELAZQUEZ

GRABADO EN PLAY BACH STUDIOS
MEZCLADO POR • RAMON MARTINEZ, ANTONIO VELAZQUEZ
FOTOGRAFIA • JORGE VELAZQUEZ
MAQUILLAJE • IRIS PAGAN

PARA CONTRATACIONES EN PUERTO RICO:
(809) 725-5356 - MILEY

EN SANTO DOMINGO:
(809) 688-3902

EN ESTADOS UNIDOS:
(212) 265-3071 - LEO ANTUJAR

AGRADECIMIENTO A LOS
SIGUIENTES MUSICOS:
JOSE DIAZ
JOEL SANCHEZ
HECTOR HERRERA
RAFAEL BRITO
ELIAS LOPEZ
RAFIN GUIRA
RADY BAJO

MANUFACTURADO E IMPRESO POR
DISC MAKERS, PHILADELPHIA, U.S.A.

HMS110CD



*Bailando & Gozando Con...*



PLAINTIFF'S EXHIBIT 3
Torres Negron v. Rivera et al (02-1728)





# Exhibit 6

**⬛ CONFIDENTIAL**

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
FELIPE ROBLES VASQUEZ p/k/a RALDY
VASQUEZ and CAMPESINO ENTERTAINMENT                06 Civ. 0619 (CM)
GROUP, INC.

                    Plaintiffs,

    -against-

FERNANDO TORRES NEGRON, et al.

                    Defendants.
----------------------------------X


                        CONFIDENTIAL
                        FILED UNDER SEAL PURSUANT TO
                        CONFIDENTIALITY ORDER DATED
                        NOVEMBER 7, 2006


**⬛ CONFIDENTIAL**