**Bennett, Giuliano, McDonnell & Perrone, LLP**
**Attorneys for Defendant Fernando Torres-Negron**
225 West 34th Street, Suite 402
New York, New York 10122
Telephone:  (646) 328-0120
Fax:            (646) 328-0121
**William R. Bennett, III (WB 1383)**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
FELIPE ROBLES VÁSQUEZ p/k/a RALDY　　　　NO. 06 CV 0619
VÁSQUEZ and CAMPESINO MUSIC　　　　　　　 (Mc Mahon)
ENTERTAINMENT GROUP, INC.,

　　　　　　　　　　　　　Plaintiffs,

　　　　-against-

FERNANDO TORRES-NEGRÓN,

　　　　　　　　　　　　　Defendant.
-----------------------------------------------------------X

## MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS' OPPOSITION TO, AND IN FURTHER SUPPORT OF, DEFENDANT TORRES-NEGRON'S MOTION FOR SUMMARY JUDGMENT

　　　　Defendant Fernando Torres-Negron (hereinafter "Torres-Negron") respectfully submits herein this reply brief in response to plaintiffs' opposition to, and in further support of, defendant's motion for summary judgment. It is clear that plaintiffs' claim is one of ownership and not of infringement and, accordingly, their claims are time barred. Even assuming arguendo to that the claims are not time barred, plaintiffs have not shown that there is a genuine issue of material fact regarding Torres-Negrón infringing on *Nena Linda*. For the reasons stated herein, the motion for summary judgment must be granted.

POINT I

THE ESSENCE OF PLAINTIFFS' CLAIM IS ONE OF OWNERSHIP AND ACCORDINGLY THEIR CLAIMS ARE TIME BARRED

Plaintiffs request in their Complaint, in the "Wherefore" section, that this Court grant them the following relief:

(a) Declare Torres-Negrón's Copyright Registration void with respect to the work entitled *Noche de Fiesta*.

(b) Order the Copyright Office to annul and cancel Torres-Negrón's registration of *Noche de Fiesta*.

(c) Declare that Torres-Negrón is not the author of *Noche de Fiesta*.

\*     \*     \*     \*

(e) Permanently enjoining Torres-Negrón from instituting any action or proceeding to enforce any rights or interest in *Noche de Fiesta*.

(f) Permanently enjoining Torres-Negrón from claiming credit or authorship in *Noche de Fiesta*.

Of the six (6) substantive requests for relief, *i.e.*, not including claims for elements of damage, five (5) of the requests go directly to the ownership interest of *Noche de Fiesta*. From the relief requested it is clear that the gravamen of plaintiffs' complaint is a claim of ownership of the musical composition of *Noche de Fiesta*.

Copyright claims begin to accrue when the plaintiff "knows or has reason to know of the injury upon which the claim is premised." Barksdale v. Robinson, 211 F.R.D. 240 (S.D.N.Y. 2002.) citing Merchant v. Levy, 92 F.3d at 56 (citing Stone v. Williams, 970 F.2d 1043, 1048 (2d Cir.1992), cert. denied, 508 U.S. 906, 113 S.Ct. 2331, 124 L.Ed.2d 243 (1993)). "An express assertion of sole authorship or ownership will start the copyright statute of limitations running." Barksdale v. Robinson, 211 F.R.P. 240 citing

Netzer, 963 F.Supp. at 1315 (S.D.N.Y.1997).

In an action for infringement, the claim "accrues at the time that the infringement upon which the suit is based occurred. If such infringement occurred within three years prior to the filing, the action will not be barred even if prior infringements by the same party as to the same work are barred because they occurred more than three years previously." 3 Nimmer on Copyright § 12.05[A]. Furthermore, "[e]ach act of infringement is a distinct harm giving rise to an independent claim for relief." Stone v. Williams, 970 F.2d 1043, 1049 (2d Cir.1992). On these grounds, plaintiffs argue, without any legal support, that Torres-Negrón commencing an action against entities using the lyrics of *Noche de Fiesta* without authorization and then settling with various defendants in Puerto Rico within the last 3 years, save for Mr. Sheinbaum's client J&N, was an infringement on *Nena Linda* and that the infringement claims, thus, are timely. Plaintiffs also maintain that a cause of action for copyright infringement is separate and distinct from that of copyright ownership, requiring a different analysis with respect to the statute of limitations issue. Plaintiffs are wrong on both accounts.

The Second Circuit, in Merchant v. Levy, suggested that while a dismissal of an ownership claim as time-barred bars certain remedies associated with ownership, it does not automatically extinguish the right of a copyright owner to sue for infringement. Merchant, 92 F.3d at 57 n. 8 (2d Cir.1996). However, Merchant "should not be construed as allowing [a plaintiff] to make an 'end-run' around the statutory mandate of the Copyright Act." Barksdale, citing Carell, 104 F.Supp.2d at 255; see also 3 Nimmer *246 § 12.05[A] (it is an "absurdity" to conclude that the Second Circuit would create a rule that allows a plaintiff, merely by asking for infringement remedies other than or in

3

addition to a declaratory judgment, to rescue an otherwise time-barred claim from the statute of limitations) (quotations omitted).

When the essence of a plaintiffs' copyright claims are ownership, and not infringement, which is the case here based upon a fair reading of the Complaint, the infringement claims are barred if the ownership claim is time-barred. See <u>Minder Music Ltd. Mellow Smoke Music Co.,</u> No. 98 Civ. 4496, 1999 WL 820575 (S.D.N.Y. Oct. 14, 1999) (where gravamen of plaintiff's copyright claim is ownership, infringement claims are also barred).

Here, plaintiffs' ownership claims are clearly time barred and, thus, so are their infringement claims.

**POINT II**

**PLAINTIFFS HAVE NOT ESTABLISHED THAT A GENUINE ISSUE OF MATERIAL FACT EXISTS REGARDING DEFENDANT TORRES-NEGRÓN COMMITTING AN ACT OF INFRINGEMENT**

Plaintiffs allege that defendant Torres-Negrón's copyright of *Noche de Fiesta* and his claim against several defendants in Puerto Rico, some represented by plaintiffs' lawyer Mr. Sheinbaum, were acts of infringement. Not so.

First, the Copyright application filed by Torres-Negrón did not include the commercially released version of *Noche de Fiesta* created by Israel Casado and performed by *Gozadera*. Torres-Negrón submitted a tape to the copyright office of him singing his lyrics while <u>clapping</u>! Plaintiffs have failed to offer any proof, never mind a genuine issue of material fact, that the copyright registration filed by Torres-Negrón included a musical composition similar to or infringing upon *Nena Linda*. The musical compositions that infringes on *Nena Linda,* as argued by plaintiffs themselves, is the

commercial version of *Noche de Fiesta* released by *Gozadera* and J&N - Mr. Sheinbaum's client in Puerto Rico.

The Copyright Act of 1976 (the "Act"), section 501, provides the owner of a copyright with a cause of action for infringement against "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 118." 17 U.S.C. § 501(a). <u>Caffey v. Cook</u>, 409 F.Supp.2d 484 (S.D.N.Y. 2006). Plaintiffs have not established that Torres-Negrón violated any of Vásquez's rights, if any, that are provided by the Copyright Act. It is undisputed that Mr. Torres Negrón wrote the lyrics to *Noche de Fiesta*. It is also undisputed that those lyrics were put to music created by Israel Casado originally released by *Gozadera* through a producer named Antonio Rivera. *Noche de Fiesta* was then re-released by Mr. Sheinbaum's client J&N and others.

Torres-Negrón did not commit any acts of infringement defined in the Copyright Act. If there was infringement of Vásquez's rights to *Nena Linda*, the infringement was done by Mr. Sheinbaum's Puerto Rico clients, J&N.

## POINT III

### PLAINTIFFS CANNOT ESTABLISH TORRES-NEGRÓN HAD ACCESS TO *NENA LINDA*

Access is hearing or having a reasonable opportunity to hear the plaintiff's work, in other words having the opportunity to copy. <u>Beven v. Columbia Broadcasting Systems, Inc.</u>, 329 F.Supp. 601, 604 (S.D.N.Y.1971); <u>Smith v. Little Brown & Co.</u>, 245 F.Supp. 451 (S.D.N.Y.1965), aff'd, 360 F.2d 928 (2d Cir.1966).

A plaintiff must offer ***significant, affirmative and probative evidence*** to support a claim of access. <u>Scott v. Paramount Pictures Corp.</u>, 449 F.Supp. 518, 520 (D.D.C.1978),

5

aff'd, 607 F.2d 494 (D.C.Cir.1979), cert. denied, 449 U.S. 849, 101 S.Ct. 137, 66 L.Ed.2d 60 (1980).

Conjecture or speculation of access will not suffice. Intersong-USA v. CBS, Inc. 757 F.Supp. 274 (S.D.N.Y. 1991) citing Alexander v. Irving Trust Co., 132 F.Supp. 364, 367 (S.D.N.Y.), aff'd, 228 F.2d 221 (2d Cir.1955), cert. denied, 350 U.S. 996, 76 S.Ct. 545, 100 L.Ed. 860 (1956).

Here, plaintiffs fail to offer any proof establishing when the song *Nena Linda* was made available to the public in Puerto Rico, either by a commercial release or radio play, and to what extent the public in Puerto Rico had access to the song *Nena Linda*. The argument that Torres-Negrón listened or had access to *Nena Linda* when he listened to the tape given to him by his friend Reuben Canuelas is pure conjecture and speculation. It is a guess.

## CONCLUSION

For the reasons stated herein above, defendant Torres-Negrón is entitled to summary judgment on the grounds that the plaintiffs claims are time barred and that Torres-Negrón did not infringe on Vásquez's rights to *Nena Linda.*.

Dated:   February 9, 2007
         New York, New York

Respectfully submitted,

_____
William R. Bennett, III (WB 1383)
BENNETT, GIULIANO, McDONNELL
    & PERRONE, LLP.
Attorneys for defendant Torres-Negron
225 West 34th Street, Suite 402
New York, New York 10122
Tel. 646.328.0120
Fax. 646.328.0121

To: James Sheinbaum, Esq.
    Borstein & Sheinbaum
    Attorneys for Plaintiffs
    420 Lexington Ave, Suite 2920
    New York, New York 10170
    Tel. 212.687.1600
    Fax. 212.687.8710

Z:\Documents\All Files\D492 Campesino Ent\Pleadings\SumJudReply