UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1581
(212) 805 6325

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/07

CHAMBERS OF
COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

March 22, 2007

TO ALL COUNSEL IN:   ROBLES VASQUEZ v. TORRES NEGRON (06 Civ. 619)

FROM:   Judge McMahon

RE:   Pending Motion for Summary Judgment

---

I have read the briefs filed by both sides. I have also read Judge Laffitte's highly informative opinion in the Puerto Rican action.

I am curious about why plaintiff has not cross-moved for summary judgment on the ground that defendant, having participated fully as the plaintiff in the trial in Puerto Rico, is collaterally estopped to assert that his song Noche de Fiesta is nothing more than an unauthorized derivative work, the melody having been taken, in its entirety, from plaintiff's song Nena Linda.

Of course, the lack of a cross motion is no bar to the court's entering summary judgment in favor of any party who may be entitled to it. However, if plaintiff has concluded that the doctrine of collateral estoppel *does not* preclude Mr. Torres from relitigating the issue of whether his song is an unauthorized derivative work (which would, of course, make any exploitation of the song an infringement), I would be interested in knowing why.

Therefore, I instruct plaintiff to file a brief within ten days of today's date, addressing the issue of collateral estoppel and its applicability, or lack of applicability, to this case. Defendant need not file his reply brief in support of his motion until ten days after this additional brief has been filed with the court. In the reply brief, defendant should address any collateral estoppel argument that plaintiff chooses to make.