UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
FELIPE ROBLES VASQUEZ p/k/a RALDY VASQUEZ and CAMPESINO ENTERTAINMENT GROUP, INC.,

Plaintiffs,

06 Civ. 0619(CM)

v.

FERNANDO TORRES NEGRON, TAMARA SOSA-PASCUAL and JULIO DE LA ROSA-RIVE,

Defendants.
-----------------------------------X

**Plaintiffs' Brief Concerning The Applicability Of The Doctrine Of Collateral Estoppel In This Action**

**BORSTEIN & SHEINBAUM**
**420 Lexington Avenue, Suite 2920**
**New York, New York 10170**
**Tel.: (212) 687-1600**
**Fax: (212) 687-8710**

# TABLE OF CONTENTS

Page

Table of Contents .................................... i

Table of Authorities .................................... ii

Introduction .................................... 1

Point I The Doctrine Of Offensive Collateral Estoppel Is Applicable To Bar Defendant Negron From Relitigating The Issue Of Whether He Unlawfully Appropriated The Melody Of "Nena Linda" In "Noche de Fiesta" .................... 1

A. The Doctrine of Offensive Collateral Estoppel .......................... 2

B. Offensive Collateral Estoppel May Be Applied In This Action................ 4

Conclusion .................................... 11

# TABLE OF AUTHORITIES

Page

Cases

Ball v. A.O. Smith Corp.,
451 F.3d 66 (2d Cir. 2006) ........................ 3

Bear, Stearns & Co., Inc. v. 1109580 Ontario, Inc.,
409 F.3d 871 (2d Cir. 2005) ........................ 3

Feist Publications, Inc. v. Rural Tel. Serv. Co.,
499 U.S. 340, 111 S.Ct. 1282,
113 L.Ed.2d 358 (1991) ............................. 6

Fernando Torres-Negron v. Antonio L. Rivera-Lopez, et. al.,
02 Civ. 1728 (HL) (D. Puerto Rico) ................. 1, 9

Fernando Torres-Negron v. J&N Publishing, et. al.,
05 Civ. 1216 (JAG) (D. Puerto Rico) ................ 9

Gelb v. Royal Globe Ins. Co.,
798 F.2d 38 (2d Cir. 1986) ......................... 7

Huron Holding Corp. v. Lincoln Mine Operating Co.,
312 U.S. 183, 61 S.Ct. 513, 85 L.Ed. 725 (1941).....`3

Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.,
458 F.3d 244 (3d Cir. 2006) ........................ 7

Montana v. United States,
440 U.S. 147, S.Ct. 970, 59 L.Ed.2d 210 (1979) ...... 2

Negron v. Rivera,
433 F.Supp.2d 204 (D. Puerto Rico 2006) ............ 1, 4, 5, 7, 10

Parklane Hosiery Co., Inc. v. Shore,
439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)... 2, 3

U.S. v. Mendoza,
464 U.S. 154, 104 S.Ct. 568, 78 L.Ed. 379 (1984).... 2

Statutes

17 U.S.C. §102(a) ................................. 6

## Introduction

Plaintiffs Felipe Robles Vasquez ("Vasquez") and Campesino Entertainment Group, Inc. ("Campesino") submit this Brief addressing the issue of the applicability of the doctrine of collateral estoppel to this case in accordance with this Court's instruction to brief this issue. Dk. No. 45.

## Point I

### The Doctrine Of Offensive Collateral Estoppel Is Applicable To Bar Defendant Negron From Relitigating The Issue Of Whether He Unlawfully Appropriated The Melody Of "Nena Linda" In "Noche de Fiesta"

As explained hereafter, the doctrine of offensive collateral estoppel is applicable and may be applied by this Court to the after trial findings and conclusions of Federal District Judge Hector Laffitte that the musical compositions "Nena Linda" and "Noche de Fiesta" "were identical except for differences in tempo and lyrics" and that Defendant "Torres did not lawfully use the preexisting material from *Nena Linda* when he created *Noche de Fiesta*" in the action captioned Torres-Negron v. Rivera et. al, 02 Civ. 1728 and 1729 (HL) (D. Puerto Rico) (the "Puerto Rican Action"). Negron v Rivera, 433 F.Supp.2d 204, 214-17 (D. Puerto Rico 2006).

A. The Doctrine Of Offensive Collateral Estoppel

Under the doctrine of collateral estoppel, or issue preclusion, an issue which has been actually and necessarily determined by a court of competent jurisdiction may not be relitigated in a subsequent case by a party to the prior litigation. Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Offensive collateral estoppel permits a litigant who was not a party to a prior judgment to use that judgment "offensively" to prevent a defendant from relitigating issues resolved in the earlier proceeding. Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). The Supreme Court has described offensive and defensive collateral estoppel as follows:

> Offensive use of collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from relitigating an issue the defendant has previously litigated unsuccessfully in another action against the same or a different party. Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from relitigating an issue the plaintiff has previously litigated unsuccessfully in another action against the same or a different party.

U.S. v. Mendoza, 464 U.S. 154, 159 n.4, 104 S.Ct. 568, 571 n.4, 78 L.Ed. 379 (1984).

Federal principles of collateral estoppel, which apply to establish the preclusive effect of a prior federal judgment, require that:

> (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.

Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006). Trial courts have broad discretion when to apply the doctrine of offensive collateral estoppel.[1] Parklane Hosiery Co., 439 U.S. at, 331, 99 S.Ct. at 651. "In addition, a court must satisfy itself that application of the doctrine is fair." Bear, Stearns & Co., Inc. v. 1109580 Ontario, Inc., 409 F.3d 87, 91 (2d Cir. 2005) (applying this additional factor to offensive collateral estoppel).

---

1 Defendant Negron may argue that the judgment dismissing his copyright claims in the Puerto Rican Action is on appeal before the First Circuit. However, standing alone, the mere pendency of an appeal of that judgment does not preclude the application of collateral estoppel. "[I]n the federal courts the general rule has long been recognized that while appeal with proper supersedeas stays execution of the judgment, it does not-until and unless reversed-detract from its decisiveness and finality." Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 189, 61 S.Ct. 513, 515, 85 L.Ed. 725 (1941).

B. Offensive Collateral Estoppel
May Be Applied In This Action

Based upon undisputed facts, as discussed below, the above criterion for applying the doctrine of offensive collateral estoppel have been met. Therefore, based upon the findings and conclusions of Judge Laffitte in the Puerto Rican Action, this Court may bar Defendant Negron from relitigating the issues that he copied the melody of "Nena Linda" in "Noche de Fiesta" without the permission or authority of Plaintiff Vasquez, the author and copyright owner of "Nena Linda", or his representatives and that the melody in "Noche de Fiesta" is identical to "Nena Linda" except for differences in tempo and lyrics.

The issue of whether Defendant Negron copied the melody of "Nena Linda" in "Noche de Fiesta" without permission of Plaintiff Vasquez or his representatives was raised and decided against Negron in the Puerto Rican Action. Negron, 433 F.Supp.2d at 214-17.

Although Plaintiffs were not parties to the Puerto Rican Action, those issues were litigated and tried in the Puerto Rican Action as part of Defendant Negron's burden to prove that "Noche de Fiesta" was an "original work of authorship" and that he had a valid copyright in "Noche de Fiesta", prerequisites to maintaining an infringement action on that song. Id.

Defendant Negron had a full and fair opportunity to litigate

these issues in the Puerto Rican Action. Id.

Both Defendant Negron and Plaintiff Vasquez testified as a nonparty defense witness at the February 2006 trial before Judge Laffitte.[2] Id.

Before the February 2006 trial in the Puerto Rican Action, Defendant Negron had copies of Vasquez's copyright certificate, and a copy of the released album Comercial containing "Nena Linda". Dk. No. 1 (Complaint January 25, 2006); Dk. No. 37 (Pretrial Order Stipulated Facts) at ¶¶ 19-20; Negron, 433 F.Supp.2d at 211 ("jury trial as to the songs *Noche de Fiesta*...commenced on February 1, 2006). Defendant also had been served with the Complaint in this action prior to Mr. Vasquez's trial testimony. In fact, Plaintiff Vasquez was cross examined at that trial by Defendant Negron's lawyers about "Nena Linda" and this action in the Puerto Rican Action. Puerto Rican Action

---

2 Plaintiff Vasquez was called by one of the defendants and testified at trial in the Puerto Rican Action in pertinent part:

> Q. Could you tell the Court and jury...what are the similarities between Noche de Fiesta... and Nena Linde you wrote in 1992?
>
> A. ...The melody in both songs is the same. In other words, my own. The tone or key is identical as when I wrote, which is A minor. In fact the structure to both songs is similar....

Puerto Rican Action Tr. 2/8/06 at 37, lines 24-25, 38, lines 1-6.

Trial Tr. 2/8/06 at 68, lines 9-12 ("Q. Isn't it true that you filed a lawsuit in New York alleging that Fernando Torres copied that song? A. That is correct."); 24-25, 69, lines 1-4, 8-14. Recordings of the commercially released versions of both works were played in court and introduced into evidence at the trial. Puerto Rican Action Trial Exhibits Pl. Ex. 10; Ex. H-34 (1992 Audio Cassette released of album Comercial containing "Nena Linda"); Ex. H-35 (1993 released CD of Commercial containing "Nena Linda").

In the Puerto Rican Action, in order to sustain his copyright infringement claim based upon "Noche de Fiesta", Defendant Negron had the burden of proving that "Noche de Fiesta" was an "original work of authorship". 17 U.S.C. §102(a) ("Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression..."); <u>Feist Publications, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 345, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) ("The *sine qua non* of copyright is originality. To qualify for copyright protection, a work must be original to the author.... Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity."). Thus, Negron had every reason and incentive to prove that he was the only author of "Noche de

Fiesta" and that he did not copy the melody of "Nena Linda".

There is a final judgment, entered on May 24, 2006, dismissing all of Defendant Negron's copyright claims based upon "Noche de Fiesta".[3] Puerto Rican Action Dk. No. 489.

In addition, under the circumstances, it is fair to apply offensive collateral estoppel in this case.[4]

All of the relevant and material facts underlying Judge Laffitte's findings and conclusions are either undisputed or admitted in this action.

On January 19, 2006, the parties filed a Pretrial Order containing stipulated facts. Dk. No. 37. In pertinent part, the following facts have been stipulated to in that Pre-trial Order:

> 6. Plaintiff Vasquez composed the words and music to a musical composition entitled "Nena

---

[3] The District Court dismissed Negron's copyright claims on several grounds. Negron, supra. However, since the issue of Negron's unauthorized copying of the melody of "Nena Linda" was decided after a trial where the issue was raised and Negron had a full opportunity to dispute the issue at trial and to appeal that decision, it may serve as a basis for collateral estoppel on this issue in this action. See Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 45 (2d Cir. 1986) ("The general rule in this Circuit is that 'if a court decides a case on two grounds, each is a good estoppel.'"). Accord, Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 251 (3d Cir. 2006) (discussing and adopting the rule that "independently sufficient alternative findings should be given preclusive effect", giving preclusive effect to alternative findings, and noting "The Courts of Appeals for the Second, Seventh, Ninth, and Eleventh Circuits generally give preclusive effect to alternative findings.")

[4] This case is non-jury. Dk. Nos. 1; 37 at 3. Thus, this Court determines the facts in this case.

Linda" in 1992.

7. In 1992 "Nena Linda" was released as one of the selections on a commercially released audio cassette recording entitled Comercial.

8. In 1992 and 1993 "Nena Linda" was played on the radio in Puerto Rico.

9. In 1993 the album entitled Comercial, containing "Nena Linda", was re-released and commercially distributed and sold in compact disc format.

10. In 1992 and 1993, Comercial was distributed and sold commercially in the Dominican Republic and Puerto Rico.

11. Plaintiff Vasquez registered the words and music of the musical composition entitled "Nena Linda" ("Nena Linda") with the United States Copyright Office in November 2005.

12. Plaintiff Vasquez has complied in all respects with the registration and deposit requirements of the United States Copyright Act with respect to "Nena Linda".

13. Plaintiff Vasquez has been issued United States Certificate of Registration of Copyright PA 1-267-305 which includes and covers the musical composition entitled "Nena Linda".

14. Plaintiff Vasquez did not grant any rights, title or interest in and to "Nena Linda" to Defendant Torres or anyone acting on his behalf or for his benefit.

15. Plaintiff Vasquez did not grant any rights, title or interest to Defendant Torres or anyone acting on his behalf or for his benefit to exploit or use "Nena Linda" or any portion thereof in any manner or by any means at any time....

17. Plaintiff Vasquez did not grant any rights, title or interest to Defendant Negron

or anyone acting on his behalf or for his benefit to collect any money or royalties due to or resulting from the use and/or exploitation of "Nena Linda" or any portion thereof at any time.

18. Plaintiff Vasquez did not grant any rights, title or interest to Defendant Torres or anyone acting on his behalf or for his benefit to license or grant licenses or authorizations to third parties to use or exploit "Nena Linda" or any portion thereof at any time.

19. Prior to commencement of this action, Plaintiff Vasquez notified Defendant Torres of his rights in "Nena Linda" in writing.

20. Prior to commencement of this action, Plaintiff Vasquez provided Defendant Torres with a copy of his United States copyright registration covering "Nena Linda" and a copy of a recording containing "Nena Linda"...

24. Defendant Torres has received money based upon the exploitation of the song entitled "Noche de Fiesta"...

32. Defendant Torres commenced two actions in the United States District Court for the District of Puerto Rico captioned: Fernando Torres-Negron v. Antonio L. Rivera-Lopez, et. al., 02 Civ. 1728 (HL) (D. Puerto Rico) ("2002 Action") and Fernando Torres-Negron v. J&N Publishing, et. al., 05 Civ. 1216 (JAG) (D. Puerto Rico) ("2005 Action") (collectively hereafter "Puerto Rican Actions").

33. In the Puerto Rican Actions, Defendant Torres alleged that he was the copyright owner and author of the song entitled "Noche de Fiesta".

34. Defendant Torres did not write all or any part of "Noche de Fiesta" before "Nena Linda" was authored...

> 38. Defendant Torres does not categorically deny or dispute that he did not listen to or hear "Nena Linda" prior to writing the words to "Noche de Fiesta".

Dk. No. 37 at 4-9.

Thus, in this action, the facts relied upon and cited by Judge Laffitte in his decision and order concerning Plaintiff Vasquez's authorship and copyright ownership of "Nena Linda" and Negron's access to "Nena Linda" before "Noche de Fiesta" was allegedly written have been stipulated to and are not in dispute in this action. Negron, 433 F.Supp.2d at 215-16 ("It is clear that Torres had access to the song "*Nena Linda*" before he wrote "*Noche de Fiesta*"" based upon a commercially released cassette in 1992 and cd in 1993 in Puerto Rico, "Nena Linda" was played on radio in Puerto Rico and a cassette Negron listened to when writing "Noche de Fiesta" that might have contained "Nena Linda").

Judge Laffitte found that "It is uncontested that *Noche de Fiesta* and *Nena Linda* have the same melody, tone, structure, and key of A minor and differ only in their wording and rhythm.". Negron, 433 F.Supp.2d at 216; Fn. 2, supra. This finding and conclusion remains "uncontested" in this case and has been confirmed in this case by Plaintiffs' expert. Dk. No. 41 at Ex. 8 (Expert Report of Angel Fernandez). In pertinent part, Mr. Fernandez, Plaintiffs' expert, opines and concludes:

> ...it is my opinion that (a) to the

> ordinary listener the melodies of both Noche de Fiesta and Nena Linda are the same and are not distinguishable and (b) technically and musically the melodies of Noche de Fiesta are virtually identical and not materially distinguishable. ...Based upon my professional experience...and...considering that Nena Linda was copyrighted in 1992 and Noche de Fiesta in 1993...it is my opinion that the melody of Noche de Fiesta was copied and taken from Nena Linda.

Dk. No. 41 at Ex. 8 at 5. At his deposition in this case, Mr. Fernadez testified that the melodies of the two songs "are virtually identical." Id. Dk. No. 41 Ex. 9 at 23, lines 10-14.

In light of the foregoing, it is fair to apply offensive collateral estoppel in this case to Judge Laffitte's findings and conclusions in the Puerto Rican Action and applying the doctrine to bar Defendant Negron from relitigating in this case the issues that "Nena Linda" and "Noche de Fiesta" "[a]re identical except for differences in tempo and lyrics" and Defendant "Torres did not lawfully use the preexisting material from *Nena Linda* when he created *Noche de Fiesta*".[5]

---

[5] Until it was reversed by Judge Laffitte on May 24, 2006 (Dk. No. 488 and 489), Defendant Negron argued in his pre-answer Rule 12(b) motion to dismiss this case that based upon jury verdicts in the Puerto Rican Action "the issues raised by plaintiffs are barred by collateral estoppel." Dk. No. 7 at 3.

<u>Conclusion</u>

By reason of the foregoing, offensive collateral estoppel is applicable in this action because all of the criterion are met and it is fair to apply it under the particular circumstances. Applying this doctrine, Defendant Negron should be barred from relitigating the issues whether "Nena Linda" and "Noche de Fiesta" "[a]re identical except for differences in tempo and lyrics" and Defendant "Torres did not lawfully use the preexisting material from *Nena Linda* when he created *Noche de Fiesta*".

Dated: New York, New York
March 30, 2007

Borstein & Sheinbaum
Attorneys For Plaintiffs

By: ______________________
James B. Sheinbaum (JS 0291)

420 Lexington Avenue
Suite 2920
New York, New York 10170
Tel. No. (212) 687-1600
Fax No. (212) 687-8710

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

FELIPE ROBLES VASQUEZ p/k/a RALDY VASQUEZ and CAMPESINO ENTERTAINMENT GROUP, INC.,

Plaintiff,

06 Civ. 0619(CM)

v.

FERNANDO TORRES NEGRON, TOMARA SOSA-PASCUAL and JULIO DE LA ROSA-RIVE,

Defendants.

---------------------------------------x

I HEREBY CERTIFY that on March 30, 2007, I caused a true and correct copy of Plaintiffs' "**Plaintiffs' Brief Concerning The Applicability Of The Doctrine Of Collateral Estoppel In This Action**" to be served on William R. Bennett, III, Esq., Defendants' attorney in this action, via U.S. Mail and by facsimile, at the address and fax number listed below:

William R. Bennett, Esq.
Bennett, Giuliano, McDonnell & Perrone, LLP
225 West 34th Street, Suite 402
New York, New York 10122
Fax No. (646) 328-0121

Dated: New York, New York
March 30, 2007

By: James B. Sheinbaum
James B. Sheinbaum(JS 0291)

Borstein & Sheinbaum
Attorney for Plaintiffs
420 Lexington Avenue, Suite 2920
New York, NY 10170
Tel: (212) 687-1600
Fax: (212) 687-8710