Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Defendant Fernando Torres-Negrón
225 West 34th Street, Suite 402
New York, New York 10122
Telephone:   (646) 328-0120
Fax:         (646) 328-0121
William R. Bennett, III (WB 1383)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FELIPE ROBLES VÁSQUEZ p/k/a RALDY         NO. 06 CV 0619
VÁSQUEZ and CAMPESINO MUSIC                (Mc Mahon)
ENTERTAINMENT GROUP, INC.,

                          Plaintiffs,

        -against-

FERNANDO TORRES-NEGRÓN,

                          Defendant.
------------------------------------------------------------X

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
BRIEF ON COLLATERAL ESTOPPEL**

Defendant, Fernando Torres-Negrón (hereinafter "Torres"), by and through his attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, submits herein this reply memorandum of law in support of his motion for summary judgment to dismiss the complaint on the grounds that as a matter of law (1) the collateral estoppels doctrine does not apply to Judge Laffitte's findings of facts and conclusions of law; (2) plaintiffs' claims are time barred; and, (3) Torres' efforts to protect his lyrics to *Noche de Fiesta* did not infringe on plaintiff Felipe Robles Vásquez p/k/a Raldy Vásquez's ("Vásquez") copyright of the song *Nena Linda*.

## FACTS

As this Court knows full well, this matter is intimately related to several actions in Puerto Rico, namely - <u>Torres-Negrón v. Rivera, et al</u>, 02 Civ 1728; <u>Torres-Negrón v. Musical Production</u>, 02 Civ 1729 and <u>Torres-Negrón v. J&N Publishing et al.</u>, 05 Civ. 1216 (the "Puerto Rico Actions").

The present action was filed shortly after Torres settled with some of the defendants in the Puerto Rico Actions and a week before trial commenced in the Puerto Rico Actions. Plaintiffs' counsel here, Mr. Sheinbaum, represented an entity commonly referred to as J&N in the Puerto Rico Actions. J&N was one of several defendants that used *Noche de Fiesta* without permission. J&N, and the other defendants, who also infringed on plaintiff's song, are conspicuously absent from this lawsuit.

Plaintiffs offer no caselaw which would support plaintiffs' claim that Torres' settlement with various defendants in the Puerto Rico Actions for the unauthorized commercial exploitation of three of Torres' lyrical compositions, including *Noche de Fiesta* is an infringement or exploitation of *Nena Linda*. As noted in <u>ULLOA v. Universal Music and Video Dist. Corp.</u>, 303 F.Supp.2d 409 (S.D.N.Y. 2004) copyright protection extends to lyrics.

## POINT I

### THE DOCTRINE OF COLLATERAL ESTOPPEL DOES NOT APPLY HERE

The plaintiffs were not parties to the Puerto Rico actions, and were not subject to discovery or deposition. In fact, on the eve of trial in the Puerto Rico Actions, J&N proposed to include Mr. Raldy Vásquez, the plaintiff here, as a trial witness despite not being previously disclosed. Accordingly, Judge Laffitte did not have the benefit of all of

2

the facts regarding this matter when he issued his findings of fact and conclusions of law holding that *Noche de Fiesta* was a derivative work of *Nena Linda*. He did not have available information that the commercially released versions of *Noche de Fiesta* and *Nena Linda*, which Torres took no part in, had similar musicians, arrangers, mixers and engineers.

Judge Laffitte was also unaware (i) that while both Vásquez and Torres wrote the lyrics to the songs at issue, neither wrote the music to either song at issue; (ii) that Israel Casado was the musical arranger for both the originally released commercial versions of *Nena Linda* and *Noche de Fiesta*; and (iii) that the commercially released versions of *Noche de Fiesta* and *Nena Linda* were recorded essentially by the same band. In addition, Judge Laffitte's findings of fact are contrary to the deposition testimony of plaintiffs' expert, Mr. Angel Fernandez, who testified at deposition that the songs *Noche de Fiesta* and *Nena Linda* were significantly different. (See Deposition Transcript of Angel Fernandez at p. 16, 17, 18, 23-25).

Because plaintiffs Vásquez and Campesino were not deposed in the Puerto Rico Actions, Judge Laffitte did not have all of the relevant facts when he granted judgment notwithstanding the verdict in favor of Torres in favor of the defendants in the Puerto Rico Actions. Accordingly, this Court should exercise its broad discretion and not apply the doctrine of collateral estoppels. Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979).

There are numerous facts which establish that Torres took no part in any act that would rise to the level of constituting exploitation or infringement of *Nena Linda* that were not part of the record in the Puerto Rico Actions.

## POINT II

### PLAINTIFFS' CLAIM IS TIME BARRED

Plaintiffs fail to adequately address the issue of time bar. The Second Circuit has held that a claim for infringement accrues "when a plaintiff knows or has reason to know of the injury upon which the claim is premised." Ackoff-Ortega v. Windswept Pacific Ent. Co. (Inc.) 120 F.Supp.2d 273, 279 (S.D.N.Y. 2000), citing Merchant v. Levy, 92 F.3d 56 (2d Cir. 1996). Vásquez was required, as a plaintiff claiming to be an author of a copyrighted song, to "seek a declaration of his rights within three years from the date he knows or has reason to know he has been deprived of those rights." Ackoff-Ortega v. Windswept Pacific Ent. Co. (Inc.) 120 F.Supp.2d 273, 279 (S.D.N.Y. 2000), citing Margo v. Weiss, 96 Civ. 3842, 1998 WL 2558, at 5 (S.D.N.Y. Jan. 5, 1998), *aff'd*, 213 F.3d 55, 59 (2d Cir. 2000). Here, Vásquez was aware of the infringement since 1992.

## POINT III

### PLAINTIFFS FAIL TO ESTABLISH SEVERAL OF THE ESSENTIAL CRITERIA TO PROVE COPYRIGHT INFRINGEMENT

1. Lack of Access

A plaintiff must offer significant, affirmative and probative evidence to support a claim of access. Intersong USA v. CBS Inc., 757 F.Supp. 274 (S.D.N.Y. 1991). Scott v. Paramount Pictures Corp., 449 F.Supp. 518, 520 (D.D.C. 1978), *aff'd*, 607 F.2d 494 (D.C. Cir. 1979), *cert. denied*, 449 U.S. 849, 101 S.Ct. 137, 66 L.Ed.2d 60 (1980). Conjecture or speculation of access will not suffice. Alexander v. Irving Trust Co., 132

F.Supp. 364, 367 (S.D.N.Y.), *aff'd*, 228 F.2d 221 (2d Cir. 1955), *cert. denied*, 350 U.S. 996, 76 S.Ct. 545, 100 L.Ed. 860 (1956).

Judge Laffitte's findings of fact rely on conjecture and speculation. There is no probative evidence that Torres heard, or had access to, *Nena Linda* prior to writing the lyrics *Noche de Fiesta*.

Lastly, if *Noche de Fiesta* is a derivative work of *Nena Linda,* which is disputed, that is due solely because the musical composer of both songs was Israel Casado, not because Torres copied *Nena Linda*. Further, assuming again that *Noche de Fiesta* was a derivative work of *Nena Linda*, Torres did not benefit from its commercial release. The only entities that profited from the commercially released version of the alleged derivative work is the Puerto Rico defendants, including Mr. Sheinbaum's client J&N, yet said entities are absent for this lawsuit.

## CONCLUSION

For the reasons stated herein above, the defendants' motion for summary judgment should be granted and the plaintiffs' complaint dismissed with prejudice.

Dated: April 12, 2007

                        Respectively submitted,

                        Bennett, Giuliano, McDonnell & Perrone, LLP
                        Attorneys for Defendant Fernando Torres-Negrón

                        _____/S/_____
                        William R. Bennett, III
                        225 West 34th Street, Suite 402
                        New York, New York 10122
                        Telephone:    (646) 328-0120

**TO:**   James Sheinbaum, Esq.
Bornstein & Sheinbaum
420 Lexington Ave., Suite 2920
New York, New York 10170
Telephone:   (212) 687-1600

**CERTIFICATE OF SERVICE**

      I, WILLIAM R. BENNETT, III, an attorney duly admitted to practice in the Courts of the State of New York and in this District, hereby certify that on April 13, 2007, I personally caused a copy of the foregoing MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF ON COLLATERAL ESTOPPEL to be served on plaintiffs FELIPE ROBLES VASQUEZ p/k/a RALDY VASQUEZ and CAMPESINO MUSIC ENTERTAINMENT GROUP, INC. via ECF and e-mail.

      /S/
William R. Bennett, III

Z:\Documents\All Files\D492 Campesino Ent\Pleadings\Memo.011807.doc