```
UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
FELIPE ROBLES VASQUEZ p/k/a RALDY
VASQUEZ and CAMPESINO ENTERTAINMENT         06 Civ. 0619(CM)
GROUP, INC.,


                          Plaintiffs,


        -against-


FERNANDO TORRES NEGRON, TOMARA
SOSA-PASCUAL and JULIO DE LA
ROSA-RIVE,


                          Defendants.
-------------------------------------X
```

Plaintiffs' Memorandum In Support Of
Plaintiffs' Motion For Reconsideration
Pursuant To Local Rule 6.3 Of An Order
<u>Granting Defendant Partial Summary Judgment</u>

Borstein & Sheinbaum
Attorneys For Plaintiffs
420 Lexington Avenue
Suite 2920
New York, New York 10170
Tel. No. (212) 687-1600
Fax No. (212) 687-8710

TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Contents | i |
| Table of Authorities | ii |
| Introduction | 1 |
| The Argument | 3 |
| Point I  Upon Reconsideration The Court Should Deny Torres Summary Judgment On The Claims Based Upon The Settlement Agreements | 3 |
| A. The Alleged Infringement Is Not Torres's False Claims Of Copyright Ownership | 4 |
| B. Torres's False Copyright Ownership Representations In The Settlements And Entering Into The Settlements Are Not The Alleged Infringements | 6 |
| C. The Court Overlooked Relevant Cases | 8 |
| D. The Cases Raised Sua Sponte By The Court Are Inapposite | 9 |
| E. Torres Has Contributorily Infringed By Authorizing Infringements And Accepting Money For Releases Of Infringements In The Settlements | 11 |
| Conclusion | 13 |

TABLE OF AUTHORITIES

Cases                                                                    Page

In re BDC 56 LLC,
    330 F.3d 111 (2d Cir. 2003) ...........................3

Copyright.Net Music Publishing LLC v. MP3.Com,
    2003 WL 740757 (S.D.N.Y. March 4, 2003) ..............7,8

Devlin v. Transp. Commc'n Int'l Union,
    175 F.3d 121 (2d Cir. 1999) ...........................3

Island Software & Computer Service v. Microsoft Corp.,
    413 F.3d 257 (2d Cir. 2005) ...........................5

Lone Wolf McQuade Assocs. V. CBS Inc.,
    961 F.Supp. 587 (S.D.N.Y. 1997) .......................8

Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,
    545 U.S. 913, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005) ..11

Shrader v. CSX Transp., Inc.,
    70 F.3d 255 (2d Cir. 1995) ............................3

Sony Corp. of America v. Universal City Studios, Inc.,
    464 U.S. 417, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984) ....12

Southern Music Pub. Co., Inc., v. C&C Films, Inc.,
    171 F.Supp. 832 (S.D.N.Y. 1959)  ...............9,10,11

T.B. Harms Co. v. Eliscu,
    226 F.Supp. 337 (S.D.N.Y. 1964),
    aff'd, 339 F.2d 823 (2d Cir. 1964) ..................9,10

UMG Recordings, Inc. v. Disco Azteca Distrib., Inc.,
    446 F.Supp.2d 1164 (C.D. Cal. 2006) .................7,9

Statutes and Rules                                                                 Page

17 U.S.C. §106......................................... 2,4,7,9

17 U.S.C. §501......................................... 7,9

17 U.S.C. §504......................................... 5,8

Fed.R.Evid. 201........................................ 1

S.D.N.Y. Local Civil Rule 6.3 ......................... 1,3

-iii-

Introduction

Plaintiffs Felipe Robles Vasquez (Vasquez") and Campesino Entertainment Group Inc. ("Campesino") (collectively "Plaintiffs") submit this Memorandum Of Law in support of their motion pursuant to Southern District Local Rule 6.3 for reconsideration and reargument of this Court's Order and Decision ("Order" which is attached as Exhibit A) dated July 11, 2007, granting and denying in part a motion for summary judgment ("Motion") of Defendant Fernando Torres Negron ("Torres").[1] Upon reconsideration, the Court should deny deny the Motion in so far as the Motion sought and the Order granted dismissal of Plaintiffs' claims of copyright infringement based upon settlement agreements between Defendant Torres and EMI-Latin ("EMI"), Sony BMG Music Entertainment US Latin LLC ("Sony") and Universal Music & Video Distibution Corp. ("Universal") (collectively the "Settlements") and payments thereunder to Torres.

---

[1]

Pursuant to Southern District Local Rule 6.3 only a Memorandum is being submitted.  Local Rule 6.3 ("There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked... No affidavits shall be filed by any party unless directed by the court.").

The Court is respectfully referred to and requested to take judicial notice of Docket Nos. 1, 20 and 33-42 for the facts and circumstances relevant to this motion and Torres's motion, Plaintiffs' opposition and Torres's reply.  Fed.R.Evid. 201.

1

As explained hereafter, the Court overlooked and did not address specifically the fact that by releasing the copyright infringement claims based upon "Noche de Fiesta" and accepting payment for such releases in the Settlements, Torres granted EMI, Sony and Universal retroactive licenses and authorized the reproduction and distribution for sale of copies and phonorecords containing "Noche de Fiesta" (containing the music of "Nena Linda") in violation of Vasquez's exclusive rights as copyright owner of "Nena Linda" to authorize reproduction and distribution for sale of "Nena Linda" under 17 U.S.C. §§106(1) and (3).

The Court further overlooked and did not cite or discuss cases holding that such releases are retroactive licenses, acceptance of payments for use and exploitation constitutes an implied license and retroactive licenses can cure past infringements.

Upon reconsideration, Torres's Motion seeking summary judgment dismissing the infringement claims based on the Settlements should be <u>denied</u> and Plaintiffs should be permitted to proceed on these claims.

The Argument:

## Point I

### Upon Reconsideration The Court Should Deny Torres Summary Judgment On The Claims Based Upon The Settlement Agreements

Plaintiffs request reconsideration and reversal of the Order granting Torres partial summary judgment on Plaintiffs' copyright infringement claims grounded upon the Settlements. Upon reconsideration, Torres's Motion for partial summary judgment on these claims should be denied.[2]  Ex. A at 18-22.

In partially granting Torres summary judgment, as explained hereafter, the Court has overlooked or misapprehended the relevant facts, the claims alleged and applicable law. The Court also based its decision on arguments and on cases raised sua sponte in the Order and which were not made or cited by Plaintiffs.  Id.

---

[2]  A motion for reconsideration may be granted where the moving party demonstrates that the court has overlooked factual matters or controlling precedent and that would have changed its decision.  See S.D.N.Y. Local Civil Rule 6.3 ("memorandum setting forth...the matters or controlling decisions which counsel believes the court has overlooked"); Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995) (on motion for reconsideration the moving party is required to "point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court" and court may consider additional relevant case law not originally presented).  The decision to grant or deny the motion is within the sound discretion of the district court. See In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) ("The denial of a motion is reviewed for an abuse of discretion."); Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 132 (2d Cir.1999).

3

This Court provided three rationales for concluding that the Settlements are not infringing activities and that therefore Torres was entitled to summary judgment on these claims. First, in reliance on two cases, the Court cited and applied the following principal: "This Court has not viewed false claims of ownership as infringing activity". Ex. A at 18-19.  Second, "Torres's representations of ownership and actions in settling do not conflict with the[] exclusive copyrights" granted to a copyright owner in 17 U.S.C. §106.  Id. at 20.  Third, "Torres's settlements [do not] make him indirectly liable for the record companies' infringement", i.e. as a contributory or vicarious infringer.  Id.

A.  The Alleged Infringement
    Is Not Torres' False Claims
    Of Copyright Ownership

Apparently, the Court believed that Torres's false claim of copyright ownership in "Noche de Fiesta" is one of the claimed infringements of "Nena Linda". Ex. A at 18-19. This is incorrect. Torres's false claim and representation of copyright ownership in the Settlements are relevant to consideration of willful infringement for statutory damages purposes. Dk. No. 1 at ¶53 ("...Defendants acts were and are intentional and wilful acts of copyright infringement."); Dk. No. 37 at ¶¶ 85; 88-89 (Torres's warranties and representations that he was author of

4

"Noche de Fiesta" in Settlements and obtaining and retaining payments constitutes willfull infringement for awarding statutory damages). 17 U.S.C. §504(c)(2) (award of statutory damages may be increased where copyright owner proves willful infringement). See Island Software & Computer Service v. Microsoft Corp., 413 F.3d 257, 263 (2d Cir. 2005) ("To prove "willfulness" under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights.").

The Court's belief seems to be based upon a misunderstanding of the claims and facts supporting the claims.

In ¶19 of the Complaint in this action, Plaintiffs allege:

> 19. Plaintiff Vasquez did not grant any rights, title or interest to Defendant[] Torres...to license or grant authorizations to use or exploit 'Nena Linda' or any portion thereof.

Dk. No. 1 at ¶19. Paragraph 48 of the Complaint alleges:

> 48. ...all sums obtained or received by or paid to Defendant Torres' based upon the use or exploitation of 'Noche de Fiesta' violate Vasquez's rights as a copyright owner in and to 'Nena Linda'.

Id. at ¶48. Torres' monetary Settlements with EMI, Sony and Universal, respectively, are retroactive licenses and

5

authorizations to these entities for their past use and exploitation of "Noche de Fiesta" containing the music of "Nena Linda". Dk. No. 41 at Ex. 6.

B. Torres's False Copyright
   Ownership Representations
   In The Settlements And
   Entering Into The Settlements
   <u>Are Not The Alleged Infringements</u>

This Court believed that one of the claimed infringements was based upon "Torres's representations of ownership and actions in settling." Ex. A at 20. This is not correct.

The Settlements containing releases are retroactive licenses authorizing the infringing reproduction and distribution of "Noche de Fiesta" in phonorecords of EMI, Sony and Universal. Dk. No. 40 at 17. The granting of these releases retroactively authorizing reproduction and distribution of "Noche de Fiesta" violates Vasquez's exclusive rights as a copyright owner to authorize reproduction and distribution of "Nena Linda." Dk. No. 40 at 17. In addition, Torres's acceptance of money for the alleged infringements and release of his claims in the Settlements is also authorization of the reproductions and distribution of EMI, Sony and Universal in violation of Vasquez's exclusive rights. The Court did not specifically address these arguments in the Order. Ex. A.

In each of the Settlements, Torres released his infringement

6

claims based upon the reproduction and distribution of "Noche de Fiesta" and he was paid for the release.  Dk. No. 41 at Ex. 6; Ex. A at 21-22.  These retroactive licenses (i.e. authorizations of reproduction and distribution for sale of "Noche de Fiesta") are violations of Plaintiffs' exclusive rights as a copyright owner "to reproduce the copyrighted work in copies or phonorecords" and "to distribute copies or phonorecords of the copyrighted work to the public by sale...."  Id.; Dk. No. 1 at ¶¶ 19; 48.  17 U.S.C. §106(1); (3).  A settlement agreement releasing prior infringements is a "retroactive license".  See Copyright.Net Music Publishing LLC v. MP3.Com, 20003 WL 740757 at *1 (S.D.N.Y. March 4, 2003) (holding that a release of prior infringement claims was a "retroactive license").  In addition, the acceptance of payments for the releases is an implied license authorizing the prior allegedly infringing reproductions and distributions.  See UMG Recordings, Inc. v. Disco Azteca Distributors, Inc., 446 F.Supp.2d 1164, 1177-78 (C.D. Cal. 2006) (acceptance of royalty payments for uses of songs gives rise to an implied license as a matter of law).  Thus, each of these retroactive licenses (Settlements) authorizing the past reproduction and distribution of "Noche de Fiesta" containing "Nena Linda" constitute a separate act of copyright infringement. 17 U.S.C. §501(a) ("Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106...is an

infringer of the copyright or right of the author, as the case may be."). Plaintiffs may recover damages for such infringements. 17 U.S.C. §§ 504(b) and (c) (copyright owner entitled to recover either actual damages and profits or statutory damages attributable to infringement).

C. The Court Overlooked
   Relevant Cases

This Court stated that the Settlements "did no more than release the record companies from liability for past actions." Ex. A at 21. However, the releases were "retroactive licenses", i.e. ex post facto authorizations of the right to reproduce and distribute for sale of the infringing "Noche de Fiesta". Torres's acceptance of money for the releases constituted an implied license authorizing the reproductions and distributions of "Noche de Fiesta".

The Court overlooked and did not consider the following cases that should alter its decision: <u>Copyright.Net Music Publishing LLC v. MP3.Com</u>, 2003 WL 740757 at *1 (S.D.N.Y. March 4, 2003) (holding that a release of prior infringement claims was a "retroactive license"); <u>Lone Wolf McQuade Assocs. v. CBS Inc.</u>, 961 F.Supp. 587, 597 (S.D.N.Y. 1997) (stating "a retroactive license can cure past infringements" and, applying that principal, holding that a retroactive license was valid defense

8

to copyright infringement claims) and <u>UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.</u>, 446 F.Supp.2d 1164, 1177-78 (C.D. Cal. 2006) (acceptance of royalty payments for uses of songs gives rise to an implied license as a matter of law).

Viewing the Settlements based upon the principals and holdings of the foregoing cases, the releases in the Settlements and Torres's acceptance of payments constitute authorizations of the right to reproduce and distribute "Noche de Fiesta" containing "Nena Linda" in violation of Vasquez's exclusive rights as a copyright owner to authorize reproduction and distribution for sale of copies and phonorecords of "Nena Linda" as provided for in 17 U.S.C. §§ 106 (1) and (3) and therefore constitute copyright infringement as defined in 17 U.S.C. §501(a).

D.  The Cases Raised Sua Sponte
    By The Court Are Inapposite

This Court sua sponte cited and relied upon <u>T.B. Harms Co. v. Eliscu</u>, 226 F.Supp. 337 (S.D.N.Y. 1964), <u>aff'd</u>, 339 F.2d 823 (2d Cir. 1964) and <u>Southern Music Pub. Co. Inc. v. C&C Films, Inc.</u>, 171 F.Supp. 832 (S.D.N.Y. 1959) for the proposition that "This Court has not viewed false claims of ownership as infringing activity." Ex. A at 18-19. These cases and the cited rule were not addressed by the parties. Dk. Nos. 33-41. These

9

cases are inapplicable to this case.

As explained above, Plaintiffs are not claiming that Torres' false claim of ownership constituted an infringement.

Furthermore, both cases are factually distinguishable because neither involved a settlement agreement retroactively authorizing infringements in exchange for payment. Both cases involved the issue of whether there was subject matter jurisdiction over claims asserted under the Copyright Act and both found subject matter jurisdiction was lacking.

In <u>T.B Harms</u>, the issue was whether the complaint seeking a declaratory judgment of ownership pursuant to an assignment and accounting in accordance with the assigned ownership interest alleged a claim sufficient to invoke subject matter jurisdiction under the Copyright Act. 339 F.2d at 824-25. No such claim is alleged by Plaintiffs in this action. Dk. No. 1; Dk. No. 40 at 17-19. The <u>Harms</u> Court concluded that there was no copyright subject matter jurisdiction because the claim was merely "a dispute as to ownership or contractual enforcement turning on the facts or ordinary principles of contract law" which is a state law question and not a copyright matter. 339 F.2d at 826.

In <u>Southern Music Pub. Co. Inc.</u>, the issue was whether a defendant's mere representation and assertion of the right and authority to use a song without any accompanying act was sufficient to grant an injunction. 171 F.Supp. at 832. The

10

court found that the "mere assertion by one in general terms of a claimed act or threatened act to implement the asserted right is not sufficient". Id.  In this case, however, it is undisputed that EMI, Sony and Universal exploited "Noche de Fiesta" without Vasquez's permission and Torres authorized that exploitation and was paid for his authorization in confidential settlements without Vasquez's knowledge or permission.  Therefore, the Court mistakenly relied upon these inapposite and non-controlling cases.

E.  Torres Has Contributorily Infringed By Authorizing Infringements And Accepting Money For Releases Of Infringements In The Settlements

Finally, the Court rejected liability of Torres's for copyright infringement based upon the Settlements under theories of contributory and vicarious infringement. Ex. A at 20-23.  To the extent that Torres knew that he used the music of "Nena Linda" in "Noche de Fiesta" without Vasquez's permission and entered into confidential settlements authorizing past uses and exploitations (i.e. infringements) based thereon and accepting payments, may be considered a contributory infringer who authorized, shared in and profited from his and the record companies' infringing acts.  See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 125 S.Ct. 2764, 162 L.Ed.2d 781

11

(2005) (discussing and applying theory of contributory liability in a different context); <u>Sony Corp. of America v. Universal City Studios, Inc.</u>, 464 U.S. 417, 435 n. 17, 104 S.Ct. 774, 785 n. 17, 78 L.Ed.2d 574 (1984) (discussing contributory liability in a different context and stating that "The lack of clarity in this area [of contributory infringement] may, in part, be attributable to the fact that an infringer is not merely one who uses a work without authorization by the copyright owner, but also one who authorizes the use of a copyrighted work without actual authority from the copyright owner.").

Conclusion

By reason of the foregoing, Plaintiffs' motion for reconsideration and reargument should be granted. Torres's motion for summary judgment based upon the Settlements which retroactively authorized reproduction and distribution of "Noche de Fiesta" containing the music of "Nena Linda" in violation of Vasquez's exclusive rights as a copyright owner should be denied and Plaintiffs should be permitted to proceed on their claims based upon the Settlements.[3]

Dated: New York, New York

      July 20, 2007

                              Respectfully submitted,

                              Borstein & Sheinbaum
                              Attorneys For Plaintiffs

                        By: /s/ James B. Sheinbaum
                              James B. Sheinbaum (JS 0291)

                              420 Lexington Avenue
                              Suite 2920
                              New York, New York 10170
                              Tel. No. (212) 687-1600
                              Fax No. (212) 687-8710
                              E-mail jshein2000@aol.com

---

[3] The case is a bench trial. Dk. Nos. 1; 20; 37 at 3; Fed.R.Civ.P. 38(d).

13