# Exhibit A



UNITED STATES COPYRIGHT OFFICE
★ THE LIBRARY OF CONGRESS ★

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM PA**
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE
RE

PAu 2-624-261

EFFECTIVE DATE OF REGISTRATION

| 1 | 31 | 02 |
|---|---|---|
| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

TITLE OF THIS WORK ▼

"Triste Final", "Bebo por Ti" and "Noche de Fiesta" - individual songs of the collection entitled "Canciones de Fernando Torres-Negron"

PREVIOUS OR ALTERNATIVE TITLES ▼

N/A

NATURE OF THIS WORK ▼ See instructions

Three (3) songs- Words and Music.

**2**

NAME OF AUTHOR ▼

a) ~~Fernando Torres-Negron~~ Fernando Torres-Negron *

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ United States
     Domiciled in ▶ Puerto Rico

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼
N/A           N/A

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? [ ] Yes [×] No
Pseudonymous? [×] Yes [ ] No

If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
Exclusive author of words and music (rythm).

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NAME OF AUTHOR ▼
b) N/A

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? [ ] Yes [ ] No
Pseudonymous? [ ] Yes [ ] No

If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

NAME OF AUTHOR ▼
c) N/A

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? [ ] Yes [ ] No
Pseudonymous? [ ] Yes [ ] No

If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3**

a) YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given in all cases.
1993 ◀ Year

b) DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published.
Month ▶ June Day ▶ 1 Year ▶ 1993 Nation United States

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Fernando Torres-Negron

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
N/A

APPLICATION RECEIVED
JAN 31 2002
ONE DEPOSIT RECEIVED
JAN 31 2002
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
                • See detailed instructions.  • Sign the form at line 8.

**EXHIBIT - 1**

*Amended by C.O. authorit_ 2/28/02 telephone
conversation with Tamara Sosa Pascual, Esq.
on behalf of Fernando Torres-Negron.

EXAMINED BY ☐ _____                    FORM PA

CHECKED BY ☐

☐ CORRESPONDENCE                         FOR
  Yes                                    COPYRIGHT
                                         OFFICE
                                         USE
                                         ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼ If your answer is "no," go to space 7.
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼
                          N/A

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼
                          N/A

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                        Account Number ▼
         N/A                                           N/A

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

     Tamara Sosa Pascual, Esq.

Area code and daytime telephone number ▶ ( 787 ) 641-4890          Fax number ▶ ( 787 ) 759-7526

Email ▶ t.pascual@att.net

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
                                        ☐ author
                        Check only one ☐ other copyright claimant
                                        ☐ owner of exclusive right(s)
                                        ☑ authorized agent of  Fernando Torres-Negron - Author
                                          Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

     Tamara Sosa Pascual, Esq.                              Date ▶   January 28, 2002

     Handwritten signature (X) ▼

☞   x _____

Certificate      Name ▼
will be          Tamara Sosa Pascual
mailed in
window           Number/Street/Apt ▼
envelope         PMB 336 San Justo Street 202A
to this
address:         City/State/ZIP ▼
                 San Juan, Puerto Rico 00901-1711

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money
   order payable to Register of Copyrights
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999,
the filing fee for
Form PA is $30.

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in
connection with the application, shall be fined not more than $2,500.
June 1999—200,000
WEB REV: June 1999                    ♻ PRINTED ON RECYCLED PAPER                 *U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/88

**THE LIBRARY OF CONGRESS**

About | News | Publications | Forms | Law | Licensing | Registration | Search

## Hot Topics

Try Out Our New Online Registration System

Section 108 Study Group Report Released

"Orphan Works" Testimony

## What's New

Strategic Plan

Definition of a Cable System

New Fees

Section 115 Roundtable

Report to Congress on Cable and Satellite Statutory Licenses

Ringtone Decision

Request a Search of Copyright Records

## About Us

Save **$10** through electronic registration option (become a beta tester.

Processing delays for paper-based applications (read more.)

### About Copyright

- Copyright Basics
- Frequently Asked Questions (FAQ)
- Current Fees
- Taking the Mystery Out of Copyright (for students and teachers)

### Search Copyright Records

- Registrations and Documents
- Notices of Restored Copyrights
- Online Service Providers
- Vessel Hull Designs

### Publications

- Circulars and Brochures
- Forms
- Factsheets
- Reports and Studies

### Licensing

- Compulsory and Statutory Licenses

### Preregistration

- Preregistration Information
- Preregister Your Work

### How to Register a Work

- Literary Works
- Visual Arts
- Performing Arts
- Sound Recordings
- Serials/Periodicals
- Información en Español

### How to Record a Document

- Record a Document

### Law and Policy

- Copyright Law
- *Federal Register* Notices
- Current Legislation
- Regulations
- Mandatory Deposit
- More...

### Related Links

- Patents and Trademarks
- Copyright Royalty Board
- More...

---

Contact Us | Legal Notices | Freedom of Information Act (FOIA) | Library of Congress | USA.gov

XML RSS Feed | Email Updates

U.S. Copyright Office
101 Independence Ave. S.E.
Washington, D.C. 20559-6000

(202) 707-3000

Revised: 17-Apr-2008

Case 1:06-cv-00619-CM-MDF    Document 57-2    Filed 04/21/2008    Page 6 of 66



| Help | Search | History | Titles | Start Over |

---

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Copyright Number = pau002624261
Search Results: Displaying 1 of 1 entries



---

Labeled View

*Canciones de Fernando Torres-Negron.*

**Type of Work:** Music
**Registration Number / Date:** PAu002624261 / 2002-01-31
**Title:** Canciones de Fernando Torres-Negron.
**Description:** Sound cassette + lyrics sheets.
**Notes:** Words & music.
**Copyright Claimant:** Fernando Torres-Negron
**Date of Creation:** 1993
**Names:** Torres-Negron, Fernando
Negron, Fernando Torres



| Save, Print and Email (**Help Page**) |
|---|
| Select Download Format  Full Record  [ Format for Print/Save ] |
| Enter your email address: [                ]  [ Email ] |

---

Help    Search    History    Titles    Start Over

---

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about
Copyright  |  Copyright Office Home Page  |  Library of Congress Home Page

```
Type of Work:        Music

Registration Number / Date:
                     PAu002624261 / 2002-01-31

Title:               Canciones de Fernando Torres-Negron.

Description:         Sound cassette + lyrics sheets.

Notes:               Words & music.

Copyright Claimant:
                     Fernando Torres-Negron

Date of Creation:    1993

Names:               Torres-Negron, Fernando
                     Negron, Fernando Torres
```

==============================================================================

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FERNANDO TORRES-NEGRÓN

    Plaintiff

    vs.

J & N PUBLISHING, INC.; J & N
RECORDS, INC.; J & N RECORDS
DISTRIBUTORS, INC.; J & N
DISTRIBUTOR, INC.; JUAN HIDALGO;
NELSON ESTEVEZ; MARTI CUEVAS;
CORPORATION A THROUGH Z; JOHN
DOE AND JANE DOE; INSURANCE
COMPANIES A THROUGH Z

    Defendants

CIVIL NO. 05-1216 (JAG)

PLAINTIFF DEMANDS TRIAL BY JURY

## COMPLAINT

TO THE HONORABLE COURT:

    COMES NOW plaintiff, FERNANDO TORRES-NEGRÓN, through his undersigned attorneys and respectfully states, alleges, and prays:

I.

### NATURE OF THE ACTION. JURISDICTION AND VENUE

    1.1    This is an action for Copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. sec. 101, et seq., the Berne Convention for Protection of Literary and Artistic Works, and for damages under state law and the laws of other countries, as set forth below. This Court has jurisdiction over this action under 28 U.S.C. secs. 1331, 1332 and 1338, inasmuch as this is an action arising under the laws of the United States and Article III of the United States Constitution and Treaties to

which the United States is a party, diversity jurisdiction pursuant to 28 U.S.C. sec. 1332, and supplemental jurisdiction over state law claims under 28 U.S.C. sec. 1367.

1.2     Venue is proper in this district under 28 U.S.C. secs. 1391 and 1400 because plaintiff is a citizen and resident of Puerto Rico, defendants have conducted business in Puerto Rico, and can otherwise be found here, the claims herein arose in this judicial district, and a substantial part of the intellectual property and rights thereunder that is the subject of the action is situated in Puerto Rico.

II

THE PARTIES

2.1     Plaintiff Fernando Torres-Negrón is a citizen of the United States of America and resident of Puerto Rico.  He is an artist, author, and musical works composer who writes and composes his original copyrightable musical works, including the work titled "Noche de Fiesta."

2.2     Defendant J & N Publishing, Inc., upon information and belief, is a music publishing company with principle place of business in 10400 NW 37th Terrace, Miami, Florida 33178, which acquires and exploits musical compositions.

2.3     Defendant J & N Records, Inc., upon information and belief, is a record company with principle place of business in 10400 NW 37th Terrace, Miami, Florida 33178.

2.4     Defendant J & N Records Distributors, Inc., upon information and belief, is a record distributor with principle place of business in 10400 NW 37th Terrace, Miami, Florida 33178.

2.5    Defendant J & N Distributors, Inc., upon information and belief, is a record distributor with principle place of business in 10400 NW 37th Terrace, Miami, Florida 33178.

2.6    Defendant Juan Hidalgo, upon information and belief, is the President of J & N Publishing, J & N Records, J & N Records Distributors, Inc., and J & N Distributors, Inc.. He is located in 10400 NW 37th Terrace, Miami, Florida 33178.

2.7    Defendant Nelson Estevez, upon information and belief, is the Vice President of J & N Publishing, J & N Records, J & N Records Distributors, Inc., and J & N Distributors, Inc.. He is located in 10400 NW 37th Terrace, Miami, Florida 33178.

2.8    Defendant Marti Cuevas, upon information and belief, is the Vice President of Business and Legal Affairs of J & N Publishing, J & N Records, J & N Records Distributors, Inc., and J & N Distributors, Inc.. She is located in 1990 Third Avenue, New York, New York 10020.

2.9    Defendants Corporations A through Z are corporations, parents, subsidiaries or agents of corporations, organized and existing under the laws of Puerto Rico or of any state or country throughout the world other than Puerto Rico, who have directly, vicariously and/or contributorily, unlawfully and willfully, performed, reproduced, recorded, copied, published, and distributed or otherwise unfairly used the compositions of plaintiff's authorship without requesting nor receiving a license, nor paying license royalties to plaintiff, and without plaintiff's authorization. They are still unknown because discovery is still in early stages.

2.10    Defendants John Doe and Jane Doe are unknown defendants, who have directly, vicariously and/or contributorily, unlawfully and willfully, performed,

reproduced, recorded, copied, published and distributed or otherwise unfairly used the compositions of plaintiff's authorship without requesting nor receiving a license, nor paying license royalties to plaintiff, and without plaintiff's authorization. They are still unknown because discovery is still in early stages.

2.11    Defendants Insurance Companies A through Z, whose identities are unknown, are corporations or agents of corporations, organized and existing under the laws of Puerto Rico or any state or country other than Puerto Rico, who at the time of the events had issued insurance policies that covered the liability of any defendant previously referred to in paragraphs 2.2 to 2.10.

III

## THE FACTS COMMON TO ALL CAUSES OF ACTION

Plaintiff reaffirms and reproduces as if alleged herein each and every one of the preceding allegations.

3.1.    Plaintiff Mr. Fernando Torres-Negrón is the author of the composition "Noche de Fiesta" which contains material wholly original and is copyrightable subject matter under the laws of the United States.

3.2.    Plaintiff is a member of the American Society of Composers, Authors & Publishers (ASCAP) since 1994, membership number 1537061.  The title "Noche de Fiesta" has been registered with ASCAP since February 4, 1994.

3.3.    Plaintiff is currently and at all relevant times has been the sole proprietor of all rights, titles, interests in and to the copyright in this musical composition.

3.4.    On January 31st, 2002, the U.S. Copyright Office issued Certificate of Registration No.  PAu 2-624-261 to plaintiff for various musical compositions, including the title "Noche de Fiesta".

3.5.    On February 14th, 2002, plaintiff registered the beforementioned musical composition at the Intellectual Property Registry of Puerto Rico, which issued Certificate of Registration 02-26P-01a-078.

3.6.    Plaintiff recently became aware that defendants directly, vicariously, jointly, and/or contributorily, unlawfully and willfully, performed, reproduced, recorded, copied, published and distributed or otherwise unfairly used the compositions of plaintiff's authorship without requesting nor receiving a license, nor paying license royalties to plaintiff, and without plaintiff's authorization, actions which continue at the present.

3.7.    Defendants knowingly and willfully copied plaintiff's musical work for the specific purpose of infringing plaintiff's copyrights.

3.8.    Defendants were not licensed by plaintiff to adapt, use, perform, and include plaintiff's musical work in any of the records alluded to in this complaint.


IV

FIRST CAUSE OF ACTION

**U.S. COPYRIGHT INFRINGEMENTS**

The allegations contained in paragraphs 1.1 to 3.8 are incorporated by reference as if fully set forth herein.

4.1.    Defendants J & N Publishing, J & N Records, J & N Records Distributor, J & N Distributors, Nelson Estevez, Juan Hidalgo, and Marti Cuevas, and any and all parent, subsidiaries or affiliated entities throughout the world, directly, vicariously, jointly, and/or contributorily, unlawfully, willfully, and illegally copied, adapted, produced, recorded, performed, published, and or otherwise unfairly used the musical compositions "Noche de Fiesta" without plaintiff's authorization in the phonorecord titled "Jomami: Merenhouse Mix." Said defendants acted without requesting or obtaining a license, for the specific purpose of infringing plaintiff's copyright in the composition.

4.2.    Defendants J & N Publishing, J & N Records, J & N Records Distributor, J & N Distributors, Nelson Estevez, Juan Hidalgo, and Marti Cuevas, and any and all parent, subsidiaries or affiliated entities throughout the world, have made false representations, by purporting to have obtained the rights to plaintiff's copyright in the compositions "Noche de Fiesta".

4.3.    Defendants Nelson Estevez, Juan Hidalgo, and Marti Cuevas, have all, in their personal capacities, fraudulently concealed the existence of the phonorecord at issue and committed illegal acts in violation of plaintiff's copyrights.

4.4.    The abovementioned phonorecord continues to be illegally copied, produced, recorded, sold or otherwise unfairly used up to this date.

4.5.    All of these blatant violations of copyright laws constitute willful travesties to the creative work of Mr. Torres-Negrón, which are causing him loss of profit and irreparable harm.

4.6.    Consequently, plaintiff demands payment of all actual damages suffered and the profits generated by defendants, plus costs, interests, and attorneys' fees.    The amount of damages cannot be estimated at this time but, upon information or belief, it accrues to no less than ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00) for each violation.

4.7.    Alternatively, plaintiff demands the payment of all statutory damages pursuant to section 504(c)(2) of the Copyright Act of 1976, as amended, 17 U.S.C. sec.504(c)(2), in addition to costs, interest, and attorneys fees.

V

SECOND CAUSE OF ACTION

**MORAL RIGHTS VIOLATIONS**

The allegations contained in paragraphs 1.1 to 3.8 are incorporated as if fully set forth herein.

5.1.    Defendants J & N Publishing, J & N Records, J & N Records Distributor, J & N Distributors, Nelson Estevez, Juan Hidalgo, and Marti Cuevas, and any and all parent, subsidiaries or affiliated entities throughout the world, directly, vicariously, jointly, and/or contributorily, failed to respect the work's integrity when they used the composition "Noche de Fiesta" in the phonorecord "Jomami: Merenhouse Mix."

5.2.    Failure to respect the work's integrity is actionable and entitles Mr. Torres-Negrón to claim damages under the laws of Puerto Rico, and of the laws of other countries of the world where the record was distributed or otherwise unfairly used, which will be subject of discovery.

5.3.    Plaintiff can recover, claims, and demands payment of not less than ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00) in damages for each such violation, and requests the impounding and destruction of the infringing works and the enjoining of defendants from continuing said violations and infringements, plus interest, costs and attorney's fees.

VII

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff respectfully demands a trial by jury and that the Court enter judgment for plaintiff determining that his valid copyright in the musical work "Noche de Fiesta" has been infringed,  and that his moral rights in this composition has been violated by defendants, and <u>ordering</u>:

a.    That defendants and their agents, employees, representatives, and all other firms, divisions or corporations in active concert or participation with said defendants be <u>permanently enjoined</u> from engaging in any further acts in violation of the copyright laws that directly or indirectly affect plaintiff's copyrights, including, but not limited to, the sale, marketing, licensing, transfer, display, performance, advertisement, reproduction, development, and/or manufacture of any works derived or copies from the subject work, or to participate or assist in any such activity;

b.    That defendants and their agents, employees, representatives, and all other firms, divisions or corporations in active concert or participation with said defendants be ordered to recall from all clients, distributors, wholesales, jobbers, dealers, retailers, and all other known to defendants, any and all originals, copies, facsimiles, performances or duplicates of "Noche de Fiesta" in their possession, custody or control;

c.      That defendants and their agents, employees, representatives, and all other firms, divisions or corporations in active concert or participation with said defendants be ordered to return to plaintiff any and all originals, copies, facsimiles, performances or duplicates of "Noche de Fiesta" in their possession, custody or control;

d.      That defendants and their agents, employees, representatives, and all other firms, divisions or corporations in active concert or participation with said defendants be ordered to deliver under oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, performances or duplicates of any work shown by the evidence to infringe any copyright in the subject works.

e.      That defendants be ordered to file with the Court and to serve on plaintiffs, within thirty (30) days after service of this Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with said order;

f.      That judgment be entered for plaintiff and against defendants for actual damages, as well as for any and all profits attributable to infringement of plaintiff's copyrights, in accordance with proof;

g.      That judgment be entered for plaintiff and against defendants jointly and severally for statutory damages, as provided by 17 U.S.C. sec. 504 (c)(2), based upon defendants' willful acts of infringement;

h.      That defendants be ordered to account for all gains, profits, and advantages derived from their infringing acts and for their other violations of law;

i.     That plaintiff have judgment against defendants for plaintiff's costs and attorney fees, as contemplated in 17 U.S.C. sec. 505;

j.     That judgment be entered against defendants determining that plaintiff's moral rights in his work have been violated, and pursuant to Puerto Rico law, 31 L.P.R.A. sec. 1401(f), and the laws of each country where defendants have violated Mr. Torres-Negrón's moral rights, defendants be ordered to: (1) refrain from using, copying, displaying, performing, and distributing plaintiff's work; (2) pay damages to Mr. Torres-Negrón, and (3) to hand over to Mr. Torres-Negrón for impoundment and destruction any and all copies, duplicates, facsimiles of the work either under their control or in the control of their clients, affiliates, distributors, or any other persons or entities acting in conjunction with or under orders from defendants;

k.     That judgment be entered against defendants as requested in each of the causes of action pled in this complaint, and that defendants be ordered to pay plaintiff the damages herein and therein requested under each of the causes of action, return any unjustly received income and profits, submit an accounting, and pay interest, costs, and attorneys' fees.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 25th day of February, 2005.

S/TAMARA SOSA PASCUAL
TAMARA SOSA PASCUAL
USDC Attorney's ID No. 217410
PMB 137 Ponce de León 1507
San Juan, Puerto Rico 00909
Tel 787-722-4343
Fax 787-722-4300
t.pascual@att.net

S/ JULIO DE LA ROSA-RIVÉ
JULIO DE LA ROSA-RIVÉ
USDC Attorney's ID No. 218102
P.O. Box 16332
San Juan, Puerto Rico 00908-6332
Tel 787-725-5574
julrr@prw.net

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Fernando Torres-Negron

**DEFENDANTS** J B N Publishing, Inc. AND OTHERS     Miami Fl.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 787-722-4343
TAMARA SOSA PASCUAL
PMB 137 Ponce de Leon 1507
San Juan, Puerto Rico 00909

Attorneys (If Known) Unknown

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product / Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury — | of Property 21 USC | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & / Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability / Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine / **PERSONAL PROPERTY** | Safety/Health | | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability / ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / Sentence | ☐ 790 Other Labor Litigation | or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

17 USC sec. 101 et seq and 31 LPRA 1401- Copyright infringement and moral rights violations

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 150,000.00 per violation
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE February 25, 2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

 **United States District Court** *for the* **District of Puerto Rico**

## CURRENT ADDRESS NOTICE

PLEASE, INCLUDE THIS NOTICE WITH THE FILING OF YOUR CIVIL COVER SHEET AND COMPLAINT. YOU HAVE AN ONGOING RESPOSIBILITY TO KEEP THE COURT INFORMED OF YOUR CURRENT ADDRESS.

NOTICES MAY NOT BE RECEIVED IF YOU DO NOT COMPLY WITH THIS REQUEST.

| | |
|---|---|
| NAME OF ATTORNEY (Last Name, First Name, Initial) | DE LA ROSA-RIVÉ , JULIO A. |

OFFICE ADDRESS
P. O. BOX 16332
SAN JUAN, PR 00908-6332

TELEPHONE NO. (787) 725-5574   FAX NO. (787) 725-5574

MAILING ADDRESS
P.O. BOX 16332
SAN JUAN, PR 00908-6332

USDC NO. 218102

 **United States District Court** *for the* **District of Puerto Rico**

## CURRENT ADDRESS NOTICE

PLEASE, INCLUDE THIS NOTICE WITH THE FILING OF YOUR CIVIL COVER SHEET AND COMPLAINT. YOU HAVE AN ONGOING RESPOSIBILITY TO KEEP THE COURT INFORMED OF YOUR CURRENT ADDRESS.

NOTICES MAY NOT BE RECEIVED IF YOU DO NOT COMPLY WITH THIS REQUEST.

| | |
|---|---|
| NAME OF ATTORNEY (Last Name, First Name, Initial) | SOSA PASCUAL TAMARA |
| OFFICE ADDRESS | PMB 137 PONCE DE LEÓN 1507 SAN JUAN P.R. 00909 |
| TELEPHONE NO. 787 7224343 | FAX NO. 787-722-4300 |
| MAILING ADDRESS | PMB 137 PONCE DE LEÓN 1507 SAN JUAN P.R. 00909 |
| USDC NO. | 217410 |

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FERNANDO TORRES-NEGRÓN

    Plaintiff

    vs.

J & N PUBLISHING, INC.; J & N
RECORDS, INC.; J & N RECORDS
DISTRIBUTORS, INC.; J & N
DISTRIBUTOR, INC.; JUAN HIDALGO;
NELSON ESTEVEZ; MARTI CUEVAS;
CORPORATION A THROUGH Z; JOHN
DOE AND JANE DOE; INSURANCE
COMPANIES A THROUGH Z

    Defendants

CIVIL NO. 05-1216 (JAG)

PLAINTIFF DEMANDS TRIAL BY JURY

## AMENDED COMPLAINT

TO THE HONORABLE COURT:

    COMES NOW plaintiff, FERNANDO TORRES-NEGRÓN, through his undersigned attorneys and respectfully states, alleges, and prays:

I.

### NATURE OF THE ACTION. JURISDICTION AND VENUE

    1.1    This is an action for Copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. sec. 101, et seq., the Berne Convention for Protection of Literary and Artistic Works, and for damages under state law and the laws of other countries, as set forth below. This Court has jurisdiction over this action under 28 U.S.C. secs. 1331, 1332 and 1338, inasmuch as this is an action arising under the laws of the United States and Article III of the United States Constitution and Treaties to

which the United States is a party, diversity jurisdiction pursuant to 28 U.S.C. sec. 1332, and supplemental jurisdiction over state law claims under 28 U.S.C. sec. 1367.

    1.2    Venue is proper in this district under 28 U.S.C. secs. 1391 and 1400 because plaintiff is a citizen and resident of Puerto Rico, defendants have conducted business in Puerto Rico, and can otherwise be found here, the claims herein arose in this judicial district, and a substantial part of the intellectual property and rights thereunder that is the subject of the action is situated in Puerto Rico.

II

THE PARTIES

    2.1    Plaintiff Fernando Torres-Negrón is a citizen of the United States of America and resident of Puerto Rico. He is an artist, author, and musical works composer who writes and composes his original copyrightable musical works, including the work titled "Noche de Fiesta" and "Bebo por Ti".

    2.2    Defendant J & N Publishing, Inc., (hereinafter referred to as "J&N Publishing") upon information and belief, is a music publishing company with principle place of business in 10400 NW 37th Terrace, Miami, Florida 33178, which acquires and exploits musical compositions.

    2.3    Defendant J & N Records, Inc., (hereinafter referred to as "J&N Records") upon information and belief, is a record company with principle place of business in 10400 NW 37th Terrace, Miami, Florida 33178.

2.4    Defendant J & N Records Distributors, Inc., (hereinafter referred to as "J&N Records Distributors") upon information and belief, is a record distributor with principle place of business in 10400 NW 37th Terrace, Miami, Florida 33178.

2.5    Defendant J & N Distributors, Inc., (hereinafter referred to as "J&N Distributors") upon information and belief, is a record distributor with principle place of business in 10400 NW 37th Terrace, Miami, Florida 33178.

2.6    Defendant Juan Hidalgo, upon information and belief, is the President of J & N Publishing, J & N Records, J & N Records Distributors, Inc., and J & N Distributors, Inc.. He is located in 10400 NW 37th Terrace, Miami, Florida 33178.

2.7    Defendant Nelson Estevez, upon information and belief, is the Vice President of J & N Publishing, J & N Records, J & N Records Distributors, Inc., and J & N Distributors, Inc.. He is located in 10400 NW 37th Terrace, Miami, Florida 33178.

2.8    Defendant Marti Cuevas, upon information and belief, is the Vice President of Business and Legal Affairs of J & N Publishing, J & N Records, J & N Records Distributors, Inc., and J & N Distributors, Inc.. She is located in 1990 Third Avenue, New York, New York 10020.

2.9    Defendants Corporations A through Z are corporations, parents, subsidiaries or agents of corporations, organized and existing under the laws of Puerto Rico or of any state or country throughout the world other than Puerto Rico, who have directly, vicariously and/or contributorily, unlawfully and willfully, performed, reproduced, recorded, copied, published, and distributed or otherwise unfairly used the compositions of plaintiff's authorship without requesting nor receiving a license, nor

paying license royalties to plaintiff, and without plaintiff's authorization. They are still unknown because discovery is still in early stages.

2.10    Defendants John Doe and Jane Doe are unknown defendants, who have directly, vicariously and/or contributorily, unlawfully and willfully, performed, reproduced, recorded, copied, published and distributed or otherwise unfairly used the compositions of plaintiff's authorship without requesting nor receiving a license, nor paying license royalties to plaintiff, and without plaintiff's authorization. They are still unknown because discovery is still in early stages.

2.11    Defendants Insurance Companies A through Z, whose identities are unknown, are corporations or agents of corporations, organized and existing under the laws of Puerto Rico or any state or country other than Puerto Rico, who at the time of the events had issued insurance policies that covered the liability of any defendant previously referred to in paragraphs 2.2 to 2.10.


III

THE FACTS COMMON TO ALL CAUSES OF ACTION

Plaintiff reaffirms and reproduces as if alleged herein each and every one of the preceding allegations.

3.1.    Plaintiff Mr. Fernando Torres-Negrón is the author of the compositions "Noche de Fiesta" and "Bebo por Ti" which contain material wholly original and is copyrightable subject matter under the laws of the United States.

3.2.    Plaintiff is a member of the American Society of Composers, Authors & Publishers (ASCAP) since 1994, membership number 1537061.  The titles "Noche de Fiesta" and "Bebo por Ti" have been registered with ASCAP since February 4, 1994.

3.3.    Plaintiff is currently and at all relevant times has been the <u>sole proprietor</u> of all rights, titles, interests in and to the copyright in this musical composition.

3.4.    On January 31st, 2002, the U.S. Copyright Office issued Certificate of Registration No. PAu 2-624-261 to plaintiff for various musical compositions, including the titles "Noche de Fiesta" and "Bebo por Ti".

3.5.    On February 14th, 2002, plaintiff registered the beforementioned musical compositions at the Intellectual Property Registry of Puerto Rico, which issued Certificate of Registration 02-26P-01a-078.

3.6.    Plaintiff recently became aware that defendants directly, vicariously, jointly, and/or contributorily, unlawfully and willfully, performed, reproduced, recorded, copied, published and distributed or otherwise unfairly used the compositions of plaintiff's authorship without requesting nor receiving a license, nor paying license royalties to plaintiff, and without plaintiff's authorization, in any of the records actions which were fraudulently concealed from plaintiff and continue at the present.

3.7.    Defendants knowingly and willfully copied plaintiff's musical work for the specific purpose of infringing plaintiff's copyrights.

3.8.    Defendants were not licensed by plaintiff to adapt, use, perform, and include plaintiff's musical work in any of the records alluded to in this complaint.

IV

FIRST CAUSE OF ACTION

**U.S. COPYRIGHT INFRINGEMENTS**

The allegations contained in paragraphs 1.1 to 3.8 are incorporated by reference as if fully set forth herein.

4.1.     Defendants J & N Publishing, J & N Records, J & N Records Distributor, J & N Distributors, Nelson Estevez, Juan Hidalgo, and Marti Cuevas, and any and all parent, subsidiaries or affiliated entities throughout the world, directly, vicariously, jointly, and/or contributorily, unlawfully, willfully, and illegally copied, adapted, produced, recorded, performed, published, and or otherwise unfairly used the musical composition **"Noche de Fiesta"** without plaintiff's authorization in the phonorecord titled "Jomami: Merenhouse Mix." Said defendants acted without requesting or obtaining a license, for the specific purpose of infringing plaintiff's copyright in the composition.

4.2.     Defendants J & N Publishing, J & N Records Distributor, J & N Distributors, Nelson Estevez, Juan Hidalgo, and Marti Cuevas, and any and all parent, subsidiaries or affiliated entities throughout the world, directly, vicariously, jointly, and/or contributorily, unlawfully, willfully, and illegally copied, adapted, produced, recorded, performed, published, and distributed or otherwise unfairly used the musical compositions **"Noche de Fiesta"** without plaintiff's authorization in **track #2** of the phonorecord titled "Bailando y Gozando con... Gozadera." Said defendants acted without requesting or obtaining a license, for the specific purpose of infringing plaintiff's copyright in the composition.

4.3.    Defendants J & N Publishing, J & N Records Distributor, J & N Distributors, Nelson Estevez, Juan Hidalgo, and Marti Cuevas, and any and all parent, subsidiaries or affiliated entities throughout the world, directly, vicariously, jointly, and/or contributorily, unlawfully, willfully, and illegally copied, adapted, produced, recorded, performed, published, and distributed or otherwise unfairly used the musical composition **"Noche de Fiesta"** <u>**as a remix**</u> without plaintiff's authorization. This was <u>also</u> done in the phonorecord titled <u>"Bailando y Gozando con ... Gozadera"</u>, in <u>**track #9**</u>. Said defendants acted without requesting or obtaining a license, for the specific purpose of infringing plaintiff's copyright in the composition.

4.4.    Defendants J & N Publishing, J & N Records Distributor, J & N Distributors, Nelson Estevez, Juan Hidalgo, and Marti Cuevas, and any and all parent, subsidiaries or affiliated entities throughout the world, directly, vicariously, jointly, and/or contributorily, unlawfully, willfully, and illegally copied, adapted, produced, recorded, performed, published, and distributed or otherwise unfairly used the musical composition **"Bebo por Ti"** without plaintiff's authorization in the phonorecord titled <u>"Bailando y Gozando con ... Gozadera.</u>" Said defendants acted without requesting or obtaining a license, for the specific purpose of infringing plaintiff's copyright in the composition.

4.5.    Defendants J & N Publishing, J & N Records, J & N Records Distributor, J & N Distributors, Nelson Estevez, Juan Hidalgo, and Marti Cuevas, and any and all parent, subsidiaries or affiliated entities throughout the world, have made false representations, by purporting to have obtained the rights to plaintiff's copyright in the compositions "Noche de Fiesta" and "Bebo por Ti" .

4.6.    All defendants have fraudulently concealed the existence of the phonorecords at issue and committed illegal acts in violation of plaintiff's copyrights.

4.7.    Defendants Nelson Estevez, Juan Hidalgo, and Marti Cuevas, have all, in their personal capacities, fraudulently concealed the existence of the phonorecords at issue and committed illegal acts in violation of plaintiff's copyrights.

4.8.    The abovementioned phonorecords continue to be illegally copied, produced, recorded, sold or otherwise unfairly used up to this date.

4.9.    All of these blatant violations of copyright laws constitute willful travesties to the creative work of Mr. Torres-Negrón, which are causing him loss of profit and irreparable harm.

4.10.    Consequently, plaintiff demands payment of all actual damages suffered and the profits generated by defendants, plus costs, interests, and attorneys' fees.    The amount of damages cannot be estimated at this time but, upon information or belief, it accrues to no less than ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00) for each violation.

4.11.    Alternatively, plaintiff demands the payment of all statutory damages pursuant to section 504(c)(2) of the Copyright Act of 1976, as amended, 17 U.S.C. sec.504(c)(2), in addition to costs, interest, and attorneys fees.


V

SECOND CAUSE OF ACTION

**MORAL RIGHTS VIOLATIONS**

The allegations contained in paragraphs 1.1 to 3.8 are incorporated as if fully set forth herein.

5.1.    Defendants J & N Publishing, J & N Records, J & N Records Distributor, J & N Distributors, Nelson Estevez, Juan Hidalgo, and Marti Cuevas, and any and all parent, subsidiaries or affiliated entities throughout the world, directly, vicariously, jointly, and/or contributorily, failed to respect the work's integrity when they used the composition **"Noche de Fiesta"** in the phonorecord "Jomami: Merenhouse Mix."

5.2.    Defendants J & N Publishing, J & N Records Distributor, J & N Distributors, Nelson Estevez, Juan Hidalgo, and Marti Cuevas, and any and all parent, subsidiaries or affiliated entities throughout the world, directly, vicariously, jointly, and/or contributorily, failed to respect the work's integrity when they used the composition **"Noche de Fiesta"** in **track #2** of the phonorecord "Bailando y Gozando con … Gozadera."

5.3.    Defendants J & N Publishing, J & N Records Distributor, J & N Distributors, Nelson Estevez, Juan Hidalgo, and Marti Cuevas, and any and all parent, subsidiaries or affiliated entities throughout the world, directly, vicariously, jointly, and/or contributorily, failed to respect the work's integrity and to recognize plaintiff as the sole composer, author, and owner of the musical composition **"Noche de Fiesta"**, when they used it, in a **remix** version, and **attributed the same to "Sugar Kid"**, in **track #9** of the phonorecord "Bailando y Gozando con … Gozadera."

5.4.    Defendants J & N Publishing, J & N Records Distributor, J & N Distributors, Nelson Estevez, Juan Hidalgo, and Marti Cuevas, and any and all parent,

subsidiaries or affiliated entities throughout the world, directly, vicariously, jointly, and/or contributorily, failed to respect the work's integrity when they used the composition **"Bebo por Ti"** in the phonorecord "Bailando y Gozando con … Gozadera."

5.5.     Failure to respect the work's integrity and to properly attribute the authorship of the abovementioned musical compositions are actionable and entitles Mr. Torres-Negrón to claim damages under the laws of Puerto Rico, and of the laws of other countries of the world where the phonorecords were distributed or otherwise unfairly used, which will be subject of discovery.

5.6.     Plaintiff can recover, claims, and demands payment of not less than ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00) in damages for each such violation, and requests the impounding and destruction of the infringing works and the enjoining of defendants from continuing said violations and infringements, plus interest, costs and attorney's fees.


VI

PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully demands a trial by jury and that the Court enter judgment for plaintiff determining that his valid copyright in the musical works "Noche de Fiesta" and "Bebo por Ti" have been infringed,  and that his moral rights in these compositions have been violated by defendants, and ordering:

a.     That defendants and their agents, employees, representatives, and all other firms, divisions or corporations in active concert or participation with said defendants be permanently enjoined from engaging in any further acts in violation of the

copyright laws that directly or indirectly affect plaintiff's copyrights, including, but not limited to, the sale, marketing, licensing, transfer, display, performance, advertisement, reproduction, development, and/or manufacture of any works derived or copies from the subject work, or to participate or assist in any such activity;

   b.   That defendants and their agents, employees, representatives, and all other firms, divisions or corporations in active concert or participation with said defendants be ordered to recall from all clients, distributors, wholesales, jobbers, dealers, retailers, and all other known to defendants, any and all originals, copies, facsimiles, performances or duplicates of "Noche de Fiesta" and "Bebo por Ti" in their possession, custody or control;

   c.   That defendants and their agents, employees, representatives, and all other firms, divisions or corporations in active concert or participation with said defendants be ordered to return to plaintiff any and all originals, copies, facsimiles, performances or duplicates of "Noche de Fiesta" and "Bebo por Ti" in their possession, custody or control or evidence of destruction of the same;

   d.   That defendants and their agents, employees, representatives, and all other firms, divisions or corporations in active concert or participation with said defendants be ordered to deliver under oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, performances or duplicates of any work shown by the evidence to infringe any copyright in the subject works.

   e.   That defendants be ordered to file with the Court and to serve on plaintiffs, within thirty (30) days after service of this Court's order as herein prayed, a

report in writing under oath setting forth in detail the manner and form in which defendants have complied with said order;

  f.  That judgment be entered for plaintiff and against defendants for actual damages, as well as for any and all profits attributable to infringement of plaintiff's copyrights, in accordance with proof;

  g.  That judgment be entered for plaintiff and against defendants jointly and severally for statutory damages, as provided by 17 U.S.C. sec. 504 (c)(2), based upon defendants' willful acts of infringement;

  h.  That defendants be ordered to account for all gains, profits, and advantages derived from their infringing acts and for their other violations of law;

  i.  That plaintiff have judgment against defendants for plaintiff's costs and attorney fees, as contemplated in 17 U.S.C. sec. 505;

  j.  That judgment be entered against defendants determining that plaintiff's moral rights in his work have been violated, and pursuant to Puerto Rico law, 31 L.P.R.A. sec. 1401(f), and the laws of each country where defendants have violated Mr. Torres-Negrón's moral rights, defendants be ordered to: (1) refrain from using, copying, displaying, performing, and distributing plaintiff's work; (2) pay damages to Mr. Torres-Negrón, and (3) to hand over to Mr. Torres-Negrón for impoundment and destruction any and all copies, duplicates, facsimiles of the work either under their control or in the control of their parent, subsidiary of sister corporations, as well as their clients, affiliates, distributors, or any other persons or entities acting in conjunction with or under orders from defendants;

k.    That judgment be entered against defendants as requested in each of the causes of action pled in this complaint, and that defendants be ordered to pay plaintiff the damages herein and therein requested under each of the causes of action, return any unjustly received income and profits, submit an accounting, and pay interest, costs, and attorneys' fees.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 11th day of July, 2005.

S/TAMARA SOSA PASCUAL
TAMARA SOSA PASCUAL
USDC Attorney's ID No. 217410
PMB 137 Ponce de León 1507
San Juan, Puerto Rico 00909
Tel 787-722-4343
Fax 787-722-4300
t.pascual@att.net

S/ JULIO DE LA ROSA-RIVÉ
JULIO DE LA ROSA-RIVÉ
USDC Attorney's ID No. 218102
P.O. Box 16332
San Juan, Puerto Rico 00908-6332
Tel/Fax 787-725-5574
julrr@prw.net

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FERNANDO TORRES-NEGRON,

    **Plaintiff**

      **v.**

J&N PUBLISHING, INC., et al.,

    **Defendant(s)**

**CIVIL NO.** 05-1216 (JAG)

### MEMORANDUM AND ORDER

Plaintiff Fernando Torres-Negron ("Plaintiff") filed the present complaint for alleged copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. § 101, et seq., violation of moral rights under Puerto Rican law and unjust enrichment arising out of the exploitation of the songs "Noche de Fiesta" and "Bebo Por Ti" contained in the record entitled "Bailando y Gozando con ... Gozadera" and for the inclusion of the song "Noche de Fiesta" in the record "Jomami: Merenhouse Mix." (Docket No. 6). On January 3, 2007, this Court stayed the present case in consideration of the fact that the resolution of the appeal of Torres Negron v. Rivera, 433 F. Supp. 2d 204 (D.P.R. 2006) could render moot or solve the case at bar.

On October 23, 2007, the parties were ordered to brief the Court on the status of the present case. (Docket No. 53). On November 13, 2007, Defendants complied with this Court's order.

Civil No.   05-1216 (JAG)                                           2

Defendants informed the Court that Plaintiff's appeal had been decided and that our Circuit's holding was favorable to their position. Defendants requested the dismissal of Plaintiff's claims. (Docket No. 55).

On that same date, Plaintiff informed the Court that he was working on a petition for writ of certiorari to the Supreme Court, which was due on December 28, 2007. Plaintiff stated that by late January or early February he should be in a position to inform whether the case will be considered by the Supreme Court. (Docket No. 54). However, Plaintiff failed to inform the Court of the status of his petition of revision to the Supreme Court. Nonetheless, a perusal of the record demonstrates that Plaintiff never filed a writ of certiorari with the Supreme Court. As such, we must consider whether our holding in Torres Negron v. Rivera and the Circuit's decision affirming the case disposes of the case at bar.

In Torres Negron v. Rivera, this Court entertained Plaintiff's claim that several named Defendants violated the copyright of his songs "Noche de Fiesta" and "Bebo Por Ti."[1] Id. at 211. Judge Hector M. Laffitte determined that Defendants were entitled to

---

[1] In this case, a bifurcated trial was held as to the songs "Noche de Fiesta" and "Bebo por Ti." Id. We interestingly note that after the jury trial's conclusion, a pre-charge conference was held in Judge Hector M. Laffitte's chamber in which the parties agreed that Plaintiff's claims were to be limited to the song "Noche de Fiesta." Id.

Civil No.  05-1216 (JAG)                                         3

judgment as a matter of law. Namely, Judge Hector M. Laffitte

concluded that Plaintiff never obtained a valid copyright

registration for "Noche de Fiesta" or "Bebo por Ti." Id. at 214.

The Court then held that Plaintiff's action was precluded because

a valid copyright registration is a jurisdictional prerequisite for

maintaining a copyright infringement suit.[2] Id.

     Plaintiff appealed and our Circuit affirmed the District

Court's decision. In Torres-Negron v. J & N Records, LLC, 504 F.3d

151, 162 (1st Cir. 2007), our Circuit stressed that an invalid

copyright registration nullifies the federal court's subject matter

jurisdiction over a copyright infringement claim. The Court found

that Plaintiff's registration of "Noche de Fiesta" was invalid

because Plaintiff failed to provide a proper deposit copy with his

copyright application. Id. Specifically, the Court determined that

the written lyrics and tape that Plaintiff submitted as his deposit

copy to the United States Copyright Office were not adequate. Id.

at 158.

     It is undisputed that as part of the registration process at

the United States Copyright Office, Plaintiff submitted the written

_____

     [2] Alternatively, the Court concluded that it could not
uphold the jury's verdicts because (1) "Noche de Fiesta" was an
unauthorized derivative work not entitled to copyright
protection; (2) Plaintiff granted an implied license to exploit
the songs "Noche de Fiesta" and "Bebo por Ti," and (3) the amount
of damages awarded by the jury is untenable due to insufficiency
of the evidence.

Civil No.  05-1216 (JAG)                                        4

lyrics and a tape of the songs "Noche de Fiesta" and "Bebo por Ti" as deposit copies. Therefore, pursuant to our Circuit's holding in Torres-Negron v. J & N Records, LLC Plaintiff's deposit copies for the songs "Noche de Fiesta" and "Bebo por Ti" are invalid. Thus, we lack subject matter jurisdiction over present case. As such, Plaintiff's copyright infringement claims shall be dismissed.

Since all federal claims against Defendants are to be dismissed, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998)("[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation.")(citations omitted). Accordingly, Plaintiff's state law claims are hereby dismissed.

## CONCLUSION

For the reasons stated above, the Court hereby dismisses with prejudice all federal copyright infringement claims against Defendants. Additionally, Plaintiff's state law claims are hereby dismissed without prejudice. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of March, 2008.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY

Civil No.  05-1216 (JAG)                                    5

United States District Judge

# Exhibit E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

FERNANDO TORRES-NEGRON,

    **Plaintiff**

       **v.**

J&N PUBLISHING, INC., <u>et al.</u>,

    **Defendant(s)**

**CIVIL NO.** 05-1216 (JAG)

### JUDGMENT

Based on the Order issued on this date, the Court hereby enters judgment dismissing all federal claims against Defendants <u>with prejudice</u>. Plaintiff's state law claims are dismissed <u>without prejudice</u>.

This case is now closed for statistical purposes.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of March, 2008.

<u>S/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
U.S. District Judge

# Exhibit F

Torres wrote the lyrics to "Noche de Fiesta." Torres never commercially released the song *Noche de Fiesta*. Torres never received any money for the commercially released version of *Noche de Fiesta*. The original musical director and arranger for the first commercially released version of *Nena Linda* and *Noche de Fiesta* was Israel Casado. The two songs were commercially released by essentially the same band which included Israel Casado, Joel Sanchez, Jose Diaz and Elias Lopez.

The two songs, according to plaintiffs own expert, are substantially dissimilar in many aspects.

Defendant believes the complaint should be dismissed.

## II.  JURY/NONJURY

No jury is requested. Estimated length of trial is two days.

Defendant Torres believes that he is entitled to a jury because the standard of review of a musical copyright case is the ordinary listener. Plaintiffs object and disagree that this is a jury case and note that any right to a jury trial has been waived. Fed.R.Civ.P. 38(d).

## III.  STIPULATED FACTS

### The Parties

1.  Plaintiff Felipe Robles Vasquez p/k/a Raldy Vasquez ("Vasquez") is an individual residing in Santo Domingo, Dominican

Republic.

2.    Plaintiff Campesino Entertainment Group, Inc. ("Campesino") is a corporation organized and existing under the laws of the State of New York with offices in Pomona, New York and is engaged in the business of exploiting sound recordings and musical compositions.

3.    Defendant Fernando Torres Negron ("Torres") is an individual residing in Aibonito, Puerto Rico.

## Jurisdiction and Venue

4.    Jurisdiction of this action is founded upon 28 U.S.C. §§1331, 1338(a) and 1338(b).

5.    Venue of the claims in this action is founded upon 28 U.S.C. §§ 1391(b) and 1400(a).

## The Claim - Liability and Damages

6.    Plaintiff Vasquez composed the words and music to a musical composition entitled "Nena Linda" in 1992.

7.    In 1992 "Nena Linda" was released as one of the selections on a commercially released audio cassette recording entitled Comercial.

8.    In 1992 and 1993 "Nena Linda" was played on the radio in Puerto Rico.

9.    In 1993 the album entitled Comercial, containing "Nena

4

Linda", was re-released and commercially distributed and sold in compact disc format.

10. In 1992 and 1993, Comercial was distributed and sold commercially in the Dominican Republic and Puerto Rico.

11. Plaintiff Vasquez registered the words and music of the musical composition entitled "Nena Linda" ("Nena Linda") with the United States Copyright Office in November 2005.

12. Plaintiff Vasquez has complied in all respects with the registration and deposit requirements of the United States Copyright Act with respect to "Nena Linda".

13. Plaintiff Vasquez has been issued United States Certificate of Registration of Copyright PA 1-267-305 which includes and covers the musical composition entitled "Nena Linda".

14. Plaintiff Vasquez did not grant any rights, title or interest in and to "Nena Linda" to Defendant Torres or anyone acting on his behalf or for his benefit.

15. Plaintiff Vasquez did not grant any rights, title or interest to Defendant Torres or anyone acting on his behalf or for his benefit to exploit or use "Nena Linda" or any portion thereof in any manner or by any means at any time.

16. Plaintiff Vasquez did not grant any rights, title or interest in and to "Nena Linda" to Defendant Torres or anyone acting on his behalf or for his benefit to administer "Nena

Linda" at any time.

17.   Plaintiff Vasquez did not grant any rights, title or interest to Defendant Negron or anyone acting on his behalf or for his benefit to collect any money or royalties due to or resulting from the use and/or exploitation of "Nena Linda" or any portion thereof at any time.

18.   Plaintiff Vasquez did not grant any rights, title or interest to Defendant Torres or anyone acting on his behalf or for his benefit to license or grant licenses or authorizations to third parties to use or exploit "Nena Linda" or any portion thereof at any time.

19.   Prior to commencement of this action, Plaintiff Vasquez notified Defendant Torres of his rights in "Nena Linda" in writing.

20.   Prior to commencement of this action, Plaintiff Vasquez provided Defendant Torres with a copy of his United States copyright registration covering "Nena Linda" and a copy of a recording containing "Nena Linda".

21.   In October 2005, by written agreement with Vasquez, Campesino became the exclusive world wide administrator of the musical composition and sound recording of "Nena Linda" ("Nena Linda Agreement").

22.   Under the Nena Linda Agreement, Campesino is authorized exclusively to license "Nena Linda" and to collect all money and

6

royalties earned, generated or produced by the use and
exploitation of "Nena Linda" in return for a fee.

23.  Campesino is authorized by the Nena Linda Agreement to
commence and maintain legal actions and proceedings to enforce
the copyright in "Nena Linda" and to collect money and royalties
from the use or exploitation of "Nena Linda".

24.  Defendant Torres has received money based upon the
exploitation of the song entitled "Noche de Fiesta".

25.  In 1994 Defendant Torres became a member of the American
Society of Composers, Artists and Publishers ("ASCAP").

26.  ASCAP is a performing rights society that collects and
pays royalties to composers and music publishers from public
performances of musical compositions.

27.  ASCAP is located in New York City, New York.

28.  Defendant Torres was paid by and received performance
royalties from ASCAP on "Noche de Fiesta".

29.  The ASCAP agreement was entered into in 1994 and has not
been terminated.

30.  Defendant Torres has not requested or demanded that
ASCAP to cease or discontinue granting ASCAP licenses covering
"Noche de Fiesta".

31.  Defendant Torres was paid $900 for royalties for the
exploitation of "Noche de Fiesta" in March 1995.

32.  Defendant Torres commenced two actions in the United

States District Court for the District of Puerto Rico captioned:

<u>Fernando Torres-Negron v. Antonio L. Rivera-Lopez, et. al.</u>, 02 Civ. 1728 (HL) (D. Puerto Rico) ("2002 Action") and <u>Fernando Torres-Negron v. J&N Publishing, et. al.</u>, 05 Civ. 1216 (JAG) (D. Puerto Rico) ("2005 Action") (collectively hereafter "Puerto Rican Actions").

33.   In the Puerto Rican Actions, Defendant Torres alleged that he was the copyright owner and author of the song entitled "Noche de Fiesta".

34.   Defendant Torres did not write all or any part of "Noche de Fiesta" before "Nena Linda" was authored.

35.   Ruben Canuelas, a neighbor and friend of Defendant Torres, played a cassette of a musical group performing a musical composition ("Cassette") prior to Defendant Torres's writing the words to "Noche de Fiesta".

36.   Defendant Torres listened to the Cassette prior to and during the writing of "Noche de Fiesta" furnished by his friend and neighbor Ruben Canuelas.

37.   At trial of the 2002 Action in February 2006, Defendant Torres testified that he could not categorically deny or dispute that at the time he claims to have written the words to "Noche de Fiesta" that Cassette he listened to did not contain "Nena Linda".

38.   Defendant Torres does not categorically deny or dispute

that he did not listen to or hear "Nena Linda" prior to writing the words to "Noche de Fiesta".

39.   In 2005 and 2006, Defendant Torres entered into settlement agreements with certain named party defendants in the 2002 Action.

40.   In the 2002 Action, Defendant Torres asserted claims for copyright infringement and moral rights violations against EMI-Latin, an unincorporated division of Capitol Records, Inc., based upon the song entitled "Noche de Fiesta".

41.   Trial of the 2002 Action was scheduled for June 2005.

42.   In May 2005, EMI-Latin paid Defendant Torres $80,000 in settlement and for release of his claims based upon "Noche de Fiesta" in the 2002 Action.

43.   In the settlement agreement between Defendant Torres and EMI Latin, Defendant Torres warranted and represented that he owned all right, title and interest in and to the musical composition "Noche de Fiesta" and released his claims against EMI-Latin.

44.   In the 2002 Action Defendant Torres asserted claims for copyright infringement and moral rights violations against Sony Discos Inc. based upon exploitation of the songs entitled "Noche de Fiesta" and "Triste Final".

45.   In February 2006, before the commencement of a jury trial in the 2002 Action, Defendant Torres and Sony Discos Inc.

9

entered into a written settlement agreement.

46.   In February 2006, Sony BMG Music Entertainment US Latin LLC, formerly known as Sony Discos Inc. ("Sony") paid Defendant Torres $55,000 in settlement and for release of his claims in the 2002 Action.

47.   In the settlement agreement between Defendant Torres and Sony, Defendant Torres warranted and represented that he was the sole author of "Noche de Fiesta" and released his claims against Sony.

48.   In May 2005, Universal Music & Video Distribution Corp. ("Universal") paid Defendant Torres $15,000 in settlement and for release of his claims in the 2002 Action and all claims concerning the recording entitled "Jomami: Merenhouse Mix" containing "Noche de Fiesta".

49.   In the settlement agreement between Defendant Torres and Universal, Defendant Torres warranted and represented that he was the sole and lawful owner of all rights, titles and interests in "Noche de Fiesta" and released his claims against Universal.

50.   Defendant Torres has never paid Plaintiffs Vasquez or Campesino all or any portion of the money he received from ASCAP, Universal, EMI-Latin or Sony.

51.   Defendant Torres's United States Copyright Registration No. Pau 2-623-262, covering "Noche de Fiesta", states that he is the author of the "words and music (rhytm)" of "Noche de Fiesta".

52.    Defendant Torres's United States Copyright Registration,
No. Pau 2-623-262 covering "Noche de Fiesta", states "n/a", which
means inapplicable, in the derivative work section.

53.    Torres did not deposit as his deposit in the Copyright
Office any written notations or transcriptions of the music in
"Noche de Fiesta".

54.    The settlements with Universal, EMI-Latin and Sony were
confidential and the terms of these settlements were not publicly
disclosed prior to the commencement of this action.

IV.    PARTIES' CONTENTIONS

A.    Plaintiffs' Proposed Findings of Fact (Non-Jury Trial)

Liability - Copyright Infringement

In addition to the Stipulated Facts above:

55.    Before Ruben Canuelas played the Cassette for Defendant
Torres, he told Defendant Torres to write the words that would
carry the tune and same rhythm of the song on the Cassette.

56.    At trial of the 2002 Action in February 2006, Defendant
Torres could not categorically deny or dispute that prior to or

11

# Exhibit G

```
UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
FELIPE ROBLES VASQUEZ p/k/a RALDY
VASQUEZ and CAMPESINO ENTERTAINMENT      06 Civ. 0619 (CM)
GROUP, INC.,


                      Plaintiffs,

                                          Amended Complaint

         -against-


FERNANDO TORRES NEGRON,


                      Defendant.
----------------------------------X
```

Felipe Robles Vasquez p/k/a Raldy Vasquez and Campesino Entertainment Group, Inc., as and for their Complaint, state and allege:

### The Parties


1.  Felipe Robles Vasquez p/k/a Raldy Vasquez ("Vasquez") is an individual residing in Santo Domingo, Dominican Republic.

2.  Campesino Entertainment Group, Inc. ("Campesino") is a corporation organized and existing under the laws of the State of New York with offices in Pomona, New York and is engaged in the business of exploiting sound recordings and musical compositions.

3.  Fernando Torres Negron ("Torres") is an individual residing in Aibonito, Puerto Rico.

1

Jurisdiction and Venue

4.    Jurisdiction of this action is founded upon 28 U.S.C. §§1331, 1332, 1338(a), 1338(b) and 1367(a).

5.    The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

6.    Venue of the claims in this action is founded upon 28 U.S.C. §§ 1391(b)-(c) and 1400(a).

Count I

7.    Plaintiff Vasquez composed the words and music to a musical composition entitled "Nena Linda" in 1992.

8.    Nena Linda was released commercially on the phonorecord entitled "Comercial" in 1993.

9.    Comercial was sold and distributed in the Dominican Republic and Puerto Rico.

10.    Plaintiff Vasquez has properly registered words and music of the musical composition entitled "Nena Linda" ("Nena Linda") with the United States Copyright Office.

11.    Plaintiff Vasquez has complied in all respects with the registration and deposit requirements of the United States Copyright Act with respect to "Nena Linda".

12.    Plaintiff Vasquez has been issued United States

2

Certificate of Registration of Copyright PA 1-267-305 which includes the musical composition entitled "Nena Linda".

13. Plaintiff Vasquez did not grant any rights, title or interest in and to "Nena Linda" to Defendant Torres.

14. Plaintiff Vasquez did not grant any rights, title or interest to Defendant Torres to exploit or use "Nena Linda" or any portion thereof in any manner or by any means.

15. Plaintiff Vasquez did not grant any rights, title or interest in and to "Nena Linda" to Defendant Torres to administer "Nena Linda".

16. Plaintiff Vasquez did not grant any rights, title or interest to Defendant Torres to collect any money or royalties due to or resulting from the use and/or exploitation of "Nena Linda" or any portion thereof.

17. Plaintiff Vasquez did not grant any rights, title or interest to Defendant Torres to license or grant licenses or authorizations to third parties to use or exploit "Nena Linda" or any portion thereof.

18. Defendant Torres alleges that he composed a song entitled "Noche de Fiesta" in two pending actions in the United States District Court for the District of Puerto Rico entitled: <u>Fernando Torres-Negron v. Antonio L. Rivera-Lopez, et. al.</u>, 02 Civ. 1728 (HL) (D. Puerto Rico) ("2002 Action") and <u>Fernando Torres-Negron v. J&N Publishing, et. al.</u>, 05 Civ. 1216 (JAG) (D.

3

Puerto Rico) ("2005 Action") (collectively hereafter "Puerto Rican Actions").

19.   In the Puerto Rican Actions, Defendant Torres alleges that he copyrighted "Noche de Fiesta" on January 31, 2002 and was issued Copyright Certificate of Registration No. Pau 2-624-261 covering "Noche de Fiesta" ("Noche de Fiesta").

20.   The Copyright Certificate No. Pau 2-624-261 covering "Noche de Fiesta" lists Torres as the sole author of the words and music.

21.   Defendant Torres did not notify or advise the Copyright Office that the rhythm and music of "Noche de Fiesta" was based upon "Nena Linda" and that Torres did not have the authority, consent or permission of the author of "Nena Linda" to use any portion of "Nena Linda".

22.   In the Puerto Rican Actions, Defendant Torres seeks damages and equitable relief as alleged author and copyright owner of "Noche de Fiesta".

23.   During his oral deposition in the 2002 Action, Defendant Torres testified that prior to writing the words to "Noche de Fiesta", Ruben Canuelas, a neighbor, provided him with a cassette of a musical group of a recording of a musical composition ("Cassette") and that Ruben Canuelas told him to write the words that would carry the tune and the same rhythm of the song on the Cassette.

4

44.   Upon information and belief, Defendant Torres'
exploitation of "Noche de Fiesta" through ASCAP infringes upon
and violates Vasquez's rights as a copyright owner in and to
"Nena Linda".

45.   Upon information and belief, Defendant Torres'
settlements, including the releases contained therein, with
Universal, EMI and Sony, respectively, are and constitute
retroactive licenses to use and exploit "Noche de Fiesta".

46.   Upon information and belief, Defendant Torres'
settlements, including the releases contained therein, with
Universal, EMI and Sony, respectively, infringe and violate
Vasquez's rights as a copyright owner in and to "Nena Linda".

47.   Upon information and belief, Defendant Torres' Puerto
Rican Actions seeking to collect damages for copyright
infringement of "Noche de Fiesta" violate Vasquez's rights as a
copyright owner in and to "Nena Linda".

48.   Upon information and belief, all sums obtained or
received by or paid to Defendant Torres' based upon the use or
exploitation of "Noche de Fiesta" containing "Nena Linda"
infringe upon and violate Vasquez's rights as a copyright owner
in and to "Nena Linda".

49.   Prior to commencement of this action, Plaintiff Vasquez
has notified Defendants of his rights in "Nena Linda" and
provided Defendants with a copy of his United States copyright

8

registration covering "Nena Linda" and a copy of a recording containing "Nena Linda".

50.  After such notice, Defendant Torres has continued to infringe upon Vasquez's copyright in and to "Nena Linda".

51.  Upon information and belief, Defendant Torres's acts were and are intentional and willful acts of copyright infringement.

52.  As a result of the foregoing, Plaintiffs have suffered and will continue to suffer irreparable injury and damages.

53.  By reason of the foregoing, Plaintiffs are entitled to equitable relief and damages.


<u>Count II</u>


54.  Plaintiff Vasquez composed the words and music to a musical composition entitled "Nena Linda" in 1992.

55.  Plaintiff Vasquez has been issued United States Certificate of Registration of Copyright PA 1-267-305 which includes the musical composition entitled "Nena Linda".

56.  Plaintiff Vasquez did not grant any rights, title or interest in and to "Nena Linda" to Defendant Torres.

57.  After trial in the 2002 Action, by written decision dated May 24, 2006, Judge Hector Laffitte found that "*Noche de Fiesta* and *Nena Linda* have the same melody, tone, structure and

9

key of A minor and differ only in their wording and rhythm....
the similarities between the songs are comprehensive and are not
limited to certain portions or segments of the songs, but are
present throughout the entirety of the songs."

58.   After trial in the 2002 Action, by written decision
dated May 24, 2006, Judge Hector Laffitte found that Defendant
Torres' use of the music taken from "Nena Linda" authored by
Plaintiff Vasquez was without Plaintiff Vasquez's authorization
or consent.

59.   In 2005 and 2006, Defendant Torres entered into
settlement agreements with certain record companies relating to
his claims as copyright owner and author of the song entitled
"Noche de Fiesta" which was in issue in the 2002 Action and 2005
Action.

60.   In the 2002 Action, Defendant Torres asserted claims for
copyright infringement and moral rights violations against EMI-
Latin, an unincorporated division of Capitol Records, Inc.,
based upon the song entitled "Noche de Fiesta".

61.   Trial of the 2002 Action was scheduled for June 2005.

62.   In May 2005, EMI-Latin paid Defendant Torres $80,000 in
settlement and for release of his claims based upon "Noche de
Fiesta" in the 2002 Action.

63.   In the settlement agreement between Defendant Torres and
EMI Latin, Defendant Torres warranted and represented that he

10

owned all right, title and interest in and to the musical composition "Noche de Fiesta" and released his claims against EMI-Latin.

64.  In the 2002 Action Defendant Torres asserted claims for copyright infringement and moral rights violations against Sony Discos Inc. based upon exploitation of the songs entitled "Noche de Fiesta" and "Triste Final".

65.  In February 2006, before the commencement of a jury trial in the 2002 Action, Defendant Torres and Sony Discos Inc. entered into a written settlement agreement.

66.  In February 2006, Sony BMG Music Entertainment US Latin LLC, formerly known as Sony Discos Inc. ("Sony") paid Defendant Torres $55,000 in settlement and for release of his claims in the 2002 Action.

67.  In the settlement agreement between Defendant Torres and Sony, Defendant Torres warranted and represented that he was the sole author of "Noche de Fiesta" and released his claims against Sony.

68.  In May 2005, Universal Music & Video Distribution Corp. ("Universal") paid Defendant Torres $15,000 in settlement and for release of his claims in the 2002 Action and all claims concerning the recording entitled "Jomami: Merenhouse Mix" containing "Noche de Fiesta".

69.  In the settlement agreement between Defendant Torres and

11

Universal, Defendant Torres warranted and represented that he was the sole and lawful owner of all rights, titles and interests in "Noche de Fiesta" and released his claims against Universal.

70.   Defendant Torres has never paid Plaintiffs Vasquez or Campesino all or any portion of the money he received from ASCAP, Universal, EMI-Latin or Sony.

71.   By reason of the foregoing, Defendant Torres was unjustly enriched and Plaintiffs are entitled to damages.

WHEREFORE, Plaintiffs demand judgment against all Defendants jointly and severally as follows:

(a) Permanently enjoining Defendant Torres, his agents, representatives, servants, employees, attorneys, attorneys in fact and all persons and entities of any nature acting or purporting to act on their individual or collective behalf from infringing Plaintiff Vasquez's copyright in and to "Nena Linda" in any manner.

(b) Permanently enjoining Defendant Torres, his agents, representatives, servants, employees, attorneys, attorneys in fact and all persons and entities of any nature acting or purporting to act on their individual or collective behalf from instituting, maintaining, continuing and/or prosecuting any action or proceeding of any nature in any court and/or tribunal

12

to allege, assert, claim, defend and/or enforce any rights, title or interest in and to "Noche de Fiesta" in any manner.

(c)  Permanently enjoining Defendant Torres, his agents, representatives, servants, employees, attorneys, attorneys in fact and all persons and entities of any nature acting or purporting to act on his behalf from alleging, asserting and/or claiming credit or acknowledgment as author and/or composer of "Noche de Fiesta" in any manner.

(d) Awarding Plaintiffs the actual damages and all profits attributable to Defendants' infringements in "Nena Linda" pursuant to 17 U.S.C. §504(b).

(e) Awarding Plaintiffs statutory damages pursuant to 17 U.S.C. §504(c), including damages for wilful infringement, based upon Defendants' infringements of "Nena Linda".

(f) Ordering and directing Defendant Torres to account to Plaintiffs for all gains and profits derived by Defendants from the infringements of Plaintiff Vazquez's copyright in "Nena Linda".

(g) Ordering and directing Defendant Torres to account to Plaintiffs for all money, gains and profits obtained or paid to by Defendant Torres derived from or based on "Noche de Fiesta" containing all or any portion of "Nena Linda".

(h) Awarding Plaintiffs all money, gains and profits obtained or paid to Defendant Torres derived from or based on "Noche de

13

Fiesta" containing all or any portion of "Nena Linda".

(i) Awarding Plaintiffs a constructive trust on all money, gains and profits obtained or paid to Defendant Torres derived from or based upon "Noche de Fiesta" containing all or any portion of "Nena Linda".

(j) Awarding Plaintiffs damages for all of the unjust enrichment of Defendant Torres;

(k) Awarding punitive damages according to proof.

(l) Awarding the costs and disbursements of this action.

(m) Awarding attorney's fees.

(n) Awarding and granting such other and further relief as may be just and proper.

Dated: New York, New York

      April 18, 2008

                        Borstein & Sheinbaum
                        Attorneys For Plaintiffs

By:                              
                        James B. Sheinbaum (JS 0291)

                        420 Lexington Avenue
                        Suite 2920
                        New York, New York 10170
                        Tel. No. (212) 687-1600
                        Fax No. (212 687-1600

# Certificate of Service

I, James B. Sheinbaum, hereby certify that on April 18, 2008, I caused true and correct copies of Plaintiffs' Notice of Motion and Supporting Affidavit with Exhibits to be served by fax upon William R. Bennett, III, of Bennett, Giuliano, McDonnell & Perrone, LLP, attorneys for defendant Fernando Torres-Negron, Bennett, Guliano, McDonald & Perrone, LLP, 494 Eighth Avenue, 7th Floor, New York, New York 10018, at fax number (646) 328-0121.

Dated: New York, New York
      April 18, 2008

                              _____
                                 James B. Sheinbaum