UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
FELIPE ROBLES VASQUEZ p/k/a RALDY
VASQUEZ and CAMPESINO ENTERTAINMENT        06 Civ. 0619(CM)
GROUP, INC.,


                        Plaintiffs,


        -against-


FERNANDO TORRES NEGRON, et al.,

                    Defendants.
-----------------------------------X


**Plaintiffs' Memorandum Of Law In Support
Of Plaintiffs' Motion For The Court To Take
<u>Judicial Notice And For Leave To Amend The Complaint</u>**


                Borstein & Sheinbaum
                Attorneys For Plaintiffs
                420 Lexington Avenue
                    Suite 2920
                New York, New York 10170
                Tel. No. (212) 687-1600
                Fax No. (212) 687-8710

# TABLE OF CONTENTS

Page

Table of Contents........................ i

Table of Authorities..................... ii

Introduction ............................. 1

The Argument ............................. 1

    Point I:   The Court Should Take
            Judicial Notice Of The
            Requested Adjudicative
            Facts ........................ 1

    Point II: Plaintiffs Should Be
            Granted Leave To
            Amend The Complaint
            To Add A Count For
            Unjust Enrichment ............ 6

            A. The Standard For
               Leave To Amend
               The Complaint .......... 6

            B. The Basis For The
               Unjust Enrichment
               Claim ................. 8

    Conclusion ........................... 10

TABLE OF AUTHORITIES

Cases                                                          Page

Biggs v. Terhune,
    334 F.3d 910 (9th Cir. 2003) ..........................3

Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.,
    373 F.3d 296 (2d Cir. 2004) ..........................8

Church of Scientology Intern. v. Time Warner, Inc.,
    806 F.Supp. 1157 (S.D.N.Y. 1992) .....................3

City of Monroe Employees Ret. Sys. v. Bridgestone Corp.,
    399 F.3d 651 (6th Cir. 2005) .........................5

Colonial Penn Ins. Co. v. Coil,
    887 F.2d 1236 (4th Cir. 1989).........................2

Copyright.Net Music Publishing LLC v. MP3.Com,
    20003 WL 740757 (S.D.N.Y. March 4, 2003) .............8

Foman v. Davis,
    371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ......7

Green v. Warden, U.S. Penitentiary,
    699 F.2d 364 (7th Cir. 1983) .........................3

E.I. Du Pont de Nemours & Co. v. Cullen,
    791 F.2d 5 (1st Cir.1986) ............................2

In re Wellbutrin SR/Zyban Antitrust Litig.,
    281 F.Supp.2d 751 (E.D.Pa. 2003) .....................5

Island Software and Computer Service, Inc. v. Microsoft Corp.,
    413 F.3d 257 (2d Cir. 2005) ..........................4

Kavowras v. New York Times Co,
    328 F.3d 50 (2nd Cir. 2003) ..........................2

Levy v. Ohl,
    477 F.3d 988 (8th Cir. 2007)..........................3

McLaughlin v. Volkswagen of America, Inc.,
   2000 WL 1793071 (E.D.Pa. Dec. 6, 2000) ...............5

Ortiz v. Commonwealth of Puerto Rico,
   122 D.P.R. 817, 1988 WL 580737, 1988 P.R.-Eng. 580,
   22 P.R. Offic. Trans. 774
   (Sup.Ct. Puerto Rico Dec. 2, 1988) ..................10

O'Toole v. Northrop Grumman Corp.,
   499 F.3d 1218 (10th Cir. 2007) .......................5

Schaffer v. Clinton,
   240 F.3d 878 (10th Cir. 2001) ........................5

Sperry v. Crompton, Corp.,
   8 N.Y.2d 204, 831 N.Y.S.2d 760,
   863 N.E.2d 1012 (2007) ...............................9

St. Louis Baptist Temple, Inc. v. FDIC,
   605 F.2d 1169 (10th Cir. 1979) .......................4

Wible v. Aetna Life Ins. Co.,
   375 F.Supp.2d 956 (C.D. Cal. 2005) ...................5


   Statutes

17 U.S.C. §205(c)........................................4

17 U.S.C. §301(a)........................................8

Civil Code of Puerto Rico
   31 L.P.R.A. §7; P.R. St. T. 31 §7 ...................10

   Rules

Fed.R.Civ.P. 15.........................................6

Fed.R.Evid. 201.........................................1

### Introduction

Plaintiffs move for an order: (a) pursuant Fed.R.Evid. 201(d) taking judicial notice of certain adjudicative facts, (b) pursuant to Fed.R.Civ.P. 15(a)(2) granting Plaintiffs leave to amend the Complaint in this action to include a count for unjust enrichment and (c) for such other and further relief as may be just and proper.

As explained hereafter, the Court should take judicial notice of the requested adjudicative facts and should permit Plaintiffs to amend the complaint to include a count for unjust enrichment especially because the facts are not disputed.

### The Argument:

### Point I
### The Court Should Take Judicial Notice
### Of The Requested Adjudicative Facts

Plaintiffs request that this Court take judicial notice of certain court filings, public records and a website. Pl. Aff.[1] Rule 201 of the Federal Rules of Evidence governs judicial notice in this instance. In pertinent part, Rule 201 provides:

> Rule 201. Judicial Notice of
> Adjudicative Facts

---

[1] "Pl. Aff." as used in this Memorandum refers to the affidavit of James B. Sheinbaum submitted in support of Plaintiff's Motion and the exhibits attached thereto.

"Ex.  " refers to the exhibits attached to the Pl. Aff.

1

(b) Kinds of facts. A judicially noticed
fact must be one not subject to
reasonable dispute in that it is either
(1) generally known within the
territorial jurisdiction of the trial
court or (2) capable of accurate and
ready determination by resort to sources
whose accuracy cannot reasonably be
questioned.

(c) When discretionary. A court may take
judicial notice, whether requested or not.

(d) When mandatory. A court shall
take judicial notice if requested
by a party and supplied with the
necessary information....

(f) Time of taking notice. Judicial
notice may be taken at any stage of
the proceeding.

Plaintiffs request judicial notice be taken of court records
involving Defendant's litigation over his rights to the song
"Noche de Fiesta" and his infringement of Plaintiff Vasquez's
musical composition "Nena Linda". Pl. Aff. at ¶3.

Courts routinely take judicial notice of court records.
E.g., E.I. Du Pont de Nemours & Co. v. Cullen, 791 F.2d 5, 7 (1st
Cir.1986)(taking judicial notice of complaint in state court
action the authenticity of which was not contested); Kavowras v.
New York Times Co, 328 F.3d 50, 55 (2nd Cir. 2003)("Judicial
notice may be taken of public filings" and applying the rule to
take notice of NLRB decisions); Colonial Penn Ins. Co. v. Coil,
887 F.2d 1236, 1239 (4th Cir. 1989)(Taking notice of guilty pleas

2

stating "We note that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records."); Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir. 1983)(taking judicial notice of numerous suits filed by Plaintiff and applying the rule "Among these matters of which a court may take judicial notice are its own court documents and records... Furthermore, federal courts may also take notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue...."); Levy v. Ohl, 477 F.3d 988, 991-92 (8th Cir. 2007)(court properly took judicial notice of and relied upon state court dismissal in deciding motion to dismiss); Biggs v. Terhune, 334 F.3d 910, 915, fn. 3 (9th Cir. 2003) ("Under Federal Rule of Evidence 201, this court grants the Appellant's motion to take judicial notice of the transcript of Biggs' hearing before the Board of Prison Terms.  Materials from a proceeding in another tribunal are appropriate for judicial notice...."); Church of Scientology Intern. v. Time Warner, Inc., 806 F.Supp. 1157, 1159 at fn. 2 (S.D.N.Y. 1992) ("The Court properly may take judicial notice of reported decisions dealing with various Scientology organizations.").  In this case, judicial notice of the requested documents is particularly appropriate because the court records in issue are relevant to the claims.  Dk. Nos. 1; 37; 38; 41; 50.

In addition, Plaintiffs request the Court to take judicial notice of certain filings in this action. Pl. Aff. at ¶3. Such records are properly judicially noticed by this Court. E.g., St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)(affirming district court's judicial notice of filed documents applying the rule that "...a court may consider stipulations, concessions of counsel, transcripts, exhibits and other papers...take judicial notice, whether requested or not of its own records and files, and facts which are part of its public records...").

Plaintiffs further request the Court to take judicial notice of filings and the absence of the filings in the United States Copyright Office as demonstrated by the Copyright Office Website. Pl. Aff. at ¶3; Ex. A. With respect to Defendant's filed copyright registration, 17 U.S.C. §205(c) provides in pertinent part, "Recordation of a document in the Copyright Office gives all persons constructive notice of the facts stated in the recorded document." Thus, judicial notice of Defendant's copyright registration as published in the Copyright Office is appropriate and should be taken. See Island Software and Computer Service, Inc. v. Microsoft Corp., 413 F.3d 257, 261(2d Cir. 2005)("The district court was entitled to take judicial notice of Microsoft's federal copyright registrations, as published in the Copyright Office's registry.").

4

In addition, judicial notice of the Copyright Office's website showing the status of Defendant's copyright in "Noche de Fiesta" as currently registered copyrights is appropriate.  Pl. Aff. ¶3; Ex. A.   See <u>City of Monroe Employees Ret. Sys. v. Bridgestone Corp.</u>, 399 F.3d 651, 655 n. 1 (6th Cir. 2005)(judicial notice of a term defined on the website of the NASD); <u>O'Toole v. Northrop Grumman Corp.</u>, 499 F.3d 1218, 1225(10th Cir. 2007)("It is not uncommon for courts to take judicial notice of factual information found on the world wide web. ... Under the circumstances of this case, we conclude the district court abused its discretion by failing to take judicial notice of the actual earnings history provided by Northrop Grumman on the internet as required by Rule 201(d)."); <u>Schaffer v. Clinton</u>, 240 F.3d 878, 885 n. 8 (10th Cir. 2001)(judicial notice of political reference almanac concerning percentage of vote won by a candidate and citing to the almanac's website); <u>Wible v. Aetna Life Ins. Co.</u>, 375 F.Supp.2d 956, 965 (C.D. Cal. 2005)(judicial notice of Amazon web page for book and page of web site of American Academy of Allergy Asthma & Allergy Asthma & Immunology and rejecting objections based on hearsay and lack of authentication or verification); <u>In re Wellbutrin SR/Zyban Antitrust Litig.</u>, 281 F.Supp.2d 751, 745 n. 2 (E.D.Pa. 2003)(judicial notice of FDA report posted on the official FDA website); <u>McLaughlin v. Volkswagen of America, Inc.</u>, 2000 WL

5

1793071 at *3, fn. 3 (E.D.Pa. Dec. 6, 2000)(judicial notice of NHTSA website concerning voluntary recall of vehicles in question in deciding motion to dismiss complaint).

Accordingly, the Court should take judicial notice as requested by Plaintiffs.

<u>Point II</u>

Plaintiffs Should Be Granted
Leave To Amend The Complaint
<u>To Add A Count For Unjust Enrichment</u>

Plaintiffs request leave to amend the Complaint to add a count for unjust enrichment. In this instance, the facts underlying the unjust enrichment and the total amount that Defendant was paid are not disputed. Pl. Aff. at Ex. F at ¶¶ 39-50; Dk. No. 37 at ¶¶ 39-50.

A.   The Standard For Leave
     <u>To Amend The Complaint</u>

Fed.R.Civ.P. 15 governs amendments to pleadings. Rule 15(a)(2) governs the requested amendment in issue. In pertinent part, that Rule provides:

> (a) Amendments Before Trial
>        *     *     *
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

6

In deciding whether to grant leave to amend a pleading, the United States Supreme Court has stated:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded..... If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962)(internal quotation marks omitted).

Applying the above rules to this case, Plaintiffs' request to amend the Complaint to include a claim for unjust enrichment should be granted.

All of the facts concerning the alleged unjust enrichment have been stipulated to in the Joint Pretrial Order (Dk. No. 37 at ¶¶ 39-50), admitted in the Answer (Dk. No. 22), are contained in Defendant's publicly filed pleadings and in admitted

settlement agreements which have been filed under seal in this
case (Dk. No. 41 opposition summary judgment exhibits).[2]

B.   The Basis For The
     Unjust Enrichment Claim

     The Complaint alleged as one of the grounds for
infringement Defendant made and was paid under settlements with
record companies based upon a song "Noche de Fiesta" unlawfully
using Plaintiff Vasquez's music from "Nena Linda".  Dk. No. 1 at
¶¶ 38, 48, 53.  Plaintiffs maintain that the settlement
agreements were unauthorized retroactive licenses, i.e.,
retroactive authorizations to exploit "Noche de Fiesta"
containing the music of "Nena Linda" and therefore were acts of
copyright infringement.  Id.  See See Copyright.Net Music
Publishing LLC v. MP3.Com, 20003 WL 740757 at *1 (S.D.N.Y. March
4, 2003)(a release of prior infringement claims was a
"retroactive license").  Generally, unjust enrichment claims are
preempted by Copyright Act 17 U.S.C. §301(a).  See Briarpatch
Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 304-308(2d
Cir. 2004) (discussing principles applicable to preemption and
finding that claim of unjust enrichment was preempted by the

_____

[2]
     Thus, any claim of prejudice would not be meritorious.  If
Defendant argues that the amendment is too late, he should
remember that his appeal of Judge Laffitte's decision upon which
Judge McMahon relied in finding copyright infringement remained
open until just recently.  Pl. Aff. Ex. D at 2; Dk. No. 50.

Copyright Act).  Thus, initially, Plaintiffs did not plead a claim for unjust enrichment.  Dk. No. 1.

However, in July 2007, Judge McMahon disagreed and held that that the claims based upon the settlement agreements did not state claims for copyright infringement and she dismissed this portion of the claim.  Dk. Nos. 50; 51.

Thus, after Judge McMahon's partial dismissal, Plaintiffs are now left with seeking a remedy for Defendant's undisputed unjust enrichment based upon Defendants settlements with record companies based on Plaintiff Vasquez's music from his "Nena Linda".  Dk. No. 37 at ¶¶ 39-50.  If Plaintiffs' claim based upon the settlement agreements is not a copyright infringement, their claim for unjust enrichment is not now preempted and may be maintained as a common law state claim for unjust enrichment.

Under New York law,

> It is well settled that "[t]he essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered."

Sperry v. Crompton, Corp., 8 N.Y.2d 204, 215, 831 N.Y.S.2d 760, 766, 863 N.E.2d 1012, 1018 (2007).  In addition, "a plaintiff need not be in privity with the defendant to state a claim for

9

unjust enrichment." Id.[3]

In this case, based upon the Stipulated Facts in the Joint Pretrial Order, the settlement agreements in issue and the decisions of Judges Laffitte and McMahon that "Noche de Fiesta" was an unauthorized derivative of Plaintiff Vasquez's "Nena Linda", there is no genuine dispute that Defendant was unjustly enriched by claiming in the settlement agreements to be the sole author and owner of "Noche de Fiesta" which included the music of "Nena Linda" and being paid $150,000 without compensating Plaintiffs.  Dk. Nos. 37 at ¶¶ 39-50; 41 at Exhibits; 50. Therefore, Plaintiffs claim that Defendant was unjustly enriched has been established and an amendment would permit Plaintiffs to recover for Defendant's undisputed unjust enrichment.

## Conclusion

Plaintiffs' motion requesting judicial notice of certain documents and facts and for leave to amend the Complaint should be granted.

---

[3]

 Defendant may argue that Puerto Rican law applies to this claim.  By statute, 31 L.P.R.A. §7; P.R. St. T. 31 §7 of the Civil Code of Puerto Rico, Puerto Rico incorporates equitable principles in the absence of an express statute governing the claim.  See Ortiz v. Commonwealth of Puerto Rico, 122 D.P.R. 817, 1988 WL 580737, 1988 P.R.-Eng. 580,737, 22 P.R. Offic. Trans. 774 (Sup.Ct. Puerto Rico Dec. 2, 1988) (the doctrine of unjust enrichment "is not directly regulated by the Civil Code" and discussing doctrine under Puerto Rican law).

Dated: New York, New York

   April 18, 2008

         Borstein & Sheinbaum
         Attorneys For Plaintiffs

     By: _____
         James B. Sheinbaum (JS 0291)

         420 Lexington Avenue
         Suite 2920
         New York, New York 10170
         Tel. No. (212) 687-1600
         Fax No. (212) 687-8710

11

# Certificate of Service

I, James B. Sheinbaum, hereby certify that on April 18, 2008, I caused true and correct copies of Plaintiffs' Memorandum Of Law In Support of Plaintiffs' Motion For The Court To Take Judicial Notice And For Leave To Amend The Complaint, to be served by fax upon William R. Bennett, III, of Bennett, Giuliano, McDonnell & Perrone, LLP, attorneys for defendant Fernando Torres-Negron, Bennett, Guliano, McDonald & Perrone, LLP, 494 Eighth Avenue, 7th Floor, New York, New York 10018, at fax number (646) 328-0121.


Dated: New York, New York
       April 18, 2008

James B. Sheinbaum